**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**PETER JOHN MACIAS,**

**Plaintiffs**

**v.** **1:25-cv-00166-MIS-SCY**

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF CURRY, d/b/a**
**CURRY COUNTY DETENTION CENTER**
**&**
**CURRY COUNTY**
**&**
**WARDEN MARK GALLEGOS,**
**&**
**LIEUTENANT CORDOVA,**
**&**
**CAPTAIN CHRISTOPHER MORENO,**
**&**
**LIEUTENANT TABER STANFIELD,**
**&**
**ROADRUNNER HEALTH SERVICES, LLC**
**& DOES 1-50,**

**Defendants.**

**ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES UNDER THE NEW MEXICO CIVIL RIGHTS ACT, THE NEW MEXICO CONSTITUTION, & THE UNITED STATES CONSTITUTION & FOR NEGLIGENCE/PUNITIVE CONDUCT**

COMES NOW, Defendant Board of County Commissioners of the County of Curry, d/b/a Curry County Detention Center, a/k/a Curry County, hereafter ("County Defendant"), by and through its counsel of record, the Law Office of Jonlyn M. Martinez, LLC, and respectfully answers the Plaintiff's "Third Amended Complaint For Damages Under The New Mexico Civil Rights Act, The New Mexico Constitution, & the United States Constitution & For Negligence/Punitive Conduct" (hereafter "Plaintiff's Complaint") as follows:

## ANSWER TO JURISDICTION AND VENUE

The County Defendant acknowledges that the Plaintiff has set forth the nature of his claims in this section to establish jurisdiction and venue. However, the County Defendant denies that the Plaintiff has any meritorious claims against it under any theory of liability.

## ANSWER TO PARTIES

1. With respect to the allegations contained in paragraph 1 of the Plaintiff's Complaint, the County Defendant admits that Peter Macias is the Plaintiff and that he was previously incarcerated at the Curry County Detention Center. The County Defendant denies the remaining allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. The allegations contained in paragraphs 2, 3 and 4 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

3. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 5 of the Plaintiff's Complaint, and therefore, denies same.

4. The County Defendant denies the allegations contained in paragraphs 6, 7, 8, and 9 of the Plaintiff's Complaint.

## ANSWER TO FACTUAL BACKGROUND

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

5. The County Defendant denies the allegations contained in paragraphs 10 and 11 of the Plaintiff's Complaint.

6. The County Defendant is without sufficient information with which to form a

belief as to the truth of the allegations contained in paragraph 12 of the Plaintiff's Complaint, and therefore, denies same.

7. The County Defendant denies the allegations contained in paragraphs 13, 14 and 15 of the Plaintiff's Complaint.

8. With respect to the allegations contained in paragraph 16 of the Plaintiff's Complaint, the County Defendant states that any agreements it has entered into with Roadrunner speaks for themselves. To the extent the Plaintiff has misrepresented the terms of any such agreement, the County Defendant denies same.

9. The allegations contained in paragraph 17 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

10. The County Defendant denies the allegations contained in paragraphs 18, 19 and 20 of the Plaintiff's Complaint.

11. The allegations contained in paragraph 21 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

12. The County Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

13. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 23 and 24 of the Plaintiff's Complaint, and therefore, denies same.

14. The County Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

15. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 26 of the Plaintiff's Complaint, and therefore, denies same.

16. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 27 and 28 of the Plaintiff's Complaint, and therefore, denies same.

17. The County Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

18. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 30 of the Plaintiff's Complaint, and therefore, denies same.

19. The County Defendant denies the allegations contained in paragraphs 31, 32 and 33 of the Plaintiff's Complaint.

20. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 34 of the Plaintiff's Complaint, and therefore, denies same.

21. The County Defendant denies the allegations contained in paragraphs 35, 36, 37, and 38 of the Plaintiff's Complaint.

22. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 39 of the Plaintiff's Complaint, and therefore, denies same.

23. The County Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

24. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 41, 42, 43, 44, 45, 46 and 47 of the Plaintiff's Complaint, and therefore, denies same.

25. The County Defendant denies the allegations contained in paragraph 48 of the Plaintiff's Complaint.

26. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 49 of the Plaintiff's Complaint, and therefore, denies same.

27. The County Defendant denies the allegations contained in paragraphs 50 and 51 of the Plaintiff's Complaint.

28. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 52 and 53 of the Plaintiff's Complaint, and therefore, denies same.

29. With respect to the allegations contained in paragraph 54 of the Plaintiff's Complaint, the County Defendant admit that the Plaintiff submitted sick call requests during his incarceration. The County Defendant denies the remaining allegations contained in paragraph 54 of the Plaintiff's Complaint.

30. The County Defendant denies the allegations contained in paragraph 55 of the Plaintiff's Complaint.

31. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 56 of the Plaintiff's Complaint, and therefore, denies same.

32. The County Defendant denies the allegations contained in paragraphs 57, 58, 59, and 60 of the Plaintiff's Complaint.

33. The County Defendant denies the allegations contained in paragraph 61 of the Plaintiff's Complaint.

34. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 62 of the Plaintiff's Complaint, and therefore, denies same.

35. The County Defendant denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

**ANSWER TO COUNT I**
**Violation of New Mexico Constitution – Article II, Section 13**
***Denial of Medical Care***
**(against Public Body Defendants Roadrunner and Does 1-50)**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

36. The allegations contained in paragraphs 64, 65, 66, 67, 68 and 69 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

37. The County Defendant denies the allegations contained in paragraphs 70, 71, 72, and 73 of the Plaintiff's Complaint.

**ANSWER TO COUNT II**
**Violation of New Mexico Constitution – Article II, Section 13**
***Excessive Force***
**(against Public Body Defendants and Does 1-50)**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

38. The County Defendant denies the allegations contained in paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84 and 85 of the Plaintiff's Complaint.

**ANSWER TO COUNT III**
**Denial of Due Process**
**(Article II, Section 18)**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

39. The County Defendant denies the allegations contained in paragraphs 86, 87, 88, 89, 90 and 91 of the Plaintiff's Complaint.

**ANSWER TO COUNT IV**
**Violation of the New Mexico Civil Rights Act**
**NMSA 1978, § 41-4A-1 et seq.**
**(against all Public Body Defendants, Roadrunner and Does 1-50)**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

40. The allegations contained in paragraphs 92 and 93 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

41. The County Defendant denies the allegations contained in paragraph 94 of the Plaintiff's Complaint.

42. The allegations contained in paragraph 95 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

43. The County Defendant denies the allegations contained in paragraph 96 of the Plaintiff's Complaint.

**ANSWER TO COUNT V**
**EIGHTH AMENDMENT CLAIM, SECTION 1983**
**EXCESSIVE FORCE/INHUMANE TREATMENT (cruel & unusual punishment)**
**(against all Public Body Defendants, all CCDC employees, and Does 1-50)**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

44. With respect to the allegations contained in paragraph 97 of the Plaintiff's Complaint, the County Defendant acknowledges that the Plaintiff has brought claims against it for constitutional violations. The County Defendant denies that the Plaintiff has any meritorious claims against it under any theory of liability.

45. With respect to the allegations contained in paragraph 98 of the Plaintiff's Complaint, the County Defendant admits that this Court has jurisdiction over the Plaintiff's federal claims and denies the remaining allegations contained in paragraph 98 of the Plaintiff's Complaint.

46. The allegations contained in paragraph 99 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

47. The County Defendant denies the allegations contained in paragraphs 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110 and 111 of the Plaintiff's Complaint.

48. The allegations contained in paragraph 112 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

49. The County Defendant denies the allegations contained in paragraphs 113, 114, 115 and 116 of the Plaintiff's Complaint.

50. With respect to the allegations contained in paragraph 117 of the Plaintiff's Complaint, the County Defendant acknowledges that the Plaintiff has brought claims for punitive damages. The County Defendant denies that the Plaintiff is entitled to damages of any kind.

**ANSWER TO COUNT IV (*sic*)**
**EIGHTH AMENDMENT CLAIM, SECTION 1983**
(Deliberate Indifference to Medical Needs)
(against all Public Body Defendants, Roadrunner, all CCDC Employees, and Does 1-50 in their Individual Capacities)

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

51. The allegations contained in paragraphs 118 and 119 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

52. The County Defendant denies the allegations contained in paragraphs 120, 121 and 122 of the Plaintiff's Complaint.

53. The allegations contained in paragraph 123 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

54. The County Defendant denies the allegations contained in paragraphs 124 and 125 of the Plaintiff's Complaint.

55. The allegations contained in paragraph 126 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

56. The County Defendant denies the allegations contained in paragraphs 127, 128 and 129 of the Plaintiff's Complaint.

**ANSWER TO COUNT V (*sic*)**
**Municipal Liability (Monell Claim)**
(against Curry County Board of Commissioners, D/B/A CCDC, and Curry County)

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

57. The allegations contained in paragraph 130 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

58. The County Defendant denies the allegations contained in paragraphs 131, 132, 133, 134, 135, 136, 137 and 138 of the Plaintiff's Complaint.

**ANSWER TO COUNT VI (*sic*)**
**Tortious Conduct by Law Enforcement Officers – NMSA 1978, § 41-4-12**
(against Gallegos, Cordova, Moreno and Stanfield & Does 1-50)

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

59. The County Defendant denies the allegations contained in paragraphs 139, 140, 141, 142, 143 and 144 of the Plaintiff's Complaint.

**ANSWER TO COUNT VIII (*sic*)**
**NEGLIGENT HIRING & TRAINING**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

60. The allegations contained in paragraph 145 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

61. The County Defendant denies the allegations contained in paragraphs 146, 147, 148 and 149 of the Plaintiff's Complaint.

**ANSWER TO COUNT IX (*sic*)**
**State Law Claim for Medical Negligence and Treatment**
(against Roadrunner and Does 1-50)

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

62. The allegations contained in paragraph 150 and 151 of the Plaintiff's Complaint call for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, the County Defendant denies same.

63. The County Defendant is without sufficient information with which to form a belief as to the truth of the allegations contained in paragraphs 152, 153, 154, 155 and 156 of the Plaintiff's Complaint, and therefore, denies same.

**ANSWER TO COUNT X (*sic*)**
**DAMAGES**

The County Defendant incorporates and adopts by reference all of its admissions and denials to the previous paragraphs, as stated above, as though fully set forth herein.

64. With respect to the allegations contained in paragraph 157 and its subparts, of the Plaintiff's Complaint, the County Defendant denies that the Plaintiff is entitled to damages of any kind.

**ANSWER TO COUNT XI (*sic*)**
**JURY DEMAND**

65. With respect to the allegations contained in paragraph 158 of the Plaintiff's Complaint, the County Defendant acknowledges that the Plaintiff has demanded a trial by jury.

**ANSWER TO COUNT XII (*sic*)**
**PRAYER FOR RELIEF**

66. The County Defendant denies that the Plaintiff is entitled to the damages listed in this Count of the Plaintiff's Complaint.

**JURY DEMAND**

The County Defendant demands a trial by a jury of all claims so triable.

**GENERAL DENIAL**

The County Defendant denies each and every allegation of the Plaintiff's Complaint not specifically admitted above, including but not limited to any substantive allegations or claims for relief contained in Plaintiff's introductory language and request for relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to states a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in whole, or in part, by the Plaintiff's failure to exhaust his administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

All actions of the County Defendant were done in good faith and without malice, were justified, were objectively reasonable, lawful, and necessary under the circumstances, and were not taken with any deliberate indifference to Plaintiff's rights.

**FOURTH AFFIRMATIVE DEFENSE**

The acts or omissions of persons other than the County Defendant constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

The County Defendant's agents' or employees' purported actions and alleged omissions do not rise to the level of any deprivation of Plaintiff's rights.

**SIXTH AFFIRMATIVE DEFENSE**

The County Defendant's employees are entitled to qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the Plaintiff's failure to comply with the express terms of the New Mexico Tort Claims Act.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or reduced by the doctrine of comparative fault.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or reduced by the New Mexico Civil Rights Act.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or reduced by the doctrine of absolute immunity.

**TENTH AFFIRMATIVE DEFENSE**

The County Defendant reserves the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserve the right to amend their answer to include such defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, the County Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice; award the County Defendant its costs and attorneys' fees incurred herein; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
JONLYN M. MARTINEZ
Attorneys for County Defendant
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488

I HEREBY CERTIFY that a true copy of the foregoing Answer was sent via CM/ECF to all counsel of record on January 29, 2026:

*/s/ Jonlyn M. Martinez*
Jonlyn M. Martinez