**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


PETER JOHN MACIAS,

      Plaintiff,

vs.                                       Civ. No. 25-166 MIS/CY

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CURRY, d/b/a
CURRY COUNTY DETENTION CENTER;
CURRY COUNTY; WARDEN MARK
GALLEGOS; LIEUTENANT CORDOVA;
CAPTAIN CHRISTOPHER STANFIELD;
ROADRUNNER HEALTH SERVICE, LLC;
and DOES 1-50,

      Defendants.

<u>**ORDER GRANTING MOTION TO WITHDRAW
AND MOTION TO STAY**</u>

This matter is before the Court on the Motion to Withdraw as Counsel, filed February 23, 2026 (Doc. 52), and Motion to Stay Proceedings, filed February 27, 2026 (Doc. 53). The Court will address each in turn.

1. **Motion to Withdraw**

Plaintiff's counsel, Felipe Downey, moves to withdraw as counsel for Plaintiff Peter Macias because "[i]rreconcilable differences have arisen between counsel and client regarding the representation" and "[t]he attorney-client relationship has deteriorated to the point that continued representation is no longer feasible." Doc. 52 at 2. The motion is unopposed by Defendants but does not state whether Plaintiff himself opposes the withdrawal. However, the motion states that "Counsel has provided written notice to the client of counsel's intent to withdraw," and that "[t]he client has been advised of: This motion[;] The right to object[;] The obligation to comply with Court deadlines[;] The obligation to retain substitute counsel if

required." Doc. 52 at 3.

This District's Local Rules provide that when a motion to withdraw is contested, "[t]he attorney must file and serve on all parties, including the client, a motion to withdraw." D.N.M. L.R.-Civ. 83.8(b). The attorney must also "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." *Id.* Here, Plaintiff, Mr. Macias, failed to file objections to the motion and the time to do so has expired.

Given Plaintiff's failure to object to the motion to withdraw, and given the explanation contained in the motion, the Court grants the motion to withdraw.

## 2. Motion to Stay

Along with the motion to withdraw, Plaintiff's counsel filed a motion to stay proceedings, seeking a 30-day stay "to allow plaintiff the chance to attempt to locate new counsel and/or to give serious thought if he wishes to move this case forward pro se." Doc. 53 at 1-2. Additionally, Plaintiff's counsel notes that Plaintiff recently filed a third amended complaint, adding a new defendant, such that the parties will likely need an extension of the case management deadlines to in order conduct discovery with the new party. *Id.* at 2. Defendant Board of County Commissioners of the County of Curry ("County Defendant") does not oppose a 30 day stay—until March 29, 2026— and does not oppose an extension of case management deadlines, but does oppose a stay past March 29.

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants");

*Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). Whether to issue a stay is a balancing test within the district court's discretion, assessing a party's interest in a stay against the harm of a stay. *Clinton v. Jones*, 520 U.S. 681, 706-08 (1997).

The County Defendant opposes a stay longer than 30 days because Plaintiff has failed to serve his third amended complaint (filed January 9, 2026) on all Defendants and the County Defendant intends to file a motion to dismiss if it is not served by April 9, 2026. Doc. 58 at 2. However, at the start of the case, Plaintiff was proceeding pro se and was granted leave to proceed in forma pauperis. Doc. 6. Because Plaintiff is proceeding in forma pauperis, and now that Plaintiff's counsel has been allowed to withdraw, "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]"). 28 U.S.C. § 1915(d).

Given the withdraw of Plaintiff's counsel, the Court finds a limited stay of 30 days is appropriate. However, instead of staying the matter for 30 days from the date the motion to stay was filed—i.e., until March 29, 2026—the Court finds it appropriate to stay this matter until 30 days from the entry of this Order, as this Order effectuates the withdraw of Plaintiff's counsel. Further, the Court already has a status conference set for April 21, 2026 (slightly over 30 days from today). Accordingly, in the interest of judicial economy, the Court stays this case, including the case management deadlines contained in the scheduling order (Doc. 37) and the deadline to respond to the motion for summary judgment (Doc. 55), until April 21, 2026.

**IT IS THEREFORE ORDERED** as follows:

- The Motion to Withdraw as Counsel (Doc. 52) is GRANTED. Counsel for Plaintiff, Felipe Downey, is withdrawn from the case;

- The Clerk's Office shall update the address of record for Plaintiff Peter Macias:

652 Vancouver Rd SE
Apt C
Rio Rancho, NM 87124
(575)-271-7715
Petermacias66@gmail.com

- The Clerk's Office shall mail Mr. Macias a copy of this Order and shall email[1] him a copy of this Order, the Guide for Pro Se Litigants, and Local Rules of the United States District Court, District of New Mexico;

- The Motion to Stay Proceedings (Doc. 53) is GRANTED. This case and all deadlines, including the case management deadlines contained in the scheduling order (Doc. 37) and the deadline to respond to the motion for summary judgment (Doc. 55), are STAYED until April 21, 2026;

- The Court will hold a telephonic status conference on Tuesday, April 21, 2026, at 9:30 a.m. The parties, including Mr. Macias proceeding pro se or through new counsel, are to call Judge Yarbrough's WebEx Conference line at (855) 244-8681 [Access Code 2306 150 0346] to connect to the proceedings. When prompted for an Attendee ID number, press #. There may be a short wait before you are prompted for the Attendee ID number.

---

[1] At the start of the case, Mr. Macias was proceeding pro se and elected to receive notice by email. Doc. 2. If that is no longer the case, Mr. Macias should submit a new CM/ECF Pro Se Notification Form.

If you encounter technical difficulties, please hang up and redial or call Judge

Yarbrough's chambers at (505) 348-2270;

- At the status conference, the Court shall discuss: resetting case management deadlines;

  resetting the deadline to respond to the motion for summary judgment (Doc. 55); and

  service on the remaining Defendants.

_____

Steven C. Yarbrough
United States Magistrate Judge

5