## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PETER JOHN MACIAS,

     Plaintiff,

v.                                                                Civ. No. 25-166 MIS/SCY

CURRY COUNTY et al.

     Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION

Plaintiff timely seeks an extension of time to serve the additional Defendants named in his third amended complaint. Doc. 69. Because Plaintiff proceeds *in forma pauperis*, officers of the Court must serve Defendants with process pursuant to 28 U.S.C. § 1915(d). For the reasons below, the Court grants Plaintiff's request as it is unopposed and for good cause.

### BACKGROUND

On January 9, 2026, Plaintiff—still represented by counsel—filed his third amended complaint, adding several Defendants. Doc. 49. On February 26, 2026, counsel filed his motion to withdraw. Doc. 52. One day later, counsel filed an "Ex Parte Motion to Stay Proceedings," seeking a thirty-day stay so Plaintiff could obtain new counsel or proceed pro se. Doc. 53 at 1-2.

The Court granted counsel's motion to withdraw and motion to stay on March 18, 2026, staying the matter until April 21, 2026, when the parties had a previously scheduled status conference. Docs. 59, 46. At the status conference on April 21, the Court discussed resetting scheduling deadlines with the parties, given the addition of the new Defendants. Doc. 67. Because Plaintiff had advised of an upcoming medical procedure (Doc. 64), the Court set a deadline of May 22, 2026, for Plaintiff to move to extend the service deadline on the new Defendants. Doc. 67. Plaintiff thereafter timely filed his motion to extend. Doc. 69.

**DISCUSSION**

The Court grants Plaintiff's motion to extend the service deadline for the newly added Defendants. First, the motion is unopposed. Under D.N.M.LR-Civ. 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Because Defendants file no response, and their time to do so has expired, Plaintiff's motion is deemed unopposed.

Second, Plaintiff demonstrates good cause for an extension. Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may extend a deadline for good cause if the request is made before the original deadline or any previously granted extension expires. Moreover, "an application for extension of time under Rule 6(b)(1)(A) [] will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright & Miller, 4B FEDERAL PRACTICE & PROCEDURE § 1165 (4th ed.).

The record reflects that Plaintiff timely informed the Court and Defendants that he had an ongoing serious medical condition and a surgery scheduled for April 23, 2026, and requested reasonable accommodation within the service period for the operative complaint. Doc. 61. Although service on the newly added Defendants was originally due by April 9, 2026, Plaintiff's counsel sought withdrawal in February, creating additional complications. After this Court granted counsel's request to withdraw, Plaintiff notified the Court six days later of his medical condition and upcoming surgery, still within the service period. At that time, the Court also stayed the case until April 21, 2026, and permitted Plaintiff to file a motion to extend the service deadline by May 22, 2026, which he timely did. Doc. 69. Accordingly, Plaintiff consistently communicated with the Court and Defendants regarding the circumstances that prevented timely service.

**CONCLUSION**

Because Plaintiff timely sought relief, has shown good cause, and there is no indication of bad faith or prejudice, the Court GRANTS Plaintiff's Motion to Extend Time for Service (Doc. 69).

Additionally, because Plaintiff is proceeding *in forma pauperis*, the Court shall serve the unserved Defendants. In order to affect service, by **Thursday, July 9, 2026**, Plaintiff shall provide to the Court the service addresses for the unserved Defendants, Mark Gallegos, Christopher Moreno, Taber Stanfield, and FNU Cordova.

_____
UNITED STATES MAGISTRATE JUDGE