UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER JOHN MACIAS,

      **Plaintiffs**

v.                                                                1:25-cv-00166-MIS-SCY

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CURRY, d/b/a
CURRY COUNTY DETENTION CENTER
&
CURRY COUNTY
&
WARDEN MARK GALLEGOS,
&
LIEUTENANT CORDOVA,
&
CAPTAIN CHRISTOPHER MORENO,
&
LIEUTENANT TABER STANFIELD,
&
ROADRUNNER HEALTH SERVICES, LLC
& DOES 1-50,**

      **Defendants.**

### COUNTY'S MOTION TO COMPEL

COMES NOW Board of County Commissioners of the County of Curry County

(hereafter "County Defendant"), by and through its counsel of record, the Law Office of Jonlyn

M. Martinez, LLC, and hereby moves this Court for an order compelling the Plaintiff to comply

with Fed. R. Civ. P. 26(a)(1)(C) and D.N.M.LR-Civ. 26.3(d), to fully respond to interrogatories

and requests for production, and for sanctions.

This Motion is opposed.

1

**BACKGROUND**

On July 23, 2026, the Plaintiff provided the Defendant County with discovery responses. *See Plaintiff's Certificate of Service* [Doc. 80]. After reviewing the relevant discovery responses, counsel for the Defendant sent the Plaintiff correspondence requesting supplementation. *See letter to Plaintiff dated July 27, 2026*, attached hereto as Exhibit A. The Interrogatories responses at issue are attached hereto as Exhibit B, and the Requests for Production at issue are attached hereto as Exhibit C. The Plaintiff initially provided a signed HIPAA release that was limited to a single provider. Therefore, counsel for the Defendant sent the Plaintiff an email informing him that she needed signed HIPAA releases that were not limited to a single provider. *See email dated July 28,* 2026, attached hereto as Exhibit D. Despite this communication, the Plaintiff sent counsel for the Defendant additional signed releases which were again limited to a single provider. *See email dated July 31, 2026*, attached hereto as Exhibit E.  The Plaintiff provided the Defendant with supplemental discovery responses on August 3, 2026. *See Plaintiff's Supplemental Responses to Defendant's Interrogatories,* attached hereto as Exhibit F, *and see Plaintiff's Supplemental Responses to Defendant's Requests for Production*, attached hereto as Exhibit G. In an effort to avoid a motion to compel, on August 13, 2026, the undersigned emailed the Plaintiff and requested that he agree to supplement his discovery responses. *See email correspondence of August 13, 2026*, attached hereto as Exhibit H. While the Plaintiff wrote counsel for the Defendant multiple emails on August 13, 2026, he refused to respond to this communication. Therefore, the County Defendant was required to file this Motion in order to comply with D.N.M.LR-Civ. 26.6.

This Motion to Compel seeks signed HIPAA releases (medical and mental health), which leave the provider blank, so that the County Defendant can obtain all of the Plaintiff's medical

records in this matter, a list of the Plaintiff's medical and mental health providers from April 25, 2019, to present, and the name, address and telephone number of the Plaintiff's adult son, with whom the Plaintiff was involved in a physical altercation.

## POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 26, as well as the Court's Initial Scheduling Order in this case [Doc. 19], required that the Plaintiff make initial disclosures within 14 days after the parties' Rule 26(f) conference.[1] Fed. R. Civ. P. 26(a)(1)(C). Based on the allegations contained in the Plaintiff's Complaint, he has placed his physical or mental condition at issue. Therefore, the Plaintiff was required to provide the defendant with a list containing "any healthcare provider . . . which [has] treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings," "all records of such healthcare providers which are already in that party's possession," and "a signed authorization to release medical records form" for each healthcare provider. D.N.M.LR-Civ. 26.3(d), *and see Montoya v. GEO Grp., Inc.*, No. 22-758 MLG/GBW, 2023 U.S. Dist. LEXIS 94430, at *2-3 (D.N.M. May 31, 2023). In his discovery responses, the Plaintiff has repeatedly indicated that he does not know the identity of his provider or he has failed to list a provider. *See Exhibit B*, at Interrogatory No. 18, *and see Exhibit F*, at Interrogatory No. 9, in which the Plaintiff indicates that following an automobile accident on November 18, 2024, he suffered injuries to his head, back, hip and knee. The County Defendant is entitled to information concerning this medical treatment.  As such, the Defendant requires blank HIPAA releases that will permit it to obtain all of the Plaintiff's medical records, not

---

[1] To date, the County Defendant has provided the Plaintiff with a list of witnesses, his inmate file, the health services file in the Defendant's possession, the incident report concerning the allegations in the Plaintiff's Complaint, the Plaintiff's booking information and his housing history.

simply from the providers the Plaintiff recalls.[2] The Plaintiff has ignored the County's requests for supplementation and compliance with D.N.M.LR-Civ. 26.3(d). Parties are "not excused from making [their] disclosures because [they have] not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

If a party fails to provide information through proper discovery, the requesting party may move to compel production under Rule 37. *See Lane v. Page*, 727 F. Supp. 2d 1214, 1236 n.15 (D. N.M. 2010). Rule 37(a) provides an enforcement mechanism for Rule 33 and Rule 34 and allows a party to move a court to compel a response in situations where the opposing party has failed to respond to an interrogatory or request for production. *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 383 (D. N.M. 2018). Evasive or incomplete responses, answers, or disclosures are to be treated as a failure to respond, answer, or disclose. *Id*. In the present case, the County Defendant has requested information concerning the Plaintiff's mental health history so that it could properly evaluate the Plaintiff and her claim for damages. The Plaintiff has ignored these requests.

As set forth herein, the Plaintiff has refused to provide the Defendant with blank releases so they can obtain a complete set of the Plaintiff's medical records. In addition, the Plaintiff has refused to provide the Defendant with a list of his medical providers within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date. *See Exhibit B*, at Interrogatory No. 18. A review of the Plaintiff's response to this Interrogatory reveals that it fails to provide the name, address and telephone number of

---

[2] The Plaintiff has produced medical records which contain his insurance information. The Defendant can use a blank HIPAA release to request a list of providers from the Plaintiff's insurance company within the relevant time period. The Defendant can then use the blank HIPAA release to send requests to the providers the Plaintiff does not recall.

Plaintiff's providers.  Therefore, the County Defendant requests that this Court order the Plaintiff to comply with D.N.M.LR-Civ. 26.3(d), or to supplement his response to Interrogatory No. 18. The Defendant also requests that the Plaintiff provide signed HIPAA releases that are left blank for use in obtaining all of the Plaintiff's medical records. It is axiomatic that the Defendant cannot obtain records from a provider that did not treat the Plaintiff or during a time period not authorized by the release. As such, the Plaintiff will not be prejudiced by this request and it prevents unreasonable delay and expense in this matter.

In addition to these issues, the Defendant has requested that the Plaintiff supplement his response to Interrogatory No. 4, with the name, address and telephone number of the Plaintiff's adult son with whom he had a physical altercation. While the Plaintiff provided a supplemental response to this Interrogatory, he failed to provide the information requested. *See Exhibit F*. Information concerning other physical altercations that the Plaintiff was involved in is relevant and discoverable.

If a motion to compel is granted under Rule 37, the Court must grant the movant an award of his reasonable expenses, including attorney's fees, incurred in filing the motion. Fed. R. Civ. P. 37(a)(5)(A). In the present case, the County requests that it be awarded its costs and fees incurred herein.

## CONCLUSION

Based on the foregoing, the County Defendant requests that this Court compel the Plaintiff to comply with D.N.M.LR-Civ. 26.3(d) and/or supplement his Response to Interrogatory No. 18. The County Defendant also requests blank HIPAA releases so that the County Defendant can obtain a complete set of the Plaintiff's medical and mental health records. The Defendant also requests that the Plaintiff supplement Interrogatory No. 4. The County

Defendant also requests that it be awarded its costs and fees incurred in obtaining the relief requested.

Respectfully submitted.

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
JONLYN M. MARTINEZ
Attorney Defendant County
P.O. Box 7265
Albuquerque, NM 87194
jonlyn@jmartinezlaw.net

I hereby certify that a copy of the foregoing
was served via CM/ECF on
August 13, 2026, to Plaintiff:

*/s/ Jonlyn M. Martinez*
Jonlyn M. Martinez