IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PETER JOHN MACIAS,

    Plaintiff,

                                                               **Case No. 1:25-cv-00166-MIS-SCY**

v.

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CURRY, d/b/a
CURRY COUNTY ADULT DETENTION
CENTER, et al.,

    Defendants.


**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT COUNTY'S FIRST**

**SET OF INTERROGATORIES**


Plaintiff Peter John Macias, proceeding pro se, responds to Defendant County's First Set of

Interrogatories as follows. These responses are based on Plaintiff's present recollection and the

records presently available to him. Plaintiff will supplement or correct these responses as

required by Federal Rule of Civil Procedure 26(e).

**GENERAL OBJECTIONS**

**1.** Plaintiff objects to each Interrogatory to the extent it seeks information protected by the

attorney-client privilege, work-product doctrine, or any other applicable privilege or

protection. No privileged material is intentionally disclosed.

**2.** Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous, overly broad,

unduly burdensome, disproportionate to the needs of the case, or seeks information outside

1
EXHIBIT B

the relevant time period or subject matter. Subject to these objections, Plaintiff provides the information presently known to him.

**3.** Plaintiff objects to disclosure of his full Social Security number and other sensitive identifiers in an unprotected discovery response. Plaintiff will provide the last four digits of his Social Security number and will consider a more complete disclosure only under an appropriate protective arrangement.

**4.** Plaintiff further objects to Interrogatories Nos. 11 through 20 because the Court's April 22, 2026 Order Regarding Deadlines limited each party to ten interrogatories. Without waiving that objection, and in a good-faith effort to avoid unnecessary motion practice, Plaintiff answers Interrogatories Nos. 11 through 20.

**INTERROGATORY NO. 1:** State Peter John Macias' full name, all names by which he has ever been known, all residence addresses in which he resided for the past ten (10) years, his social security number, his marital status, and his date and place of birth.

**ANSWER:**

Plaintiff's full name is Peter John Macias. Plaintiff is not presently aware of any other name by which he has been known.

Plaintiff's residences during the last ten years, based on present recollection, are:

2016 to approximately 2018: 412 7th Avenue NE, Rio Rancho, New Mexico 87124.

Approximately 2018 until his 2024 incarceration: 1104 Comer Drive, Clovis, New Mexico 88101.

Following his August 2024 release: 426 Utah Street SE, Apartment A1, Albuquerque, New Mexico 87108.

2

EXHIBIT B

Thereafter, until approximately January 2026: 652 Vancouver Road SE, Rio Rancho, New Mexico 87124.

January 2026 to present:                        Rio Rancho, New Mexico 87144.

Plaintiff is married. Plaintiff was                        , in Panorama City, California 91402.

Plaintiff objects to providing his full Social Security number in this unprotected response. The last four digits are XXX- XX-

**INTERROGATORY NO. 2:** List the names, addresses and phone numbers of all individuals known to you or your counsel, who may have knowledge, evidence, or documents in their possession relevant to any of the issues involved in the above-styled and numbered cause, whether favorable or unfavorable to the Plaintiff's claims. With respect to the individuals listed, please provide a summary of their information, knowledge, documents or anticipated testimony, if any, and identify which of these individuals you expect will testify at the trial of this matter.

**ANSWER:**

Plaintiff identifies the following persons based on present knowledge. Addresses and telephone numbers are unknown unless reflected in medical records, detention records, prior disclosures, or discovery, and Plaintiff will supplement as additional contact information becomes available:

Richard Reese - former cellmate and detainee witness with knowledge of Plaintiff's condition, complaints, mobility limitations, treatment, and confinement conditions. Plaintiff may call him at trial.

3
EXHIBIT B

Joey Lopez - former detainee with knowledge concerning detention-center medical practices, grievances, and alleged delays in outside medical follow-up. Plaintiff may call him at trial.

Michaela Fallis - Roadrunner nurse with knowledge concerning Plaintiff's complaints, hernia condition, medical evaluations, and events following the April 25, 2024 incident. Plaintiff may call her at trial.

Lisa Crane, CNP - treating provider with knowledge concerning Plaintiff's groin and hip complaints, examination, assessment, recommendations, and communications with detention personnel. Plaintiff may call her at trial.

Christopher Moreno - County officer with knowledge concerning intake observations, the February 24, 2024 hospital transport and discharge instructions, Plaintiff's subsequent requests, and the April 25, 2024 use-of-force incident. Plaintiff expects he may testify.

Taber Stanfield - County officer with knowledge concerning the April 25, 2024 use-of-force incident, deployment of munitions, and statements made concerning detainees' food trays. Plaintiff expects he may testify.

Matthew Cordova - County officer/supervisor with knowledge concerning events preceding and during the April 25, 2024 incident, activation of the tactical response, and related reports. Plaintiff expects he may testify.

Michael Visser - former detainee with knowledge concerning the food protest, events preceding the April 25, 2024 incident, and the officers' stated justification for the response. Plaintiff may call him at trial.

Courtney Cooper - former detainee identified in the incident report who has knowledge concerning the deployment of less-lethal munitions and injuries sustained by detainees,

4

EXHIBIT B

including a projectile allegedly lodging in an existing wound on his leg. Plaintiff may call him at trial.

Mr. Curvin - former correctional officer who allegedly made statements to Plaintiff concerning pressure to return Plaintiff from the hospital or outside care to save money. Full identifying and contact information is presently unknown. Plaintiff may call him at trial if located.

Dr. Horim Choi - surgeon involved in the June 2024 emergency hip procedure, with knowledge of the operative findings, infection, treatment, and prognosis. Plaintiff may call him as a treating provider.

Dr. Kakish - orthopedic provider with knowledge of Plaintiff's post-infectious hip destruction, arthritis, treatment, functional limitations, prognosis, and need for total hip arthroplasty. Plaintiff may call him as a treating provider.

Dr. Leonor Echevarria - infectious-disease provider with knowledge concerning septic arthritis, organisms, antibiotics, treatment history, and prognosis. Plaintiff may call her as a treating provider.

Dr. Michelle Pittman - provider associated with the February 24, 2024 surgical follow-up instructions. Plaintiff may call her if her personal involvement is established.

Dr. Crumb, Sage Neuroscience - treating mental-health provider with knowledge concerning Plaintiff's mental-health evaluation, PTSD diagnosis or re-diagnosis, symptoms, treatment, and prognosis. Plaintiff may call this provider.

Other detainees housed in the pod on April 25, 2024 - witnesses to the events preceding the use of force, deployment of munitions, officer statements, injuries, decontamination,

5

EXHIBIT B

and medical response. Their identities and contact information will be supplemented as confirmed through discovery.

Other Curry County employees, Roadrunner employees, hospital personnel, and treating providers identified in medical records, incident reports, discovery responses, or former counsel's investigation. Plaintiff will supplement this response as identities and contact information are confirmed.

**INTERROGATORY NO. 3:** Please list all medication you have prescribed from 2019 to present. With regard to each medication, please list the name of the medication, the name of the medical provider that prescribed the medication, and the reason you are taking the medication.

**ANSWER:**

Plaintiff objects that this Interrogatory is overly broad to the extent it seeks every prescription over a seven-year period regardless of relevance. Subject to that objection, Plaintiff has been prescribed medications for hypertension, mental-health conditions, pain, infection, and perioperative care. The exact medication names, dates, prescribers, and indications are contained in Plaintiff's medical and pharmacy records.

Plaintiff does not presently recall every medication name and dosage without reviewing those records. Plaintiff will supplement this response after reviewing his medication lists and will produce responsive medical records in his possession.

**INTERROGATORY NO. 4:** Please list each and every time Plaintiff has been involved in a physical altercation from 2019 to present. With regard to each physical altercation, please list the date, the name, address and telephone number of the individuals involved in the altercation,

6

EXHIBIT B

indicate whether anyone was arrested as a result of the altercation, indicate whether there were any claims or a lawsuit related to the altercation and indicate whether the Plaintiff suffered from any injuries as a result of the altercation. Please describe in detail any injuries suffered by the Plaintiff and the medical treatment he received as a result of these injuries.

**ANSWER:**

Plaintiff does not recall being involved in any physical altercation from 2019 to the present other than a recent minor family incident involving his adult son. During that incident, there was a brief scuffle and the son poured water on Plaintiff. No one was injured, Plaintiff did not seek medical care, and Plaintiff did not request prosecution. The son was arrested for an alleged domestic-violence offense, and Plaintiff understands the matter is expected to be dismissed. The exact date and case information will be supplemented if necessary.

Plaintiff does not characterize the April 25, 2024 incident at the detention center as an altercation initiated or participated in by Plaintiff. Plaintiff contends that officers used force against him while he was not physically resisting.

**INTERROGATORY NO. 5:** Please list your total income for each year of the following: years 2023, 2024, 2025, 2026 from any and all sources. Identify each source of income including, but not limited to the name, address and telephone number of the individual or agency providing the income, list the total amount of income received from each source each year and the reason the income was provided.

**ANSWER:**

Plaintiff responds based on present recollection and available records. The amounts are approximate and subject to verification through tax, benefit, and employment records:

EXHIBIT B

2023: approximately $11,088 in disability benefits.

2024: approximately $11,436 in disability benefits.

2025: approximately $31,000 in wages from security employment with AJF Enterprise, Inc., 1485 Penasco Road NE, Rio Rancho, New Mexico 87144, telephone (505) 385-5125.

2026: approximately $3,000 in disability benefits received to date.

Plaintiff will supplement if review of tax returns, benefit statements, or payroll records shows that any amount should be corrected or further itemized.

**INTERROGATORY NO. 6:** Please list your employment history for the past 10 years. Include the name, address and telephone number of each employer, his job title, rate of pay, dates of employment, reason for leaving and the name of his immediate supervisor for each place of employment.

**ANSWER:**

AJF Enterprise, Inc., 1485 Penasco Road NE, Rio Rancho, New Mexico 87144, telephone (505) 385-5125. Plaintiff's position is Security Guard. His rate of pay is approximately $15.00 per hour. He began employment in approximately February 2025 and remains employed, subject to medical leave associated with his hip condition and surgery. His immediate supervisor is Greg, last name presently unknown.

Plaintiff has received disability benefits since approximately 2016 and was not regularly employed during most of that period. Plaintiff has plans to develop a window-tinting business and participates in the New Mexico Division of Vocational Rehabilitation, but the business has not operated as regular employment during the relevant period.

8
EXHIBIT B

Other than the AJF position identified above, Plaintiff does not presently recall any other regular employment during the last ten years.

**INTERROGATORY NO. 7:** Please state the name and address of each and every expert witness you have retained in this case to and who is expected to testify at trial, as well as all other persons whom you may call at trial or any hearing in this matter to provide expert testimony, including but not limited to any and all treating medical and/or psychological care providers, and give the technical field in which you claim such witnesses are experts, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion and a summary of their expected testimony.

**ANSWER:**

Plaintiff has not retained or specially employed any expert witness to provide testimony in this action.

Plaintiff may call treating providers as fact witnesses and, where permitted under Federal Rule of Civil Procedure 26(a)(2), as non-retained expert witnesses concerning opinions formed during examination and treatment. These providers may include:

Dr. Kakish - orthopedic surgery; Plaintiff's left-hip condition, post-infectious or post-traumatic arthritis, imaging, total hip arthroplasty, limitations, prognosis, and future treatment. Grounds include personal examinations, imaging, medical history, surgical planning, treatment records, and follow-up care.

9
EXHIBIT B

Dr. Leonor Echevarria - infectious-disease medicine; septic arthritis, infection history, organisms, antibiotics, operative history, and continuing condition. Grounds include examinations, laboratory results, cultures, records, and infectious-disease treatment.

Dr. Horim Choi - surgery/orthopedic treatment as reflected in the records; June 2024 operative findings, infection, treatment, and prognosis. Grounds include personal involvement in the emergency procedure and operative records.

Dr. Michelle Pittman - general surgery; the February 24, 2024 recommendation for prompt surgical follow-up for the hernia, including the purpose of the follow-up and treatment recommendations, to the extent based on personal involvement and records.

Dr. Crumb, Sage Neuroscience - psychiatry or behavioral health, as reflected in the provider's credentials; PTSD diagnosis or re-diagnosis, symptoms, treatment, prognosis, and opinions formed during treatment. Grounds include evaluation, clinical observations, history, and treatment records.

Provider addresses are reflected in medical records and will be supplemented. Plaintiff has not requested that any treating provider formulate new opinions specifically for litigation and will provide any disclosures required by Rule 26(a)(2) and the Court's scheduling orders.

**INTERROGATORY NO. 8:** Please list all evidence and/or documents you plan to use at the trial of this matter.

**ANSWER:**

Plaintiff objects to the extent this Interrogatory seeks premature disclosure of final trial strategy or a final exhibit list before the close of discovery and pretrial deadlines. Subject to that objection, Plaintiff may rely on:

10
EXHIBIT B

Pleadings, motions, orders, and other filings in this action.

Medical records concerning the February 2024 hospital visit, recommended follow-up, June 2024 hospitalization, septic arthritis, emergency surgery, subsequent orthopedic and infectious-disease treatment, total hip replacement, rehabilitation, prognosis, and damages.

Curry County Adult Detention Center and Roadrunner medical records, kites, sick-call requests, grievances, medication records, housing logs, transport records, and communications.

The February 24, 2024 discharge instructions and related hospital records.

The June 26, 2024 emergency medical furlough motion and related order.

Incident reports, use-of-force reports, disciplinary records, video or body-camera evidence if produced, preservation records, and related communications.

Photographs of scarring, diagnostic imaging, and X-ray images.

Discovery responses, deposition testimony, admissions, and documents produced by Defendants.

Treating-provider testimony and other witness testimony identified in Plaintiff's disclosures and responses.

Plaintiff will supplement and provide a final exhibit list in accordance with the Court's deadlines.

**INTERROGATORY NO. 9:** Please list any other claim, complaint or lawsuit made by you against any other third party. With regard to each claim, complaint or lawsuit, please state the date of the occurrence, the factual basis for the claim, complaint or lawsuit, the name, address

11
EXHIBIT B

and telephone number of any other party involved including witnesses, and the results of the claim, complaint or lawsuit including the amount of any settlement.

**ANSWER:**

Motor vehicle insurance claim arising from a rear-end collision in approximately November 2025. Plaintiff was represented by Sanchez & Pinon in Rio Rancho, New Mexico. The claim involved neck, back, left hip, left knee, headache, muscle-spasm, and related complaints reflected in treatment records. No lawsuit was filed. The insurance claim settled for approximately $10,000 gross. Plaintiff will supplement with the insurer, claim number, exact date, and counsel address if necessary.

Potential black-mold matter in approximately 2020 involving alleged exposure at a county facility. Plaintiff did not pursue the matter to completion and does not presently recall that a lawsuit was filed. No settlement was received.

**INTERROGATORY NO. 10:** Please state whether you have ever undergone any counseling or mental health treatment of any kind, for any reason, including but not limited to domestic violence counseling, marital or relationship counseling, drug or alcohol or substance abuse counseling or treatment, psychological counseling or treatment, or any other type of counseling or related treatment. If so, please provide the dates of the counseling or related treatment, the name of the provider of the counseling or related treatment, and the reason why you were being counseled or treated.

**ANSWER:**

Plaintiff has participated in substance-abuse treatment and counseling, including a court-supervised Drug Court program, which he successfully completed with honors. Plaintiff remains

12
EXHIBIT B

and telephone number of any other party involved including witnesses, and the results of the claim, complaint or lawsuit including the amount of any settlement.

**ANSWER:**

Motor vehicle insurance claim arising from a rear-end collision in approximately November 2025. Plaintiff was represented by Sanchez & Pinon in Rio Rancho, New Mexico. The claim involved neck, back, left hip, left knee, headache, muscle-spasm, and related complaints reflected in treatment records. No lawsuit was filed. The insurance claim settled for approximately $10,000 gross. Plaintiff will supplement with the insurer, claim number, exact date, and counsel address if necessary.

Potential black-mold matter in approximately 2020 involving alleged exposure at a county facility. Plaintiff did not pursue the matter to completion and does not presently recall that a lawsuit was filed. No settlement was received.

**INTERROGATORY NO. 10:** Please state whether you have ever undergone any counseling or mental health treatment of any kind, for any reason, including but not limited to domestic violence counseling, marital or relationship counseling, drug or alcohol or substance abuse counseling or treatment, psychological counseling or treatment, or any other type of counseling or related treatment. If so, please provide the dates of the counseling or related treatment, the name of the provider of the counseling or related treatment, and the reason why you were being counseled or treated.

**ANSWER:**

Plaintiff has participated in substance-abuse treatment and counseling, including a court-supervised Drug Court program, which he successfully completed with honors. Plaintiff remains

12
EXHIBIT B

active as an alumnus, continues to volunteer, and continues a counseling relationship with the same counselor associated with Drug Court.

Following the death of Plaintiff's mother, Plaintiff experienced a mental-health crisis and received mental-health treatment and counseling.

Plaintiff has also received treatment through Sage Neuroscience and reports that Dr. Crumb diagnosed or re-diagnosed him with post-traumatic stress disorder after the events at issue. Plaintiff is obtaining the Sage records and will supplement with the exact dates, provider credentials, and treatment details.

Plaintiff does not presently recall every provider name, address, and date without reviewing complete counseling, medical, and court records.

**INTERROGATORY NO. 11:** Please list all instances that you were incarcerated in any detention facility. With regard to each incarceration, please list the name of the detention facility, corrections facility or jail, the dates of the incarcerations, and the reasons that you were incarcerated.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, Plaintiff has been incarcerated at various times in New Mexico detention and correctional facilities.

From approximately the early 1990s through approximately 2003, Plaintiff served periods of incarceration in New Mexico state correctional facilities, including facilities in Hobbs, Estancia, and the facility commonly known as the Las Lunas Farm. Plaintiff does not presently recall exact dates, case numbers, charges, or the sequence of confinement.

13
EXHIBIT B

Plaintiff also recalls county-jail incarcerations beginning approximately in 2018 and 2019 in Sandoval County and Curry County. Exact booking and release dates and reasons are contained in official court and detention records.

Plaintiff specifically identifies his Curry County Adult Detention Center incarceration from approximately February 21, 2024 through August 9, 2024, arising from criminal proceedings in Curry County.

Plaintiff will supplement after reviewing available New Mexico court, corrections, and detention records.

**INTERROGATORY NO. 12:** Please list the name of the individual who allegedly injured you on April 25, 2024, how you were allegedly injured and the alleged injury caused by that individual.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, Plaintiff contends that Captain Christopher Moreno and Lieutenant Taber Stanfield deployed less-lethal and chemical-agent munitions during the April 25, 2024 incident. County records also identify Lieutenant Carter as deploying munitions during the operation.

Plaintiff contends that the munitions and chemical agents caused choking, coughing, breathing difficulty, pain, physical distress, and aggravation of his existing hernia condition. Plaintiff further contends that the incident caused psychological trauma and contributed to symptoms later addressed in mental-health treatment. Plaintiff's complete injuries and damages are reflected in his medical records and will be supplemented as discovery continues.

14
EXHIBIT B

**INTERROGATORY NO. 13:** Please list medical conditions you were suffering from in 2024 prior to your incarceration. With regard to each medical condition, please list the nature of the condition, the date this condition was diagnosed, the name of the medical provider that diagnosed you with this condition and the treatment you received for this condition and the dates of this treatment.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, prior to his February 2024 incarceration, Plaintiff had:

An inguinal hernia or hernias. The exact initial diagnosis date and provider are not presently recalled. The condition was evaluated during the February 24, 2024 hospital visit, reduced, and referred for surgical follow-up.

Hypertension. The exact diagnosis date and provider are not presently recalled. Treatment included prescription medication and monitoring.

Mental-health and substance-use conditions for which Plaintiff had received counseling or treatment. Exact diagnoses, dates, and providers are reflected in medical, treatment, and Drug Court records.

Plaintiff does not contend that septic arthritis, the June 2024 infection, post-infectious hip destruction, or the later total hip replacement predated his incarceration.

**INTERROGATORY NO. 14:** Please list all illegal drugs consumed by you from 2019 to present. With regard to each drug, please list the manner in which you ingested the drug.

**ANSWER:**

15

EXHIBIT B

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, during portions of the relevant period Plaintiff used:

Methamphetamine - smoked, used intravenously, and used intranasally.

Marijuana - smoked or otherwise consumed. Plaintiff currently possesses a medical cannabis card and uses medical cannabis pursuant to applicable law.

Suboxone - used intranasally and intravenously during portions of the relevant period, including while incarcerated, as reflected in medical or detention records.

Plaintiff has participated in substance-abuse treatment, successfully completed Drug Court with honors, remains active as an alumnus, and continues recovery-related activities. Plaintiff does not presently recall every date, quantity, or instance of use.

**INTERROGATORY NO. 15:** Please state whether you have ever been a party to any other lawsuit or administrative action, including but not limited to any personal injury claims, property damage claims, disability claims, workers' compensation claims, claims involving alleged civil rights violations, divorce proceedings, bankruptcy, competency proceedings, or collection or foreclosure proceedings. If so, for each claim, complaint, lawsuit or administrative proceeding, state: (a) the year filed and the caption and docket number, if any, (b) the court or place such suit, action or claim was filed or litigated; (c) a brief description of the nature of the matter involved; (d) the name, address, and phone number of all parties involved and whether they were plaintiff, defendant, claimant, petitioner, or respondent; (e) the final disposition of the suit, action or claim; (f) the amount of any settlement or award; and (g) the name of your attorney, if any.

**ANSWER:**

16

EXHIBIT B

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, Plaintiff identifies:

This federal civil-rights action: Peter John Macias v. Board of County Commissioners of Curry County, et al., No. 1:25-cv-00166-MIS-SCY, United States District Court for the District of New Mexico. Plaintiff is the plaintiff; the matter remains pending.

Disability-benefits proceedings beginning approximately in 2016. Benefits were awarded and continue. Plaintiff does not presently recall a separate docket number or attorney.

Motor-vehicle insurance claim arising from a November 2025 rear-end collision. No lawsuit was filed. Plaintiff was represented by Sanchez & Pinon, Rio Rancho, New Mexico. The claim settled for approximately $10,000 gross.

Potential black-mold claim or legal matter in approximately 2020 concerning alleged exposure at a county facility. Plaintiff did not pursue the matter to completion and received no settlement.

Divorce proceeding involving Plaintiff and his now-deceased former spouse in the early 1990s. The divorce was granted. Plaintiff does not presently recall the exact year, court, county, or docket number.

Plaintiff has not filed bankruptcy and does not recall any workers' compensation claim. Plaintiff will supplement after review of official records if additional responsive proceedings are identified.

**INTERROGATORY NO. 16:** Have you ever been arrested, charged with or convicted of any crime, whether it be a felony or a misdemeanor, cited for a traffic violation, or had a warrant issued for his arrest, and if so, please state as to each the date and place committed; by whom he

17
EXHIBIT B

was charged; the city, county and state where the alleged offense took place; the court and cause number; the type of offense for which he was arrested, charged or convicted; and the disposition of each and the penalty he received, if any.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection and further objects that this Interrogatory seeks an unlimited lifetime criminal, traffic, and warrant history without a reasonable time limitation and seeks details largely contained in public court records.

Subject to and without waiving those objections, Plaintiff has previously been arrested, charged, and convicted of felony and misdemeanor offenses in New Mexico, including matters occurring from the early 1990s through approximately 2003 and more recent matters beginning around 2018 through 2024. Plaintiff has also had warrants issued at various times.

Plaintiff recalls a shoplifting-related charge in Clovis, New Mexico, involving a drill bit or other small retail item, occurring many years ago. Plaintiff does not presently recall the exact date, case number, court, or disposition.

Plaintiff does not presently recall every arrest date, citation, charge, case number, court, disposition, or sentence without reviewing official records. Exact information is reflected in New Mexico court, corrections, and detention records, and Plaintiff will supplement after review.

**INTERROGATORY NO. 17:** Please state the total dollar amount of damages you are claiming in this action, if any, and describe exactly and in detail how said damages were computed and identify each document that you intend to rely upon, in whole or in part, in computing said damages.

**ANSWER:**

18

EXHIBIT B

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, Plaintiff has not completed a final dollar computation because discovery, medical treatment, and damages evaluation remain ongoing.

Plaintiff seeks compensatory damages for physical pain and suffering, emotional distress and mental anguish, psychological injury, past and future medical expenses, permanent injury, physical impairment, loss of enjoyment of life, lost income, and loss of earning capacity. Plaintiff also seeks any nominal or punitive damages legally available against the appropriate defendants and any other relief permitted by law.

Documents supporting damages include hospital and medical records, surgical records, orthopedic and infectious-disease records, total hip replacement records and instructions, photographs, diagnostic imaging, employment and disability records, tax records, billing records when obtained, and treating-provider testimony.

Plaintiff will supplement this response with a more specific computation as records are obtained and expert or treating-provider evidence is developed.

**INTERROGATORY NO. 18:** Please provide the name, address and telephone number of all of your medical providers and mental health providers from April 25, 2019 to present. With regard to each please list the dates you visited each provider, the reason for the visit and any diagnosis or prognosis.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection and objects that this request is overly broad to the extent it seeks unrelated treatment over a seven-year period. Subject to those objections, known providers include:

19

EXHIBIT B

Presbyterian/Plains Regional Medical Center and affiliated emergency, inpatient, surgical, radiology, and follow-up providers - treatment concerning the February 2024 hernia visit, June 2024 fever, infection, septic arthritis, emergency surgery, and related care.

Curry County Adult Detention Center medical unit and Roadrunner Health Services, LLC - detention medical care during 2024, including sick-call complaints, hernia care, hip and groin complaints, medication, and follow-up issues.

Lisa Crane, CNP - detention medical evaluation of groin and hip complaints.

Michaela Fallis, nurse - detention medical care and evaluation of the hernia and related complaints.

Dr. Horim Choi - June 2024 surgical treatment and operative findings relating to septic arthritis.

SRMC orthopedic clinic, including Dr. Kakish - 2025-2026 evaluation of severe left-hip damage, arthritis, functional limitations, and need for total hip arthroplasty.

Dr. Leonor Echevarria and affiliated infectious-disease providers - infection history, antibiotics, cultures, and follow-up.

Dr. Michelle Pittman - provider associated with the February 24, 2024 surgical follow-up recommendation.

Sage Neuroscience and Dr. Crumb - mental-health evaluation and treatment, including PTSD diagnosis or re-diagnosis and related symptoms.

Drug Court treatment providers and Plaintiff's continuing counselor - substance-abuse treatment, recovery counseling, and ongoing alumni involvement.

20

EXHIBIT B

Chiropractic and related providers who treated Plaintiff after the November 2025 rear-end collision - neck, back, hip, knee, headache, and related complaints.

Exact addresses, telephone numbers, dates, diagnoses, and prognoses are contained in Plaintiff's medical and treatment records. Plaintiff will supplement after completing review of those records.

**INTERROGATORY NO. 19:** Please list all of your health insurance providers or the organization that paid for any of his medical treatment from 2019 to present. With regard to each insurance provider or other organization that paid for his medical care, please list the name, address, telephone number and policy number for each of your insurance providers.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, Plaintiff has received coverage or payment for medical treatment through Medicare and New Mexico Medicaid. Treatment during incarceration may also have been paid or arranged through Curry County and/or Roadrunner Health Services. Treatment related to the November 2025 motor-vehicle collision may have been paid in whole or in part through automobile insurance.

Plaintiff does not presently have all policy numbers, addresses, telephone numbers, or periods of coverage available and objects to disclosing full insurance identifiers without appropriate safeguards. Plaintiff will supplement with non-sensitive identifying information after reviewing insurance and billing records.

EXHIBIT B

**INTERROGATORY NO. 20:** Please list each and every time you have undergone hip surgery. With regard to each, please list the date of the surgery, the reason for the surgery and the name, address and telephone number of the hospital where the surgery was performed.

**ANSWER:**

Plaintiff incorporates his numerical-limit objection stated above. Subject to and without waiving that objection, Plaintiff identifies:

Approximately June 22-25, 2024 - emergency incision, drainage, and debridement of the left hip for septic arthritis and infection at Plains Regional Medical Center in Clovis, New Mexico. The facility's full address and telephone number are reflected in the hospital records.

April 23, 2026 - left total hip arthroplasty performed because of severe post-infectious or post-traumatic degeneration and destruction of the hip joint following septic arthritis. The hospital and provider information are reflected in Plaintiff's orthopedic and surgical records and will be supplemented when the complete operative record is obtained.

Plaintiff is not presently in possession of the complete 2026 operative report and will supplement this response if and when it is obtained.

22
EXHIBIT B

## VERIFICATION

I, Peter John Macias, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Answers and Objections to Defendant County's First Set of Interrogatories and that the responses are true and correct to the best of my present knowledge, information, and belief. I understand that I have a continuing duty to supplement or correct these responses as required by Federal Rule of Civil Procedure 26(e).

Executed on: _____7\23_____, 2026.

PETER JOHN MACIAS

Plaintiff, Pro Se

910 11th Avenue NW

Rio Rancho, New Mexico 87144

Telephone: (575) 271-7715

Email: petermacias66@gmail.com

## CERTIFICATE OF SERVICE

I certify that on _____7\23_____, 2026, I served the foregoing Plaintiff's Answers and Objections to Defendant County's First Set of Interrogatories by electronic mail on counsel for the Curry County Defendants:

23
EXHIBIT B

Jonlyn M. Martinez

Law Office of Jonlyn M. Martinez, LLC

Email: jonlyn@jmartinezlaw.net

PETER JOHN MACIAS

24
EXHIBIT B