## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PETER JOHN MACIAS,

       Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF CURRY, d/b/a CURRY
COUNTY ADULT DETENTION CENTER;
CURRY COUNTY; WARDEN MARK
GALLEGOS; LIEUTENANT CORDOVA;
CAPTAIN CHRISTOPHER MORENO;
LIEUTENANT TABER STANFIELD;
ROADRUNNER HEALTH SERVICES, LLC;
and DOES 1-50,

       Defendants.

Civ. No. 1:25-cv-00166-MIS-SCY

## PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS AND OBJECTIONS TO

## DEFENDANT COUNTY'S FIRST SET OF INTERROGATORIES

## (INTERROGATORIES NOS. 1-10 RESTATED)

Plaintiff Peter John Macias, proceeding pro se, supplements the verified answers served July 23, 2026. For clarity and convenience, Plaintiff restates Interrogatories Nos. 1 through 10 and his present answers in full. These supplemental answers supersede the July 23 answers only to the extent they are inconsistent; all other original objections and responses remain preserved. The answers are based on Plaintiff's present knowledge after reasonable inquiry, and Plaintiff will timely correct or supplement them as required by Fed. R. Civ. P. 26(e).

The Court's April 22, 2026 Order Regarding Deadlines (Doc. 68) limits each party to ten interrogatories to any other party. This document therefore addresses Interrogatories Nos. 1

EXHIBIT F

through 10 only. Plaintiff does not waive his numerical-limit objection to Interrogatories Nos. 11 through 20 by previously providing voluntary information.

**SPECIFIC ANSWERS AND OBJECTIONS**

**INTERROGATORY NO. 1:** State Peter John Macias' full name, all names by which he has ever been known, all residence addresses in which he resided for the past ten (10) years, his social security number, his marital status, and his date and place of birth.

**SUPPLEMENTAL ANSWER:**

Plaintiff's full name is Peter John Macias. He is not presently aware of any other name by which he has been known. His residences during the last ten years, based on present recollection, are:

2016 to approximately 2018 - 412 7th Avenue NE, Rio Rancho, New Mexico 87124.

Approximately 2018 until his 2024 incarceration - 1104 Comer Drive, Clovis, New Mexico 88101.

Following his August 2024 release - 426 Utah Street SE, Apartment A1, Albuquerque, New Mexico 87108.

Thereafter until approximately January 2026 - 652 Vancouver Road SE, Rio Rancho, New Mexico 87124.

January 2026 to present -                                     , Rio Rancho, New Mexico 87144.

Plaintiff is married. He was born                           , in Panorama City, California. Plaintiff objects to repeating his full Social Security number in an unprotected discovery document. The last four digits were supplied in his verified July 23, 2026 answer and remain unchanged.

**INTERROGATORY NO. 2:** List the names, addresses and phone numbers of all individuals known to you or your counsel, who may have knowledge, evidence, or documents in their possession relevant to any of the issues involved in the above-styled and numbered cause,

2

EXHIBIT F

whether favorable or unfavorable to the Plaintiff's claims. With respect to the individuals listed, please provide a summary of their information, knowledge, documents or anticipated testimony, if any, and identify which of these individuals you expect will testify at the trial of this matter.

**SUPPLEMENTAL ANSWER:**

Plaintiff identifies the following persons based on present knowledge. Where a personal address or telephone number is unknown, Plaintiff provides a last-known institutional affiliation or identifies the party reasonably believed to maintain relevant booking or employment information. Plaintiff is continuing reasonable efforts to locate nonparty witnesses.

**Richard Reese:** Former cellmate and detainee witness. Last-known location: Clovis, New Mexico; telephone 575-348-0815. He has knowledge of Plaintiff's condition, complaints, mobility limitations, treatment, and confinement conditions. Plaintiff may call him at trial.

**Joey Lopez:** Former detainee. Current address and telephone number unknown. He may have knowledge concerning detention medical practices, grievances, and delays in outside medical care. Plaintiff may call him if located.

**Charles Jordan:** Former cellmate. Current address and telephone number unknown. He may have knowledge concerning Plaintiff's condition, complaints, mobility, and requests for care. Plaintiff may call him if located.

**Michaela Fallis:** Roadrunner medical staff member. Last-known location: Clovis, New Mexico; telephone 575-309-5424. CCADC records identify her as Michaela Fallis. She has knowledge concerning Plaintiff's intake, documented left-groin hernia, medical requests, appointment handling, post-April 25 hernia complaints, and post-hospital antibiotic arrangements. Plaintiff recalls that she manually reduced his hernia after it protruded following the April 25 incident; was present when Lisa Crane stated, in substance, that

EXHIBIT F

Plaintiff's symptoms involved his hip rather than sciatica; knew of problems arranging intravenous antibiotics and saline; and had knowledge of Plaintiff's requests for outside follow-up and physical therapy. Plaintiff may call her at trial.

**Lisa A. Crane, FNP-C:** Roadrunner treating provider. Last-known work location: Curry County Adult Detention Center, 801 Mitchell Street, Clovis, New Mexico 88101; other contact information is known to Roadrunner. She has knowledge concerning Plaintiff's hernia and hip complaints, examinations, treatment orders, antibiotic and post-hospital arrangements, follow-up requests, and communications with detention personnel and outside providers. Plaintiff may call her at trial.

**Christopher Moreno:** County officer. Contact through Curry County counsel, 105 14th Street SW, Albuquerque, New Mexico 87102, telephone 505-247-9488. He has knowledge concerning intake observations, the February 24 hospital transport and discharge instructions, Plaintiff's later requests, and the April 25 use-of-force incident. Plaintiff expects he may testify.

**Taber Stanfield:** County officer. Contact through Curry County counsel at the address and telephone above. He has knowledge concerning the April 25 incident, the deployment of munitions, officer communications, and statements about detainees' food trays. Plaintiff expects he may testify.

**Matthew Cordova:** County officer or supervisor. Contact through Curry County counsel at the address and telephone above. He has knowledge concerning events preceding and during the April 25 incident, the tactical response, and related reports. Plaintiff expects he may testify.

EXHIBIT F

**Mark Gallegos:** Warden. Contact through Curry County counsel at the address and telephone above. He may have knowledge concerning medical-administrative communications, the June 2024 hospitalization and furlough, Plaintiff's return to custody, the April 25 incident, and record-retention practices. Plaintiff may call him.

**James Carter:** County lieutenant, S.O.R.T. commander, and author or supervisor of Incident Report No. 240000084. Contact through Curry County counsel. The report states that he issued the activation notice, briefed the team, gave commands, and discharged OC direct-impact munitions and C/S gas during the April 25 incident. He also has knowledge concerning the equipment, participating personnel, decontamination, and post-incident medical evaluations. Plaintiff expects he may testify.

**A. Bernal:** County officer identified in a supplemental narrative to Incident Report No. 240000084. Full first name and personal contact information are presently unknown; contact through Curry County counsel. The supplemental narrative states that this officer responded to the S.O.R.T. activation and observed the briefing, commands, munitions deployment, removal of detainees, medical evaluation, and decontamination. Plaintiff may call this officer.

**E. Jauregui:** County officer identified in a supplemental narrative to Incident Report No. 240000084. Full first name and personal contact information are presently unknown; contact through Curry County counsel. The narrative states that this officer assisted in the S.O.R.T. activation, escorted detainees from D Pod to the recreation yard, and helped decontaminate the pod. Plaintiff may call this officer.

**K. Koch:** County lieutenant identified in a supplemental narrative to Incident Report No. 240000084. Full first name and personal contact information are presently unknown; contact

EXHIBIT F

through Curry County counsel. The narrative addresses the activation, briefing, 40mm launcher, pepper-ball rifle, deployment of C/S gas and pepper-ball rounds, detainee removal, and decontamination. Plaintiff may call this officer.

**ADA M. Lujan:** County duty officer identified in Incident Report No. 240000084. Full first name and personal contact information are presently unknown; contact through Curry County counsel. The report states that this officer communicated with Lieutenant Cordova and authorized or initiated the S.O.R.T. activation. Plaintiff may call this officer.

**Captain Mendez:** County officer identified in Incident Report No. 240000084 as the person to whom the report was assigned and as one of the officers entering the vestibule. Full contact information is presently unknown; contact through Curry County counsel. Plaintiff may call this officer if additional discovery confirms relevant personal knowledge.

**Correctional Officer Kirven (spelling to be confirmed):** Current address and telephone number unknown; contact information may be maintained by Curry County. Plaintiff recalls statements by this officer concerning pressure to return Plaintiff from outside care to reduce costs. Plaintiff may call this witness if located.

**Michael Visser:** Identified in Incident Report No. 240000084 as Inmate No. 64870. Current address, telephone number, and custody status are unknown to Plaintiff. He may have personal knowledge of events preceding and during the April 25 S.O.R.T. deployment in D Pod, commands, detainee conduct, and the use and effects of chemical agents and less-lethal munitions. Curry County may possess booking and last-known contact records. Plaintiff may call him if located.

**Antonio Martinez:** Identified in Incident Report No. 240000084 as Inmate No. 63329. Current address, telephone number, and custody status are unknown to Plaintiff. He may

6
EXHIBIT F

have personal knowledge of the April 25 events in D Pod and the effects of the munitions. Curry County may possess booking and last-known contact records. Plaintiff may call him if located.

**Cordney Cooper:** Identified in Incident Report No. 240000084 as Inmate No. 49250; Plaintiff previously understood the first name to be Courtney. Current address, telephone number, and custody status are unknown to Plaintiff. He may have knowledge of the deployment and resulting injuries. Curry County may possess booking and last-known contact records. Plaintiff may call him if located.

**German Ibarra:** Identified in Incident Report No. 240000084 as associated with Echo Pod. His inmate number, current address, telephone number, and custody status are unknown to Plaintiff. He may have knowledge of events preceding the facility response; Plaintiff does not presently know whether he personally observed the D Pod deployment. Curry County may possess booking and contact records. Plaintiff may call him if his relevant knowledge is confirmed.

**Dr. Horim Choi:** Treating surgeon associated with Plains Regional Medical Center, 2100 North Martin Luther King Jr. Boulevard, Clovis, New Mexico 88101, telephone 575-769-2141. He has knowledge of the June 2024 emergency hip procedure, operative findings, infection, treatment, and prognosis. Plaintiff may call him as a treating provider.

**Dr. Mark David Lockett:** Emergency physician associated with Plains Regional Medical Center at the address and telephone above. He treated Plaintiff during the February 24, 2024 emergency visit, including the painful hernia reduction and discharge planning. Plaintiff may call him as a treating provider.

EXHIBIT F

**Lorena Kroeger, NP:** Treating provider associated with Plains Regional Medical Center and the June 2024 hospitalization and discharge records. She may have knowledge concerning infection treatment, the antibiotic plan, discharge medications, and follow-up. Plaintiff may call her as a treating provider if her personal involvement is confirmed.

**Dr. Samer Kakish:** Treating orthopedic surgeon associated with UNM/Sandoval Regional Medical Center, 3001 Broadmoor Boulevard NE, Rio Rancho, New Mexico 87144, telephone 505-994-7000. He has knowledge of the post-infectious hip destruction, imaging, limitations, prognosis, and April 23, 2026 total hip arthroplasty. Plaintiff may call him as a treating provider.

**Dr. Leonor Echevarria:** Treating infectious-disease provider associated with UNM Health Sciences, 2211 Lomas Boulevard NE, Albuquerque, New Mexico 87106. She has knowledge of infection history, organisms, antibiotic treatment, and prognosis. Plaintiff may call her as a treating provider.

**Dr. Michelle Pittman:** Provider associated with Plains Regional Medical Center at the address and telephone above. She may have knowledge concerning the February 24, 2024 recommendation for prompt surgical follow-up for the hernia. Plaintiff may call her if her personal involvement is confirmed.

**Bryan A. Krumm:** Psychiatric provider associated with Sage Neuroscience Center, Inc., 7850 Jefferson Street NE, Suite 300, Albuquerque, New Mexico 87109, telephone 505-884-1114. He has knowledge concerning Plaintiff's mental-health evaluation, PTSD-related symptoms, diagnoses, medications, treatment, and prognosis. Plaintiff may call him as a treating provider.

EXHIBIT F

Plaintiff may also call other detainees, correctional employees, Roadrunner personnel, hospital personnel, and treating providers identified in produced records or later discovery. Plaintiff will supplement witness identities and contact information when reliably confirmed.

**INTERROGATORY NO. 3:** Please list all medication you have prescribed from 2019 to present. With regard to each medication, please list the name of the medication, the name of the medical provider that prescribed the medication, and the reason you are taking the medication.

**SUPPLEMENTAL ANSWER:**

Plaintiff does not recall receiving prescription medication from 2019 until his detention and medical treatment beginning in 2024. This list is based on present recollection and the medical and pharmacy records reviewed to date. The produced records provide fill dates, quantities, and additional detail.

**February 24, 2024 emergency visit:** The PRMC emergency team administered IV midazolam (Versed) and fentanyl to permit reduction of the painful left inguinal hernia. The record identifies Mark David Lockett, M.D., as the emergency provider.

**CCADC/Roadrunner during 2024:** Acetaminophen 500 mg tablets, two tablets twice daily, for chronic pain or pain; buspirone 10 mg twice daily, later 15 mg twice daily and 30 mg twice daily, for anxiety or generalized anxiety disorder; mirtazapine 15 mg nightly for depression or sleep-related symptoms; olanzapine 5 mg nightly for mood-related symptoms; ibuprofen 200 mg twice daily as needed for pain; and lanolin/petrolatum 15.5%-53.4% ointment each morning for the hip scar for 30 days. CCADC medication records identify Lisa Crane, Aiste Chamblin, and other Roadrunner medical staff in connection with prescribing, ordering, or administering these medications.

EXHIBIT F

**June 2024 hospitalization:** The PRMC inpatient team administered or ordered piperacillin/tazobactam (Zosyn), vancomycin, cefazolin, and ceftriaxone for sepsis and septic arthritis; and morphine, oxycodone/acetaminophen (Percocet), acetaminophen, and cyclobenzaprine for surgical pain or muscle spasm. Exact administrations and prescribing providers are reflected in the hospital medication record.

**June-July 2024 after discharge:** Ceftriaxone (Rocephin) 2 grams intravenously every 24 hours for approximately 28 days for infection; one record also reflects a one-time ceftriaxone 2-gram intramuscular dose divided between the hips. Ciprofloxacin 500 mg twice daily was ordered for approximately 14 days after an E. coli culture. Acetaminophen, buspirone, mirtazapine, and olanzapine also continued as reflected in the records. The June hospital medication reconciliation listed zolpidem 10 mg nightly as needed, but Plaintiff cannot confirm from the presently reviewed jail medication record that Roadrunner actually administered zolpidem during confinement. Providers reflected in the records include Lisa Crane, Lorena Kroeger, the PRMC team, and CCADC/Roadrunner medical staff.

**2025 - Stacy L. Ali:** Tadalafil 5 mg for urinary or erectile symptoms as prescribed; zolpidem 10 mg for insomnia; diclofenac 75 mg and meloxicam 7.5 mg for pain or inflammation; buspirone 15 mg for anxiety; and trazodone 50 mg and prazosin 2 mg for mental-health or sleep-related symptoms as prescribed.

**2025 - Cindy Louise Callisto:** Zolpidem 10 mg for insomnia, as reflected in December 2025 pharmacy fills.

**2025 - Bryan A. Krumm:** Buspirone 10 mg for anxiety and hydroxyzine pamoate 50 mg for anxiety or related symptoms.

**2025 - Barbara Sue Gross:** Meloxicam 7.5 mg for pain or inflammation.

EXHIBIT F

**2025 - Brandon James Clayton:** Clindamycin 300 mg for infection, ibuprofen 800 mg for pain or inflammation, and triazolam 0.25 mg associated with dental or procedural treatment.

**2026 - Mikhaile Rivera Ramos:** Losartan 25 mg for hypertension and zolpidem 10 mg for insomnia.

**2026 - Leonor Adela Echevarria:** Amoxicillin and doxycycline 100 mg for infection treatment or suppression following hip surgery and culture findings. UNM records state an amoxicillin regimen of 1 gram every eight hours during part of the treatment period; pharmacy records list 500 mg tablets.

**2026 - Victoria Aleece Freeman:** Famotidine 20 mg for stomach protection or reflux; meloxicam 15 mg for pain or inflammation; tramadol 50 mg and oxycodone 5 mg for postoperative pain.

**2026 - Taylor Gurnea and Courtney Meredith Hatch:** Oxycodone 5 mg and tramadol 50 mg, respectively, for postoperative or acute pain.

**2026 - Stacy L. Ali:** Diclofenac 75 mg for pain or inflammation.

Plaintiff will supplement if additional pharmacy or provider records identify other medications, corrected indications, dosages, or prescribers.

11
EXHIBIT F

**INTERROGATORY NO. 4:** Please list each and every time Plaintiff has been involved in a physical altercation from 2019 to present. With regard to each physical altercation, please list the date, the name, address and telephone number of the individuals involved in the altercation, indicate whether anyone was arrested as a result of the altercation, indicate whether there were any claims or a lawsuit related to the altercation and indicate whether the Plaintiff suffered from any injuries as a result of the altercation. Please describe in detail any injuries suffered by the Plaintiff and the medical treatment he received as a result of these injuries.

**SUPPLEMENTAL ANSWER:**

Plaintiff does not concede that the April 25, 2024 detention-center use of force was a physical altercation initiated or participated in by him. To the extent this Interrogatory is intended to include force used against Plaintiff, he identifies that event as follows:

**April 25, 2024 - D Pod S.O.R.T. deployment:** Plaintiff contends he was not physically resisting or barricading a cell door when officers deployed chemical agents and less-lethal munitions throughout D Pod. Incident Report No. 240000084 identifies Lieutenant James Carter as S.O.R.T. commander; Lieutenants Taber Stanfield, Christopher Moreno, and Matthew Cordova; Officers A. Bernal and E. Jauregui; Lieutenant K. Koch; ADA M. Lujan; and Captain Mendez as persons involved in, responding to, authorizing, reporting, escorting detainees during, or decontaminating after the operation. The report specifically attributes OC direct-impact munitions and C/S gas to Carter, a .32-caliber stinger rubber-pellet munition to Moreno (which Moreno's supplemental narrative describes as one pepper-ball round), and multiple VKS pepper-ball rounds to Stanfield. Plaintiff alleges choking, coughing, breathing difficulty, pain, psychological distress, and protrusion or aggravation of his existing hernia. Plaintiff recalls that Roadrunner medical staff member Michaela Fallis

12

EXHIBIT F

later manually reduced the protruding hernia. Plaintiff is not aware of a separate arrest or criminal charge against him arising from this use of force. Plaintiff's civil claims arising from the event are asserted in this action.

**2026 family incident:** Plaintiff recalls a minor family incident involving his adult son. The exact date, the son's current contact information, and final case disposition are being confirmed. There was a brief scuffle and the son poured water on Plaintiff. The son was arrested for an alleged domestic-violence offense. Plaintiff did not request prosecution, suffered no physical injury, received no medical treatment, and made no civil claim or lawsuit arising from the incident. Plaintiff understands the matter was resolved or expected to be dismissed and will supplement if official records show a different disposition.

**INTERROGATORY NO. 5:** Please list your total income for each year of the following: years 2023, 2024, 2025, 2026 from any and all sources. Identify each source of income including, but not limited to the name, address and telephone number of the individual or agency providing the income, list the total amount of income received from each source each year and the reason the income was provided.

**SUPPLEMENTAL ANSWER:**

Plaintiff responds based on present recollection and available records. The amounts are approximate and subject to verification through tax, benefit, and employment records:

**2023:** Approximately $11,088 in disability benefits from the Social Security Administration, Office of Public Inquiries and Communications Support, 1100 West High Rise, 6401 Security Boulevard, Baltimore, Maryland 21235; telephone 800-772-1213.

**2024:** Approximately $11,436 in disability benefits from the Social Security Administration at the address and telephone number stated above.

13
EXHIBIT F

**2025:** Approximately $31,000 in wages from security employment with AJF Enterprise, Inc., 1485 Penasco Road NE, Rio Rancho, New Mexico 87144, telephone 505-385-5125.

**2026:** Approximately $3,000 in disability benefits from the Social Security Administration received as of the original July 23 response.

Plaintiff is obtaining Social Security, wage, and tax records and will supplement if those records show that an amount should be corrected or further itemized.

**INTERROGATORY NO. 6:** Please list your employment history for the past 10 years. Include the name, address and telephone number of each employer, his job title, rate of pay, dates of employment, reason for leaving and the name of his immediate supervisor for each place of employment.

**SUPPLEMENTAL ANSWER:**

**AJF Enterprise, Inc.:** 1485 Penasco Road NE, Rio Rancho, New Mexico 87144; telephone 505-385-5125. Plaintiff's position is Security Guard. His rate of pay is approximately $15.00 per hour. He began employment in approximately February 2025 and remains employed, subject to medical leave associated with his hip condition and surgery. His immediate supervisor is Greg, last name presently unknown.

Plaintiff has received disability benefits since approximately 2016 and was not regularly employed during most of that period. He has plans to develop a window-tinting business and participates in the New Mexico Division of Vocational Rehabilitation, but the business has not operated as regular employment during the relevant period. Other than the AJF position identified above, Plaintiff does not presently recall other regular employment during the last ten years.

14

EXHIBIT F

**INTERROGATORY NO. 7:** Please state the name and address of each and every expert witness you have retained in this case to and who is expected to testify at trial, as well as all other persons whom you may call at trial or any hearing in this matter to provide expert testimony, including but not limited to any and all treating medical and/or psychological care providers, and give the technical field in which you claim such witnesses are experts, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion and a summary of their expected testimony.

**SUPPLEMENTAL ANSWER:**

Plaintiff has not retained or specially employed an expert witness. Plaintiff may call treating providers as fact witnesses and, if permitted, as non-retained experts regarding opinions formed during treatment. Their expected subject matter and grounds are summarized below; their records are being produced.

**Dr. Samer Kakish - orthopedic surgery:** UNM/Sandoval Regional Medical Center, 3001 Broadmoor Boulevard NE, Rio Rancho, New Mexico 87144; telephone 505-994-7000. Expected subjects include post-infectious hip destruction, imaging, the April 23, 2026 total hip arthroplasty, functional limitations, prognosis, and future care. Grounds include examinations, imaging, history, surgery, and follow-up.

**Dr. Leonor Echevarria - infectious disease:** UNM Health Sciences, 2211 Lomas Boulevard NE, Albuquerque, New Mexico 87106. Expected subjects include septic-arthritis history, organisms, cultures, antibiotic treatment, and prognosis. Grounds include treatment, cultures, laboratory results, and medical records.

EXHIBIT F

**Dr. Horim Choi - orthopedic surgery:** Plains Regional Medical Center, 2100 North Martin Luther King Jr. Boulevard, Clovis, New Mexico 88101; telephone 575-769-2141. Expected subjects include the June 2024 operative findings, incision and drainage, infection, treatment, and prognosis. Grounds include personal involvement and operative records.

**Dr. Mark David Lockett - emergency medicine:** Plains Regional Medical Center at the address and telephone above. Expected subjects include the February 24, 2024 emergency examination, hernia reduction, medications administered during that visit, discharge instructions, and recommended surgical follow-up. Grounds include his examination and the emergency medical record.

**Dr. Michelle Pittman - general surgery:** Plains Regional Medical Center at the address and telephone above. Expected subjects are limited to her involvement, if any, in the February 24, 2024 recommendation for prompt hernia surgical follow-up. Grounds include the emergency and discharge records.

**Bryan A. Krumm - psychiatric or behavioral health:** Sage Neuroscience Center, Inc., 7850 Jefferson Street NE, Suite 300, Albuquerque, New Mexico 87109; telephone 505-884-1114. Expected subjects include PTSD-related symptoms, diagnoses, medications, treatment, and prognosis. Grounds include evaluation, clinical observations, history, and treatment records.

Plaintiff has not asked any treating provider to formulate litigation-specific opinions. Plaintiff will comply with Fed. R. Civ. P. 26(a)(2) and any expert-disclosure deadline established by the Court.

EXHIBIT F

**INTERROGATORY NO. 8:** Please list all evidence and/or documents you plan to use at the trial of this matter.

**SUPPLEMENTAL ANSWER:**

Plaintiff objects to the extent this Interrogatory seeks a final exhibit list or disclosure of trial strategy before completion of discovery and the Court's pretrial deadlines. Subject to that objection, Plaintiff may rely on the following categories:

Pleadings, motions, orders, and other filings in this action.

Medical records concerning the February 2024 hospital visit, recommended follow-up, June 2024 hospitalization, septic arthritis, emergency surgery, later orthopedic and infectious-disease treatment, total hip replacement, rehabilitation, prognosis, and damages.

CCADC and Roadrunner medical records, kites, sick-call requests, grievances, medication records, housing logs, transport records, and communications.

The February 24, 2024 discharge instructions and related hospital records.

The June 26, 2024 Emergency Motion for Medical Furlough and related order.

Incident reports, use-of-force reports, disciplinary records, any video or body-camera evidence produced, preservation records, and related communications.

Photographs of scarring, diagnostic imaging, and X-ray images.

Discovery responses, deposition testimony, admissions, and documents produced by Defendants.

Treating-provider testimony and other witness testimony identified in Plaintiff's disclosures and discovery responses.

Plaintiff will supplement and provide a final exhibit list in accordance with the Court's deadlines.

EXHIBIT F

**INTERROGATORY NO. 9:** Please list any other claim, complaint or lawsuit made by you against any other third party. With regard to each claim, complaint or lawsuit, please late [sic] the date of the occurrence, the factual basis for the claim, complaint or lawsuit, the name, address and telephone number of any other party involved including witnesses, and the results of the claim, complaint or lawsuit including the amount of any settlement.

**SUPPLEMENTAL ANSWER:**

Plaintiff preserves his objection that the phrase 'any other claim, complaint or lawsuit' is overbroad and seeks matters without a reasonable subject-matter or time limitation. Subject to and without waiving that objection, Plaintiff supplements as follows:

**Motor-vehicle insurance claim:** On November 18, 2024, Plaintiff was rear-ended on Paseo del Norte in Albuquerque, Bernalillo County, New Mexico. The adverse driver was Steven J. Cordova. His insurer was Progressive Northern Insurance Company, Policy No. 951965769. Plaintiff was represented by Sanchez & Pinon, 333 Rio Rancho Boulevard NE, Suite 205, Rio Rancho, New Mexico 87124, telephone 505-338-0209. The claim involved neck, back, left-hip, left-knee, headache, muscle-spasm, and related complaints reflected in treatment records. No lawsuit was filed. The claim settled for $25,000 gross. After attorney fees, medical expenses or liens, and other deductions, Plaintiff recalls receiving approximately $10,000 net and is reviewing settlement or financial records to determine the exact net amount.

**Tort notice concerning this action:** On May 2, 2024, Plaintiff signed a New Mexico Tort Notice of Claim concerning the April 25, 2024 CCADC incident and mailed it to the New Mexico Risk Management Division. The notice bears a May 3, 2024 receipt stamp. It described the use of chemical agents and less-lethal munitions and requested $30,000; that

18

EXHIBIT F

figure was a demand, not a settlement. A September 3, 2025 Risk Management letter states that the notice was received May 15, 2024, that Curry County did not participate in the State public-liability fund, and that the Division would take no further action. No recovery was obtained through that notice. This notice concerns the same underlying events as this federal action, not a separate injury claim.

**Potential mold complaint:** In approximately 2020, Plaintiff considered or made a complaint concerning alleged black-mold exposure at a county facility. Plaintiff did not pursue it to completion, does not presently recall that a lawsuit was filed, and received no settlement. Additional identifying information is not presently available after reasonable inquiry.

**INTERROGATORY NO. 10:** Please state whether you have ever undergone any counseling or mental health treatment of any kind, for any reason, including but not limited to domestic violence counseling, marital or relationship counseling, drug or alcohol or substance abuse counseling or treatment, psychological counseling or treatment, or any other type of counseling or related treatment. If so, please provide the dates of the counseling or related treatment, the name of the provider of the counseling or related treatment, and the reason why you were being counseled or treated.

**SUPPLEMENTAL ANSWER:**

Plaintiff has received counseling and mental-health or substance-use treatment. He provides the following information based on present recollection and records currently available:

**Court-supervised Drug Court program:** Plaintiff participated in and successfully completed a New Mexico Drug Court substance-use treatment program and continued an alumni or counseling relationship afterward. The exact program dates and counselor's current contact information are being requested and will be supplemented.

EXHIBIT F

**Treatment following his mother's death:** Plaintiff experienced a mental-health crisis and received counseling or treatment after his mother's death. Exact dates and provider information are not presently recalled and are being sought from available records.

**Albuquerque Behavioral Health:** 1101 San Pedro Drive NE, Albuquerque, New Mexico 87110. Treatment concerned behavioral-health or counseling needs. Exact appointment dates and diagnoses are being requested. Plaintiff has executed an authorization covering April 25, 2019 to present.

**Sage Neuroscience Center, Inc.:** 7850 Jefferson Street NE, Suite 300, Albuquerque, New Mexico 87109; telephone 505-884-1114. Plaintiff received psychiatric treatment from Bryan A. Krumm, including treatment for PTSD-related symptoms, anxiety, sleep disturbance, and related conditions. Pharmacy records identify prescriptions by Mr. Krumm on January 22, 2025. Exact treatment dates and complete records have been requested, and Plaintiff executed an authorization covering April 25, 2019 to present.

**CCADC/Roadrunner behavioral-health care:** 801 Mitchell Street, Clovis, New Mexico 88101. During confinement in 2024, Plaintiff received mental-health assessment, counseling, or medication management for mood disorder, depression, anxiety, PTSD history, sleep symptoms, and substance-use history. Providers reflected in the records include Aiste Chamblin and other Roadrunner staff.

Plaintiff is serving signed authorizations for Albuquerque Behavioral Health, Sage Neuroscience Center, Presbyterian Healthcare Services, and UNM Health Sciences. He will supplement exact dates, diagnoses, and provider information when third-party records are received.

**VERIFICATION**

EXHIBIT F

I, Peter John Macias, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Plaintiff's First Supplemental Answers and Objections to Defendant County's First Set of Interrogatories and that the answers are true and correct to the best of my present knowledge, information, and belief after reasonable inquiry.

Executed on August 3, 2026, in Rio Rancho, New Mexico.

X _____

Peter John Macias

Plaintiff, Pro Se

910 11th Avenue Northwest

Rio Rancho, New Mexico 87144

Telephone: 575-271-7715

Email: petermacias66@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, I served the foregoing Plaintiff's First Supplemental Answers and Objections to Defendant County's First Set of Interrogatories (Interrogatories Nos. 1-10 Restated) by electronic mail upon counsel for the Curry County Defendants:

Jonlyn M. Martinez

Law Office of Jonlyn M. Martinez, LLC

jonlyn@jmartinezlaw.net

X _____

Peter Macias

21
EXHIBIT F