**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PETER MACIAS,

Plaintiff,

v. Case No.: 25cv166 MIS/SCY

BOARD OF COUNTY COMMISSIONERS
OF CURRY COUNTY, et al.,

Defendants.

**ORDER GRANTING MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Motion to Compel Defendant Roadrunner Health Services, LLC to Respond to Plaintiff's First Requests for Production ("Motion"), filed on July 20, 2026. Doc. 78. Defendant Roadrunner Health Services, LLC ("Roadrunner") failed to file a response to the Motion and its time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a) (requiring responses to be served and filed within 14 calendar days after service). Roadrunner's failure to file and serve a response in opposition to Plaintiff's Motion to Compel within the time prescribed, here, August 3, 2026, constitutes consent to grant the motion. D.N.M. LR-Civ. 7.1(b).

Additionally, the Court has reviewed Plaintiff's Motion and finds that Defendant Roadrunner has been appropriately served with Plaintiff's First Requests for Production on May 29, 2026, failed to respond to discovery within 30 days, and failed to respond to Plaintiff's meet and confer request on July 2, 2026 and subsequent follow up effort to meet and confer on July 8, 2026. *See* Doc. 73; Doc. 78, Exhibits A-D; *see also* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . ."). For these reasons, the Court will grant Plaintiff's Motion to Compel.

**IT IS THEREFORE ORDERED** that by **Wednesday, September 2, 2026**, Defendant Roadrunner shall fully respond to Plaintiff's First Requests for Production.

**IT IS FURTHER ORDERED** that Defendant Roadrunner shall respond separately to each request and state any objection with specificity, including whether responsive materials are being withheld on the basis of the objection, in accordance with Fed. R. Civ. P. 34(b)(2)(B)-(C).

**IT IS FURTHER ORDERED** that should Defendant Roadrunner withhold any material on a claim of privilege or protection, it expressly makes that claim in accordance with Fed. R. Civ. P. 26(b)(5)(A).

Steve Yarbrough

UNITED STATES MAGISTRATE JUDGE