**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PETER MACIAS,

Plaintiff,

v. Case No.: 25cv166 MIS/SCY

BOARD OF COUNTY COMMISSIONERS
OF CURRY COUNTY, et al.,

Defendants.

**ORDER DENYING MOTION TO APPOINT COUNSEL**

This matter is before the Court on Plaintiff's Motion Requesting Recruitment of Volunteer Counsel Under 28 U.S.C. § 1915(e)(1) and Supporting Memorandum, filed August 22, 2026. Doc. 100. Plaintiff, who is proceeding pro se and in forma pauperis, asks that he be appointed counsel to assist with his Section 1983 lawsuit for excessive force and deliberate indifference to his serious medical need. *Id.* Having reviewed the docket and the relevant law, the Court concludes that the motion should be denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016); *see also* 28 U.S.C. § 1915(e)(1) (regarding in forma pauperis cases, "[t]he court may request an attorney to represent any person unable to afford counsel"). "The decision to appoint counsel is left to the sound discretion of the district court." *Baker v. Simmons*, 65 Fed. App'x 231, 238 (10th Cir. 2003) (quoting *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001)). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Therefore, "the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is

appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation." *Roper v. Dep't of Agric.*, No. 2:26-cv-0123-GJF-DLM, 2026 WL 315034, at *1 (D.N.M. Feb. 5, 2026).

In determining whether to request that an attorney take the case, the Court should consider several factors: "the merits of the claims, the nature of the claims, [the plaintiff's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. At this time, Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Plaintiff, however, argues that his case involves demanding factual, medical, and legal issues for a pro se litigant. Doc. 100 at 5-6. But Plaintiff's filings reveal that he is sufficiently capable of representing his interests in this matter. Indeed, Plaintiff has independently responded to a motion for summary judgment (Doc. 70), engaged in written discovery (Docs. 72, 73, 88, 89), moved to compel discovery responses (Docs. 78, 84), and filed numerous motions requesting relief that has been granted by this Court (*see, e.g.*, Doc. 74, 77, 94, 101).

Plaintiff argues that these written filings do not demonstrate his ability to navigate the non-written aspects of litigation, for which he requires counsel to minimize the risk that his claims will be dismissed on procedural grounds. Doc. 100 ¶¶ 24-25. But the record convinces the Court that Plaintiff is capable of taking depositions, for which the need to apply the Rules of Evidence are "comparatively minimal." *See McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021). Additionally, a trial has not yet been scheduled in this matter. *See* Doc. 100 ¶ 24 (arguing that Plaintiff requires counsel to try the instant matter). While

the appointment of counsel may benefit this Court and parties, "the same could be said in any case." *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**IT IS THEREFORE ORDERED** that, at this stage of the case, Plaintiff's Motion Requesting Recruitment of Volunteer Counsel Under 28 U.S.C. § 1915(e)(1) and Supporting Memorandum (Doc. 100) is DENIED WITHOUT PREJUDICE.

UNITED STATES MAGISTRATE JUDGE