**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS, Civ. No. 1:25-cv-00166-MIS-SCY

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF CURRY, d/b/a CURRY COUNTY ADULT DETENTION CENTER; CURRY COUNTY; WARDEN MARK GALLEGOS; LIEUTENANT CORDOVA; CAPTAIN CHRISTOPHER MORENO; LIEUTENANT TABER STANFIELD; ROADRUNNER HEALTH SERVICES, LLC;
and DOES 1-50,

Defendants.

**PLAINTIFF'S LIMITED SUPPLEMENTAL RESPONSE IN OPPOSITION TO ROADRUNNER HEALTH SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT (DOC. 55)**

Pursuant to the Court's August 24, 2026 Order Granting Plaintiff's Motion for Leave to File Surreply (Doc. 101), Plaintiff Peter John Macias submits this Limited Supplemental Response solely to address the New Mexico Tort Claims Act notice defense raised in Roadrunner Health Services, LLC's Motion for Summary Judgment (Doc. 55) and Reply (Doc. 71). Plaintiff incorporates his original response (Doc. 70) and does not seek to reopen unrelated medical-merits briefing.

**I. ROADRUNNER HAS NOT SUPPORTED ITS INITIAL RULE 56 BURDEN**

Summary judgment is proper only when the movant shows that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party

asserting that a fact cannot be genuinely disputed must cite particular record materials. Fed. R. Civ. P. 56(c)(1). D.N.M.LR-Civ. 56.1(a) likewise requires a concise statement of numbered material facts with particular record citations.

Roadrunner's motion contains no separately numbered material facts and attaches no contract, affidavit, declaration, or other evidence. Its assertion that Roadrunner contracted with Curry County and is a 'public employee' is unsupported. It likewise supplies no evidence establishing the scope of any contract, the identity or statutory status of particular medical practitioners, the proper recipient of notice, or the absence of actual notice. Statements in a brief do not themselves establish undisputed facts. On this record alone, Roadrunner has not carried its Rule 56 burden.

## II. THE NMTCA NOTICE REQUIREMENT CANNOT BAR COUNT IV UNDER 42 U.S.C. § 1983

Count IV of the Third Amended Complaint (Doc. 49) asserts a federal claim under 42 U.S.C. § 1983 against Roadrunner. In Felder v. Casey, the Supreme Court held that a state notice-of-claim statute could not be applied to a § 1983 claim because it conflicted with the purposes and operation of the federal remedy. 487 U.S. 131, 138-53 (1988). The Court explained that federal courts do not apply state notice-of-claim requirements to § 1983 actions and held that state courts may not apply them either. Id. at 138-39, 153.

Accordingly, even if Roadrunner could otherwise invoke the NMTCA, lack of NMTCA notice cannot support summary judgment on Plaintiff's federal Section 1983 claim. Doc. 55 should therefore be denied at least as to Count IV.

## III. ROADRUNNER HAS NOT SHOWN THAT DIRECT WRITTEN NOTICE TO ROADRUNNER WAS REQUIRED FOR COUNT IX

Count IX of the Third Amended Complaint (Doc. 49) asserts state-law medical negligence. Plaintiff does not rely on Felder to excuse a requirement applicable solely to that state-law claim. Roadrunner nevertheless bears the burden on its motion of establishing that it is legally entitled to invoke N.M. Stat. Ann. § 41-4-16 and that the statute required Plaintiff to give written notice directly to Roadrunner.

Section 41-4-16(A) identifies governmental recipients for claims against the State and specified local public bodies. Roadrunner does not quote statutory language requiring notice directly to Roadrunner, identify which statutory recipient Roadrunner claims to be, or submit evidence establishing the status on which its notice defense depends.

Roadrunner's theory therefore leaves an unresolved threshold issue. If Roadrunner relies on an asserted public-employee status, it has not established through competent evidence how the statute applies to Roadrunner Health Services, LLC or why the statute required notice directly to it. If Roadrunner instead relies on its status as a private corporate contractor, it has not demonstrated that it may invoke a public body's statutory notice defense. Because Roadrunner provides no contract or competent evidence resolving its status, it has not established entitlement to judgment on Count IX.

## IV. SUPPLEMENTAL ADDITIONAL MATERIAL FACTS

The following facts are lettered to distinguish them from the numbered additional facts in Plaintiff's original response, as contemplated by D.N.M.LR-Civ. 56.1(b):

A. Plaintiff signed a New Mexico Tort Notice of Claim on May 2, 2024, identifying April 25, 2024 as the incident date and describing the deployment of chemical agents and less-lethal munitions at CCADC. Ex. E at 2-3.

B. The mailing envelope is postmarked May 7, 2024, and the Risk Management Division stamped the notice received on May 15, 2024. Ex. E at 2, 4.

C. On May 21, 2024, Risk Management issued an original response acknowledging the Tort Notice of Claim and its April 25 incident date, but stating that the Division did not insure CCADC. That original response did not provide Curry County routing information. Ex. F at 3.

D. After Plaintiff requested the original notice and response on September 2, 2025, an internal September 3, 2025 email directed that the prior denial be resent and that Curry County contact information be added. Ex. F at 4.

E. The September 3, 2025 reissued response added a Curry County email address and stated that Curry County did not participate in the State public-liability fund. Ex. F at 2.

These documents do not name Roadrunner and do not, standing alone, conclusively establish statutory notice of the February 24 medical-negligence theory. Plaintiff offers them for their proper, limited purpose: they demonstrate contemporaneous written notice arising from the detention events; show receipt before the May 25 date asserted in Roadrunner's reply; explain that the receiving state agency disclaimed coverage of CCADC; and show that Curry County routing information was added only in the later reissued response. They therefore correct the categorical suggestion that the record contains no timely notice-related evidence.

## V. ROADRUNNER'S JANUARY 2026 SERVICE DATE DOES NOT ESTABLISH ITS NOTICE DEFENSE

Roadrunner's reply states that it was served with the Third Amended Complaint on January 23, 2026. Doc. 71 at 2. That date does not transform Section 41-4-16 into a prerequisite to the federal Section 1983 claim. Nor did Roadrunner develop a statute-of-limitations or relation-back argument under Federal Rule of Civil Procedure 15(c), identify the governing limitations period, or provide the facts and authority necessary to obtain judgment on such a theory. The service date does not establish the notice defense actually raised in Doc. 55.

## VI. ALTERNATIVELY, RULE 56(d) SUPPORTS LIMITED DEFERRAL OF ANY FACT-DEPENDENT STATE-LAW ISSUE

If the Court concludes that Roadrunner's contractual status or related evidence is necessary to decide whether the NMTCA applies to Count IX, Plaintiff requests relief under Rule 56(d). Plaintiff served requests for production on Roadrunner on May 29, 2026, filed the notice of service on June 2, 2026 (Doc. 73), and filed a motion to compel on July 20, 2026 (Doc. 78). The requested materials include Roadrunner's contract, amendments, allocation of medical responsibilities, and related records bearing on the status Roadrunner asserts in Doc. 55. Those records are maintained or controlled by Roadrunner, Curry County, or both. They may show whether Roadrunner is a private corporate contractor, whether particular practitioners fall within any statutory definition, and which entity had responsibility for notice and claim administration. Plaintiff cannot present the contents and legal effect of unproduced records. The Court should therefore defer any fact-dependent state-law ruling until that limited discovery is available.

## VII. CONCLUSION

Roadrunner has not produced evidence establishing its NMTCA status, the required recipient of notice, or the absence of legally sufficient notice. More fundamentally, Felder forecloses use of a state notice statute to defeat Plaintiff's federal Section 1983 claim. The Court should deny Doc. 55. At minimum, the Court should deny the motion as to Count IV and decline to enter judgment on Count IX on Roadrunner's unsupported record.

## DISCLOSURE AND CERTIFICATION REGARDING GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to the Standing Order Establishing Disclosure and Certification Requirements for Generative Artificial Intelligence in cases assigned to District Judge Margaret I. Strickland, Plaintiff discloses that OpenAI Codex, a generative artificial intelligence tool, was used in preparing this filing. Plaintiff certifies that he personally reviewed the filing and checked the accuracy of the facts, record citations, legal authorities, and requested relief. Plaintiff understands that he remains fully responsible for the filing under Federal Rule of Civil Procedure 11.

Respectfully submitted,

/s/ Peter John Macias

Peter John Macias

Plaintiff, Pro Se

910 11th Avenue Northwest

Rio Rancho, New Mexico 87144

Telephone: 575-271-7715

Email: petermacias66@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, I filed the foregoing Limited Supplemental Response through the Court's CM/ECF system, which caused notice of electronic filing to be served on all counsel of record.

/s/ Peter John Macias

Peter John Macias