**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| PETER JOHN MACIAS,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CURRY, d/b/a CURRY COUNTY DETENTION CENTER; CURRY COUNTY; WARDEN MARK GALLEGOS; LIEUTENANT CORDOVA; CAPTAIN CHRISTOPHER MORENO; LIEUTENANT TABER STANFIELD; ROADRUNNER HEALTH SERVICES, LLC; and DOES 1–50,<br><br>Defendants. | Civ. No. 1:25-cv-00166-MIS-SCY |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO COUNTY DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOC. 91)**

Plaintiff Peter John Macias, proceeding pro se, responds to the County Defendant's Motion to Compel Discovery (Doc. 91). Plaintiff acknowledges that his earlier provider disclosures needed additional contact and treatment information. He has now supplied that information, his adult son's contact information, and nineteen signed provider-specific District of New Mexico Appendix A authorizations, in addition to provider-specific forms served earlier. Those materials were served privately on August 20, 2026, because they contain protected medical information and nonparty identifying information. Counsel's August 19 email confirms that the County offered to withdraw Doc. 91 if Plaintiff provided his adult son's information and signed releases with the provider fields left blank.

The remaining dispute is narrow: the County demands reusable authorizations with the healthcare-provider field left blank. The text of D.N.M.LR-Civ. 26.3(d)(3), the official Appendix A forms, and Judge Yarbrough's recent construction of the rule all support provider-specific

authorizations. Plaintiff therefore requests that the Court deny the completed portions of the motion as moot, deny the blank-provider demand, and deny fees or other sanctions.

## I. RELEVANT PROCEDURAL RECORD

1. On July 23, 2026, Plaintiff served signed and verified answers to the County Defendant's interrogatories and responses to requests for production. Doc. 91 at 2; Doc. 91-2; Doc. 91-3.

2. After receiving counsel's July 27 supplementation letter and July 28 email, Plaintiff continued collecting provider information, records, and authorizations. On July 31, he served four signed provider-specific authorizations. Doc. 91 at 2; Doc. 91-5.

3. On August 3, Plaintiff served signed and verified supplemental interrogatory answers, supplemental production responses, and additional medical and pharmacy records. Doc. 91 at 2–3; Doc. 91-6; Doc. 91-7.

4. On August 13 at 9:56 a.m., County counsel sent a further demand inside the older August 3 production email thread and requested a response by 2:00 p.m. that day. Plaintiff did not see that message before Doc. 91 was filed and did not intentionally refuse to respond. At the same time, he was actively communicating with counsel in a separate discovery thread. Ex. A (Macias Decl.) ¶¶ 5–6.

5. On August 14, Plaintiff advised counsel that he was preparing targeted supplementation, would provide his adult son's information privately, would correct the previously misclassified hospital authorization, and would execute an unmodified Appendix A authorization naming each identified provider. Ex. A ¶ 7; Ex. B at 2.

6. On August 19, counsel stated that the County would withdraw Doc. 91 if Plaintiff provided his adult son's contact information and signed releases with the provider names left

blank. Ex. A ¶ 8; Ex. B at 2–3. Plaintiff accepted the first condition but maintained his provider-specific objection to the second.

7. On August 20, Plaintiff served twenty-two PDF attachments: a signed transmission letter, signed second supplemental answers, a signed private third supplemental answer giving the adult son's contact information, and nineteen signed provider-specific Appendix A authorizations. The authorizations included a corrected Local Form 1 authorization replacing an earlier hospital authorization that used the mental-health form. Ex. A ¶¶ 9–12; Ex. B at 3–4.

8. Plaintiff has not filed the unredacted cure materials because they contain protected medical information, signatures, personal identifiers, and a nonparty's private contact information. Ex. A ¶ 13. He remains willing to supplement timely if reliable records identify a material correction or an additional provider whose information he may use. Id. ¶ 14.

## II. THE PROVIDER-LIST AND ADULT-SON ISSUES ARE MOOT, AND THE AUTHORIZATION DISPUTE IS SUBSTANTIALLY NARROWED.

Counsel's August 19 email narrows the requested cure to two conditions and states that the County will withdraw its motion if they are met: disclosure of the adult son's contact information and execution of releases with the provider fields left blank. Ex. B at 2–3. Plaintiff privately supplied the adult-son information on August 20 and transmitted nineteen signed provider-specific authorizations. Ex. A ¶¶ 9–12; Ex. B at 3–4. Thus, the factual disclosure issue has been cured, while the authorization dispute turns on whether Appendix A requires a provider name or permits a reusable blank form.

The Court need not compel information already produced. See Rowe v. C.R. Bard, Inc., No. 1:15-cv-00173-WJ-KK, Doc. 50, at 2 (D.N.M. Feb. 4, 2020) (Khalsa, M.J.) (denying a request to compel production as moot after the requested material was produced). Plaintiff's

August 20 supplement gives the provider-by-provider contact and treatment information presently known after reasonable inquiry and provides the adult son's identifying and contact information privately. The same information should not be reproduced on the public docket.

Plaintiff also served nineteen signed authorizations on August 20, in addition to two provider-specific authorizations served earlier. The forms cover the principal records-holding organizations and most individual clinicians identified through the records reviewed to date. If the County identifies a listed individual provider for whom it contends no separate form has been supplied, Plaintiff will promptly execute a provider-specific Appendix A form. That targeted process, together with Plaintiff's continuing duty under Rule 26(e), eliminates any need for reusable blank authorizations.

**III. LOCAL RULE 26.3(d) AND APPENDIX A SUPPORT PROVIDER-SPECIFIC AUTHORIZATIONS, NOT BLANK FORMS.**

D.N.M.LR-Civ. 26.3(d)(3) requires, "for each healthcare provider," a signed authorization in the Appendix A format. The official medical and mental-health forms reinforce that provider-specific language. Paragraph 1 authorizes disclosure by the listed person or organization, and the form expressly instructs that the "individual medical provider name must be inserted." D.N.M. Local Forms 1 and 2, ¶ 1. Paragraph 8 likewise refers to "the medical provider identified in paragraph one." Id. ¶ 8. Leaving Paragraph 1 blank would disregard those express instructions.

Judge Yarbrough's decision in Channon v. Liberation Distribution, LLC is consistent with Plaintiff's approach. Channon held that a party must identify providers whose information he believes in good faith he may use and, "[f]or each provider listed," execute a general Appendix A authorization without restrictions or modifications. No. 1:24-cv-01124-WJ-SCY,

Doc. 96, at 7–8, 10 (D.N.M. Dec. 16, 2025) (Yarbrough, M.J.). Plaintiff followed that provider-specific method: every form he signed names the provider or records-holding organization and retains the form's standard substantive language.

The County explains that it wants a blank authorization to send first to an insurer to locate unknown providers and then to reuse for other providers. Doc. 91 at 4 n.2. But neither the Local Rule nor Appendix A creates a reusable authorization untethered to the provider identified in Paragraph 1. If an insurer or another source identifies an additional provider whose information Plaintiff may use, Plaintiff will execute a new provider-specific authorization and supplement under Rule 26(e). The present record does not justify compelling a form that omits a field the official form says must be completed.

**IV. FEES, COSTS, AND OTHER SANCTIONS SHOULD BE DENIED.**

Plaintiff recognizes that Rule 37(a)(5)(A) applies when requested discovery is provided after a motion to compel is filed. The Rule nevertheless prohibits an expense award when the nondisclosure, response, or objection was substantially justified or when other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). "Substantially justified" means justified to a degree that could satisfy a reasonable person. Layng v. Rael (In re Rael), 753 F. App'x 649, 657 (10th Cir. 2018) (unpublished) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiff's narrow objection to blank-provider authorizations is substantially justified by the Local Rule's "for each healthcare provider" language, the forms' instruction that the provider name "must be inserted," and Channon's direction to execute an authorization for each provider listed. Even if the Court ultimately interprets the Rule differently, that textual basis is reasonable and defeats an expense award concerning the blank-form dispute.

Other circumstances also make an award unjust. Plaintiff served verified responses on July 23, provider-specific releases on July 31, and substantial supplemental responses and records on August 3. The final August 13 demand was placed inside an older email thread and allowed approximately four hours for response. After locating it, Plaintiff continued conferring, assembled a detailed cure, and served twenty-two signed or completed PDFs on August 20. Ex. B at 3–4. That record reflects imperfect but active compliance, not willful obstruction.

Finally, the County's motion seeks relief broader than the Court should grant because the provider-list and adult-son issues are now moot and the blank-provider demand should be denied. If the Court treats the motion as granted in part and denied in part, Rule 37(a)(5)(C) makes apportionment discretionary. In light of the mixed issues, the completed cure, and the reasonable provider-specific objection, no expenses should be awarded.

**V. CONCLUSION**

Plaintiff respectfully requests that the Court: (1) deny as moot the requests to compel a completed provider disclosure and adult-son information; (2) deny the demand for authorizations with the healthcare-provider field left blank; (3) deny fees, costs, and other sanctions; and (4) if the Court identifies a specific missing provider-specific authorization, allow a reasonable deadline for that targeted supplement without imposing expenses.

Respectfully submitted,

/s/ Peter John Macias
PETER JOHN MACIAS
Plaintiff, Pro Se
910 11th Avenue Northwest
Rio Rancho, New Mexico 87144
Telephone: 575-271-7715
Email: petermacias66@gmail.com

**GENERATIVE-AI DISCLOSURE AND CERTIFICATION**

Plaintiff discloses that ChatGPT (OpenAI), including OpenAI Codex, was used to assist in preparing this document. Pursuant to Judge Strickland's Standing Order Establishing Disclosure and Certification Requirements for Generative Artificial Intelligence, Plaintiff certifies that he personally reviewed the entire document and checked every AI-assisted portion, including citations and legal authority, and remains responsible for the filing under Federal Rule of Civil Procedure 11.

/s/ Peter John Macias
PETER JOHN MACIAS

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I filed the foregoing electronically through the Court's CM/ECF system. The CM/ECF system will transmit a Notice of Electronic Filing to all counsel of record, including Jonlyn M. Martinez and Augustine M. Rodriguez, Jr.

/s/ Peter John Macias
PETER JOHN MACIAS