**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| PETER JOHN MACIAS,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CURRY, d/b/a CURRY COUNTY DETENTION CENTER; CURRY COUNTY; WARDEN MARK GALLEGOS; LIEUTENANT CORDOVA; CAPTAIN CHRISTOPHER MORENO; LIEUTENANT TABER STANFIELD; ROADRUNNER HEALTH SERVICES, LLC; and DOES 1–50,<br><br>Defendants. | Civ. No. 1:25-cv-00166-MIS-SCY |

## EXHIBIT A — DECLARATION OF PETER JOHN MACIAS

I, Peter John Macias, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action and have personal knowledge of the facts stated in this declaration.

2. On July 23, 2026, I served signed and verified answers to Curry County's interrogatories and responses to its requests for production, together with records then available to me.

3. After receiving counsel's July 27 supplementation letter and July 28 email, I continued gathering records, provider information, and medical authorizations.

4. On July 31, 2026, I emailed counsel four signed, provider-specific authorizations naming the providers or records-holding organizations.

5. On August 3, 2026, I served signed and verified supplemental interrogatory answers and supplemental production responses, together with additional medical and pharmacy records and other responsive documents.

6. On August 13, 2026, at 9:56 a.m., Ms. Martinez sent a further supplementation demand by replying inside my older August 3 production thread and requested a response by 2:00 p.m. that day. I did not see that message before Curry County filed Doc. 91. I did not intentionally refuse to respond.

7. After locating the August 13 message, I sent a good-faith conferral email on August 14 explaining that I was preparing targeted supplementation, would correct the previously misclassified hospital authorization, would provide my adult son's information privately, and would execute an unmodified Appendix A authorization naming each identified provider.

8. On August 19, 2026, Ms. Martinez wrote that the County would withdraw Doc. 91 if I provided my adult son's name, address, and telephone number and signed releases with the provider names left blank. I agreed to provide the adult-son information privately but maintained my objection to leaving the provider field blank.

9. On August 20, 2026, I served Ms. Martinez by email with twenty-two PDF attachments addressing Doc. 91. The transmission included my signed discovery transmission letter, signed second supplemental answers, a signed private third supplemental answer to Interrogatory No. 4, and nineteen signed provider-specific Appendix A authorizations.

10. My private third supplemental answer provided my adult son's identifying and contact information after reasonable inquiry.

11. My second supplemental answers provided the provider-by-provider contact and treatment information presently known or reasonably obtainable and explained where exact dates or information remained dependent on third-party records.

12. The nineteen signed authorizations identify the respective providers or records-holding organizations in Paragraph 1. They include a corrected Local Form 1 authorization for

hospital and surgical records, replacing the earlier authorization that used the mental-health form. Two additional provider-specific authorizations had been served earlier.

13. I served the cure materials privately because they contain protected medical information, signatures, personal identifiers, and a nonparty's private contact information. I have not attached those unredacted materials to the public response.

14. I remain willing to supplement timely if reliable records identify a material correction or an additional provider whose information I may use.

15. Exhibit B is a true and correct copy of the relevant August 14–20, 2026 email thread, except that the public copy omits or redacts attachment filenames identifying medical providers and the Gmail browser-session URL.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2026, at Rio Rancho, New Mexico.

x

/s/ Peter John Macias
PETER JOHN MACIAS

**GENERATIVE-AI DISCLOSURE AND CERTIFICATION**

Plaintiff discloses that ChatGPT (OpenAI), including OpenAI Codex, was used to assist in preparing this document. Pursuant to Judge Strickland's Standing Order Establishing Disclosure and Certification Requirements for Generative Artificial Intelligence, Plaintiff certifies that he personally reviewed the entire document and checked every AI-assisted portion, including citations and legal authority, and remains responsible for the filing under Federal Rule of Civil Procedure 11.

x

/s/ Peter John Macias
PETER JOHN MACIAS