**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**PETER JOHN MACIAS,**

**Plaintiffs**

**v.** **1:25-cv-00166-MIS-SCY**

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF CURRY, d/b/a**
**CURRY COUNTY DETENTION CENTER**
**&**
**CURRY COUNTY**
**&**
**WARDEN MARK GALLEGOS,**
**&**
**LIEUTENANT CORDOVA,**
**&**
**CAPTAIN CHRISTOPHER MORENO,**
**&**
**LIEUTENANT TABER STANFIELD,**
**&**
**ROADRUNNER HEALTH SERVICES, LLC**
**& DOES 1-50,**

**Defendants.**

**COUNTY DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO COMPEL DISCOVERY**

County Defendant Board of County Commissioners of the County of Curry ("County Defendant"), through undersigned counsel, submits this Reply in Support of its Motion to Compel Discovery.

INTRODUCTION

Plaintiff's Response does not establish that he has fully complied with the discovery at issue. Although Plaintiff states that he privately supplied his adult son's identifying and contact information on August 20, 2026, County Defendant still has not received a complete response identifying the son by name and providing his current address and telephone number. Plaintiff's assertion that he transmitted the information does not substitute for actual production.

Plaintiff also has not provided an authorization that permits County Defendant to obtain an independent and complete account of his healthcare providers and prescription history. Instead, Plaintiff has provided authorizations limited to providers or records-holding organizations he selected and identified. Plaintiff admits that he served provider-specific authorizations and maintains that any further authorization should depend on whether another source identifies a provider whose information Plaintiff believes he may use.

County Defendant narrows and clarifies the relief requested. It seeks properly executed authorizations directed to Plaintiff's health insurer or health plan and his pharmacies or pharmacy-benefit manager for the period from April 25, 2019, through the present. Those entities can identify the medical and mental-health providers who submitted claims and the medications dispensed to Plaintiff. This limited discovery will provide an objective account rather than a list restricted to providers and prescriptions Plaintiff chooses or remembers to disclose.

## STATEMENT OF FACTS

County Defendant's Motion sought three categories of outstanding discovery: signed medical and mental-health authorizations, a complete list of Plaintiff's medical and mental-health providers from April 25, 2019, through the present, and the name, address, and telephone number of Plaintiff's adult son, with whom Plaintiff allegedly had a physical altercation.

Plaintiff previously failed to provide the name and contact information for his adult son in response to Interrogatory No. 4. Plaintiff now represents that he transmitted that information privately on August 20, 2026. As of the filing of this Reply, however, County Defendant still has not received a complete response identifying the adult son by name and providing his current address and telephone number.

Plaintiff also acknowledges that the authorizations he supplied identify particular providers or records-holding organizations chosen by him. County Defendant explained in its Motion that Plaintiff's produced medical records contain insurance information and that an authorization directed to the insurer would allow Defendant to identify providers who treated Plaintiff during the relevant period but whom Plaintiff did not disclose or recall.

POINTS AND AUTHORITIES

As noted in its Motion to Compel, the Defendant is entitled to the information requested. The Plaintiff has placed his physical or mental condition at issue. Therefore, the Plaintiff was required to provide the defendant with a list containing "any healthcare provider . . . which [has] treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings," "all records of such healthcare providers which are already in that party's possession," and "a signed authorization to release medical records form" for each healthcare provider. D.N.M.LR-Civ. 26.3(d), *and see Montoya v. GEO Grp., Inc.*, No. 22-758 MLG/GBW, 2023 U.S. Dist. LEXIS 94430, at *2-3 (D.N.M. May 31, 2023). In his discovery responses, the Plaintiff has repeatedly indicated that he does not know the identity of his provider or he has failed to list a provider. *See Exhibit B*, at Interrogatory No. 18, *and see Exhibit F*, at Interrogatory No. 9, in which the Plaintiff indicates that following an automobile accident on November 18, 2024, he suffered injuries to his head, back, hip and knee. The Defendant should not be required to rely on the Plaintiff's representations concerning his providers in the period requested. If the Plaintiff refuses to provide a blank release, he should be required to provide a release directed to his insurer so the Defendant can obtain a complete list of his providers in the relevant time period. In addition, the Defendant requests that the Plaintiff be required to sign a release for his pharmacies so the Defendant can obtain a complete list of his prescriptions in the relevant time period. Finally, the Defendant is entitled to the Plaintiff's adult son's full name and contact information so he can be contacted concerning the injuries the Plaintiff suffered in their altercation.

**CONCLUSION**

Based on the foregoing, the County Defendant requests that this Court compel the Plaintiff to provide blank HIPAA releases or a signed HIPAA release directed to Plaintiff's medical/mental health provider allowing the Defendant to obtain a complete list of Plaintiff's medical provider in the time period requested and a similar release directed to Plaintiff's pharmacies. The Defendant also requests that the Plaintiff supplement Interrogatory No. 4. The County Defendant also requests that it be awarded its costs and fees incurred in obtaining the relief requested.

Respectfully submitted.

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*

JONLYN M. MARTINEZ
Attorney Defendant County
P.O. Box 7265
Albuquerque, NM 87194
jonlyn@jmartinezlaw.net

I hereby certify that a copy of the foregoing
was served via CM/ECF on
September 9, 2026, to Plaintiff:

*/s/ Jonlyn M. Martinez*
Jonlyn M. Martinez