IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER JOHN MACIAS,

Plaintiff,

v. No. 1:25-cv-00166-MIS-SCY

BOARD OF COUNTY COMMISSIONERS
OF CURRY COUNTY, et al.,

Defendants.

**PLAINTIFF'S MOTION TO ENFORCE DOC. 94, COMPEL COMPLETE PRODUCTION RESPONSES, AND EXTEND THE MOTION DEADLINE**

Plaintiff Peter John Macias, appearing pro se, requests a limited order requiring Defendant Roadrunner Health Services, LLC to complete or clarify its responses to First Requests for Production Nos. 2, 3, 4, 5, 6, and 9 under Doc. 94 and Rules 34 and 37. Roadrunner served written responses and records on August 14, 2026. Plaintiff challenges specific remaining deficiencies, not the fact that production preceded the order. To the extent required, he requests an extension through the filing of this motion under Doc. 68, D.N.M.LR-Civ. 26.6, and Rule 6(b)(1)(B).

**1. The requests, production, order, and efforts to resolve the dispute**

Doc. 68 at 1–2 permits ten production requests by each party to any other party. Its footnote 1 requires opposed discovery-related motions within twenty-one days of the disclosure, response, answer, or objection at issue unless the parties agree or the Court extends the time. The Court expects parties to grant liberal extensions when actively communicating. That expectation is not itself an extension.

Plaintiff's First Requests for Production are attached as Exhibit 1. Doc. 94 at 1 found that they were appropriately served May 29, 2026, and that Roadrunner did not timely respond or answer the July 2 and July 8 conferral efforts. Plaintiff filed Doc. 78 on July 20. Doc. 79, filed July 24, documented courtesy re-service of the same production requests; it did not serve the later interrogatories and admissions.

On August 14, Roadrunner emailed six pages of production responses, ten medical exhibits labeled A through J, and a service certificate. Exhibits 2 and 3 at 1–2. Thus, Roadrunner did produce documents. Its already-produced materials could satisfy the later order if substantively complete. The dispute concerns the categorical negative responses, completeness questions, and policy objection identified below.

On August 19, the Court granted Doc. 78 and required Roadrunner to fully respond by Wednesday, September 2, 2026. It required a separate response to each request, specific objections identifying whether responsive materials were withheld, and express privilege or protection claims complying with Rule 26(b)(5)(A). Doc. 94 at 2. The order did not adjudicate the sufficiency of each August 14 response.

On August 21, Plaintiff identified concerns involving Requests 2, 6, and 9, and then sent County-produced medical-request and email records for comparison with Roadrunner's production, including follow-up and provider communications. He requested correction or supplementation by September 2. Exhibit 3 at 3–5. The comparison records were supplied to identify issues, not represented as Roadrunner's complete files.

On September 3, Plaintiff asked counsel to identify and resend any compliance materials or provide the outstanding responses, allowing a courtesy response through September 4 at 5:00

p.m. On September 4, he asked whether Roadrunner considered August 14 complete compliance, offered a September 8 call, and gave a further courtesy response date of September 9. Exhibit 3 at 5–6. The offer does not establish that a September 8 call occurred.

Plaintiff corrects his September 4, 9:29 p.m. email: the August 14 production did not cause the July 20 motion, and production before Doc. 94 was not necessarily deficient. Exhibit 3 at 6. He also withdraws the August 21 suggestion that the request underlying the May 23 triage entry was missing. Roadrunner's Exhibit F contains the May 20 request triaged May 23, reproduced here as Exhibit 9.

During the September 10 telephone discussion, counsel asked Plaintiff to identify the missing materials; Plaintiff recalls that both discovery tracks were discussed. Plaintiff resent the separate interrogatories and admissions that day. He does not characterize that request as an unequivocal refusal to provide any further discovery. His contemporaneous September 10 email established his understanding of a September 15 checkpoint for interrogatories and admissions, not a new production-order or motion-filing deadline. Accompanying declaration ¶¶ 5–6.

Doc. 105, filed August 26, describes August 14 service as involving "Interrogatories and Requests for Production." Its label is not a finding that Doc. 94 was satisfied. The separate interrogatory question is addressed in Plaintiff's other motion. Plaintiff reports no additional Roadrunner answers, objections, or documents received after the September 10 call through September 16. Accompanying declaration ¶ 7. On September 17, counsel supplied a seven-page document containing interrogatory and admission responses. Exhibits S2–S3. Plaintiff acknowledges that response and does not claim silence through September 17. Although its title also mentions production requests, the attachment contains no request-by-request supplemental

production responses, policy documents, or additional medical-record exhibits. Its general assertions of care do not identify or resolve the specific production deficiencies below. This motion does not seek relief against the County defendants or duplicate the County discovery disputes.

**2. Timeliness and request for a supported extension**

Plaintiff does not contend that an enforcement label avoids the applicable motion deadline. Local Rule 26.6 ordinarily requires a motion within twenty-one days after service of an objection, subject to its specified-later-production provision and extension for good cause. Doc. 68 at 1 n.1 applies more broadly to opposed discovery-related motions. Under Rule 6(a), twenty-one days after August 14 was Friday, September 4, 2026. Rule 6(d) does not add three days for email service under Rule 5(b)(2)(E).

Doc. 94's September 2 compliance deadline did not expressly extend Plaintiff's motion deadline. The September 4 and September 9 courtesy dates were Plaintiff's efforts to obtain a response, not demonstrated bilateral extensions. Continued conferral did not automatically toll the period. Nor did the September 10 discussion concerning separate discovery restart it. Accordingly, insofar as this motion challenges the August 14 responses or objections, Plaintiff requests permission to proceed out of time.

Rule 6(b)(1)(B) requires good cause and excusable neglect for relief after expiration. The equitable inquiry includes prejudice, the duration and effect of delay, its reason and controllability, and good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993). Mistake about a rule is not ordinarily enough. *Id.* at 392. In *Cordova v. BNSF Railway Co.*, No. 1:23-cv-00113-DHU-KK, Doc. 75, at 2–3 (D.N.M.

Apr. 30, 2024) (Yarbrough, M.J.) (unpublished district-court order), the Court applied good cause and excusable neglect to a late discovery motion and considered the particular ongoing communications and discovery activity. That persuasive order does not create automatic tolling; the promised supplementation there differs from the record here.

Plaintiff's actual reason for waiting was to continue communicating with counsel and give additional opportunities to provide the discovery and resolve the dispute without another motion. Accompanying declaration ¶ 8. The August 21 emails identified limited issues and supplied records; the September 3–4 messages sought completion or clarification and expressly warned of court relief. Exhibit 3 at 3–6. These were concrete efforts to narrow the dispute, not mere inactivity.

Plaintiff candidly acknowledges that requesting a protective extension before September 4 was within his control and that he did not secure an agreement extending the motion deadline. His choice to continue conferral did not excuse that procedural step automatically. The September 10 checkpoint concerned another set of discovery and is not offered as an agreement extending this deadline. He requests the Court's discretion on the actual record, not on an invented promise or personal hardship.

As of September 19, 2026, fifteen days had elapsed since September 4. Plaintiff requests an extension only through the filing of this motion, not an open-ended delay. The September 16 concurrence request, September 17 follow-up and voicemail, and review of counsel's September 17 response continued those resolution efforts. Exhibits S1–S3 and S5. That new response concerned separate discovery and did not itself extend or restart the production-motion deadline. The requested production remains within the original requests and the existing order. Counsel

had the specific concerns and comparison records before September 2. Plaintiff identifies no particular loss of evidence attributable to this short motion delay and seeks no continuance or alteration of other case deadlines. He does not assume that Roadrunner has no prejudice; any concrete scheduling or evidentiary impact can be addressed in its response. These limited circumstances, the prior notice, and the effort to obtain compliance support good faith and the requested extension despite the acknowledged failure to seek timely protection.

**3. Governing requirements and limited remaining deficiencies**

Rule 34(a)(1) reaches responsive documents within Roadrunner's possession, custody, or control. Rules 34(b)(2)(B)–(C) require specific responses and objections, including whether responsive materials are withheld. Rule 26(b)(5)(A) governs claims of privilege or protection. Doc. 94 expressly required these measures. Rules 37(a)(3)(B)(iv) and (a)(4) authorize relief for incomplete production responses; Rule 37(b)(2)(A) permits further just orders for failure to obey a discovery order. Plaintiff seeks compliance within Rule 26(b)(1)'s relevance and proportionality limits, not creation of nonexistent records or automatic rejection of supported protections.

Plaintiff distinguishes Roadrunner's August 14 production from records he obtained separately through the County's public-records response. Possessing a County copy is not proof that Roadrunner supplied it or that Roadrunner controls additional copies. Conversely, a document is not missing from Plaintiff's possession merely because Roadrunner did not supply it. For already-held records, Plaintiff requests identification and reconciliation of the response rather than unnecessary duplicate production. Additional production is requested only for

responsive material within Roadrunner's possession, custody, or control that has not already been supplied or identified.

**A. Request 2: medical requests and similar submissions**

Request 2 seeks Plaintiff's medical kites, sick-call requests, grievances, medical requests, complaints, and similar submissions during incarceration. Exhibit 1 at 2. Roadrunner answered that responsive records were attached. Exhibit 2 at 3. Plaintiff acknowledges the May 20 request triaged May 23, Exhibit 9, and does not seek it again.

The County's March 16 request record reports Plaintiff's concern that a recommended return to the hospital had not occurred and includes a clinic follow-up response. Exhibit 4 at 1. Plaintiff sent this record during August 21 conferral. Exhibit 3 at 4–5. Its existence supports asking whether Roadrunner's production includes all responsive submissions and existing routing or response records within its control. It does not prove that a separate Roadrunner copy or additional document was withheld. Roadrunner should identify any already-produced responsive record, produce any additional responsive material, or confirm after reasonable inquiry that no additional responsive material is within its possession, custody, or control.

**B. Request 3: follow-up after the February 24 emergency visit**

Request 3 covers records and communications relating to recommended follow-up treatment, surgical consultation, referrals, outside appointments, scheduling, cancellations, and transport after the February 24 visit. Exhibit 1 at 2–3. Roadrunner answered that no responsive documents existed. Exhibit 2 at 3. Yet its own hospital record documents the recommendation

for surgical-clinic follow-up. Exhibit 8 at 1. The February email chain discusses an uncompleted offsite-return form and an effort to obtain the encounter record. Exhibit 5 at 1–2.

Roadrunner should reconcile its categorical response with these records; identify any responsive records already produced; and produce any additional responsive scheduling, referral, transport, or hospital-record correspondence within its control. If a referenced form was never completed or a requested record is not held or controlled, the response should clarify that fact. Plaintiff does not infer a missing retained form merely from a reference to an uncompleted one, or seek a finding of medical causation on these records.

**C. Requests 4–6: County communications and Crane/Fallis records**

Request 4 covers Roadrunner–County communications about Plaintiff's specified medical issues and treatment or transport. Requests 5 and 6 cover records authored, reviewed, received, communicated to, or concerning Lisa Crane and Michaela Fallis, respectively, including chart entries and internal communications. Exhibit 1 at 3. Roadrunner gave categorical no-document responses to all three. Exhibit 2 at 3–4.

The chart already produced contains Crane's March 2 assessment and follow-up entries and Fallis's July 1 follow-up communications. Exhibit 7 at 1–2. The February and June/July email excerpts also contain Crane/Fallis communications. Exhibits 5 and 6. Thus, the negative responses to Requests 5 and 6 require correction or explanation even if the intended answer was that there were no additional records beyond the chart.

For Request 4, a May 10, 2024 email records direct communication between County administrator Melissa Lujan and Roadrunner Health Service Administrator Tysen McKinney about Plaintiff. Lujan forwarded an attachment; McKinney replied that he had checked the chart

and that Kelsie had tasked a provider visit for May 14. Exhibit S6 at 1. This is a concrete record for reconciling the categorical no-document answer, not proof that Roadrunner still controls every County record. Plaintiff already possesses this email and does not demand a duplicate. He requests an accurate response identifying previously produced responsive material and production of any additional responsive communications within Roadrunner's control after a reasonable inquiry.

The June/July chain refers to an attached emergency-room summary. Exhibit 6 at 2 (original email PDF page 5). Plaintiff requests identification of that summary in the existing production or production if responsive, retained, and not already supplied. He does not assume it is absent from the hospital exhibits. No general access to employee accounts or County systems is requested.

**D. Request 9: applicable 2024 policies**

Request 9 identifies six subjects: medical emergencies, hospital follow-up appointments, outside transport, infection monitoring, postoperative care, and handling outside referrals. Exhibit 1 at 4. Roadrunner objected on relevance and harassment grounds, referred to NCCHC and ACA standards and County policies, and acknowledged that it has supplemental policies and procedures. Exhibit 2 at 5. The response neither identifies responsive policies produced nor states whether responsive material is being withheld on its objection.

Plaintiff narrows the requested relief to responsive materials in effect during 2024 applicable to care at the Curry County facility and within Roadrunner's possession, custody, or control. Those subjects concern the care and follow-up processes disputed in this action and are distinct from individual medical charts. The current relevance and proportionality standard in

Rule 26(b)(1), not the former reasonably-calculated formulation used in the response, governs. The response supplies no request-specific burden explanation resolving this narrowed inquiry.

Plaintiff has located copies bearing the subjects Continuity, Coordination and Quality of Care During Incarceration and Hospital and Specialty Care, Policy Nos. 1-05-TT and 1-04-KK. He does not claim that he possesses no policies or demand duplicate copies. The unresolved questions include which versions applied during 2024 and whether Roadrunner's response accounts for all six requested subjects. Accompanying declaration ¶ 17. Roadrunner should identify the applicable already-supplied policies, produce any additional responsive materials within its control, or specifically identify what it withholds and why. The fact that the County keeps its own policies does not resolve whether Roadrunner controls responsive copies. Any privilege or protection claim must comply with Doc. 94 and Rule 26(b)(5)(A). Plaintiff does not request a determination that every objection or confidentiality concern is automatically waived.

**4. Conferral certification and concurrence status**

Under Rule 37(a)(1), Plaintiff certifies that he attempted in good faith to resolve the production dispute through the August 21 emails identifying concerns and supplying comparison records, the September 3 inquiry, the September 4 follow-ups and offered call, and the September 10 discussion concerning missing materials. Exhibit 3 at 3–6; accompanying declaration ¶¶ 3–6. Those efforts sought clarification and completion before further court action.

Plaintiff emailed both unsigned proposed motions on September 16 at 10:52 a.m. and expressly requested Roadrunner's position on each and the alternative relief, including deadline-extension relief. On September 17 at 9:26 a.m. he followed up and requested a position by 2:00 p.m., offering discussion. Exhibit S1 at 1–2. He attempted calls at 8:46 a.m. and approximately

9:13 a.m., and left a voicemail at 10:07 a.m. requesting a response by phone, text, or email. Declaration ¶¶ 9–12. Counsel's email supplied the separate interrogatory/admission responses but did not state whether Roadrunner opposed this motion or its extension request. Exhibit S2. At 2:12 p.m. on September 17, Plaintiff acknowledged the new answers and requested verification, clarification of the service date, and Roadrunner's position on the motions. At 3:10 p.m., he sent a detailed follow-up identifying the new answer concerns and expressly keeping the previously identified Doc. 94 deficiencies separate. That message requested a prompt response, a brief substantive telephone conference, and identification of any supplementation and completion date. It expressly disclaimed an extension of any court or motion-filing deadline. Exhibit S5 at 1–2; declaration ¶¶ 14–15. The correspondence documents an attempted resolution, not a completed conference about the new answers or an express refusal. Plaintiff has not obtained concurrence on this motion or the extension relief. He does not treat silence as consent or the unilateral 2:00 p.m. checkpoint as a court deadline.

**5. Requested relief**

Plaintiff respectfully requests that the Court:

(a) Extend the applicable motion deadline through the filing of this motion for good cause and excusable neglect, to the extent an extension is required;

(b) Direct Roadrunner, within fourteen days of the Court's order or another specified period, to correct or clarify responses to Requests 2, 3, 4, 5, 6, and 9 and produce remaining responsive, nonprivileged material within its possession, custody, or control, as narrowly described above;

(c) Require identification of previously produced responsive records on which Roadrunner relies, clarification of no additional records versus no responsive records, and specific statements concerning withholding and any claimed protection consistent with Doc. 94; and

(d) Require written confirmation of completion, including clarification when an identified item was not created or is not possessed or controlled. Plaintiff requests no contempt, default, merits judgment, or monetary sanctions in this motion.

**6. AI disclosure and personal-review certification**

OpenAI Codex assisted in preparing this document. By signing below, I certify that I have personally checked the accuracy of the AI-assisted portions, including all citations and legal authorities, in accordance with Judge Strickland's standing order concerning generative AI.

Respectfully submitted,
/s/ Peter John Macias
Peter John Macias, Plaintiff Pro Se
910 11th Ave. NW, Rio Rancho, NM 87144
Telephone: 575-271-7715 | petermacias66@gmail.com
Date: September 19, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2026, I electronically filed this motion and its supporting attachments through CM/ECF, which transmitted the Notice of Electronic Filing to all registered counsel of record, including counsel for Roadrunner. This certification is executed only upon actual filing and service. Any recipient not served through CM/ECF must be served by an authorized Rule 5 method and identified in a supplemental certificate.

/s/ Peter John Macias
Peter John Macias
Date of certification: September 19, 2026