IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER JOHN MACIAS,

Plaintiff,

v. No. 1:25-cv-00166-MIS-SCY

BOARD OF COUNTY COMMISSIONERS
OF CURRY COUNTY, et al.,

Defendants.

**DECLARATION OF PETER JOHN MACIAS IN SUPPORT OF MOTION TO ENFORCE DOC. 94 AND EXTEND TIME**

I, Peter John Macias, declare as follows:

1. I am the Plaintiff and represent myself. This declaration concerns my communications, receipt of discovery, and reason for continuing efforts to resolve the production dispute. I do not offer expert medical opinions or attest to the truth of every statement made by others in the attached records.

2. I received Roadrunner's August 14, 2026 production email and attachments, including its written production responses and medical exhibits. I am not claiming Roadrunner produced nothing. Exhibits 1–3 accompanying the motion reproduce my First Requests for Production, the written responses, and the relevant production/conferral thread. The original documents have been preserved; the exhibit copies remove private identifiers and handwritten signatures where indicated.

3. On August 21, I sent the emails reproduced in Exhibit 3 at 3–5. I identified concerns and supplied medical-request and email records I had obtained through the County's public-records production so counsel could compare them with Roadrunner's responses. Exhibits 4–6

are limited excerpts from those County-produced records. Exhibits 7–9 are limited excerpts from Roadrunner's production. I do not claim that the County production is Roadrunner's complete file.

4. My September 3 and September 4 messages sought completion, identification of prior compliance materials, or clarification of Roadrunner's position, and gave additional opportunities to respond before court relief. Exhibit 3 at 5–6. I correct my September 4 statement suggesting the August 14 production caused the earlier motion or could not satisfy the later order. I also acknowledge that Roadrunner's Exhibit F already contained the May 20 request triaged May 23. I no longer claim that source request was missing.

5. During the September 10 call, counsel asked me to identify the missing materials. My recollection is that the discussion concerned both the incomplete production and the separate interrogatories and requests for admission. This is my recollection of the discussion, not a verbatim quotation or a statement that counsel unequivocally refused any further production.

6. I resent the interrogatories and requests for admission on September 10. My contemporaneous email set out my understanding of the September 15 checkpoint for those separate requests and expressly reserved the original response deadlines. I do not rely on that email or a calendar reminder as an agreement extending the Court's September 2 production deadline or my deadline to seek court relief.

7. After the September 10 call through September 16, 2026, I received no additional Roadrunner answers, objections, or documents. This statement concerns what I received; it is not based simply on the absence of a docket filing. The motion asks Roadrunner to identify and resend any additional responses it contends it already served.

8. I continued communicating with counsel and giving additional opportunities to respond because I was trying to obtain the discovery and resolve the dispute without another motion. That is my reason for waiting. I am not claiming that those efforts automatically extended a motion deadline, and I do not rely on a demonstrated agreement extending that deadline. Requesting a timely protective extension was within my control. I ask the Court to consider the actual communications and my effort to resolve the dispute in deciding the requested extension.

9. On September 16, 2026, at 10:52 a.m., I emailed Mr. Rodriguez both unsigned proposed motion PDFs concerning enforcement of Doc. 94 and the August 5 interrogatories and admissions. I requested Roadrunner's position on each motion and its alternative relief, including deadline-extension and service relief, and offered to resolve the disputes without further court action.

10. On September 17, 2026, I attempted to call Mr. Rodriguez's office at 8:46 a.m. and approximately 9:13 a.m. Mountain Time. Neither call was answered, and neither offered voicemail. I did not speak with counsel or leave a voicemail during either attempt. The outgoing-call log I supplied records these attempts; my statement that there was no answer or voicemail is based on my own experience of the calls.

11. At 9:26 a.m. on September 17, I followed up in the thread titled "Macias v. Curry County — Request for concurrence in two proposed discovery motions." I requested Roadrunner's position on each motion and the alternative relief by 2:00 p.m. Mountain Time, offered a discussion, and stated my plan to call around 10:00 a.m. The provided thread copy accurately reproduces both emails.

12. At 10:07 a.m. Mountain Time on September 17, I called Mr. Rodriguez's office again and left a voicemail. My call log shows an outgoing call lasting forty seconds. In the voicemail, I referred to my emails of September 16 and September 17, asked him to let me know whether Roadrunner opposed the motions by 2:00 p.m. that day, stated that I intended to file if I did not receive a response by then, and asked him to call, text, or email me before that time. This describes my recollection of the message, not a verbatim transcription.

13. I received Mr. Rodriguez's September 17, 2026 email and its seven-page attachment containing both interrogatory answers and admission responses. Exhibits S2 and S3 reproduce the email excerpt and attachment. The email describes the requests as served September 10; my earlier records show the August 5 transmission and September 10 reattachment. I do not claim that no discovery response arrived on September 17.

14. The September 17 cover email did not state whether Roadrunner opposed either proposed motion or the alternative relief. At 2:12 p.m., I acknowledged the answers, requested verification or identification of where it appeared, asked for an explanation of any claim that September 10 was the initial effective service date, and asked whether the new attachment resolved the previously identified Doc. 94 issues. I renewed my request for Roadrunner's position. Exhibit S5 at 1.

15. At 3:10 p.m. on September 17, I sent the detailed follow-up reproduced in Exhibit S5 at 1–2. It identifies concerns with Interrogatories 1–10, requests verification, addresses Admissions 3, 4, 6, and 8, and keeps the Doc. 94 production issues separate. I requested a prompt response and a brief substantive telephone conference. I asked Roadrunner to identify any responses it would correct and propose a definite completion date, or identify the disputed

issues. I expressly stated that the request did not extend any court or motion-filing deadline. I do not represent that a substantive conference about those new answers occurred or that counsel expressly refused the listed corrections.

16. My account of the calls is my recollection, not a verbatim transcript. The source records and communications are offered for what they actually record. I do not know whom counsel consulted when preparing the answers, and I do not offer an expert opinion about the cause of my infection. I have not inferred a new deadline from a calendar reminder or from my own courtesy dates.

17. The May 10 Lujan–McKinney email reproduced in Exhibit S6 is in my County-record collection. I already possess that email. I also have copies bearing the subjects Continuity, Coordination and Quality of Care During Incarceration, Policy 1-05-TT, and Hospital and Specialty Care, Policy 1-04-KK. Possession of those copies does not tell me which versions Roadrunner applied in 2024 or establish that all subjects in my policy request have been addressed. I am not asking for duplicate copies of records already identified and supplied.

**Disclosure and execution**

OpenAI Codex assisted in preparing this declaration. By signing, I certify that I personally reviewed its AI-assisted contents for accuracy, including its record references and the authority for this declaration. Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2026, at Rio Rancho, NM.

Peter Macias

Peter John Macias, Plaintiff Pro Se
910 11th Ave. NW
Rio Rancho, NM 87144
Telephone: 575-271-7715
Email: petermacias66@gmail.com

This declaration is submitted as an attachment to the accompanying motion and is covered by that motion's certificate of service when actually filed and served.