**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS,

Plaintiff,

vs. Civ. No. 25-166 MIS/CY

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CURRY, d/b/a
CURRY COUNTY DETENTION CENTER;
CURRY COUNTY; WARDEN MARK
GALLEGOS; LIEUTENANT CORDOVA;
CAPTAIN CHRISTOPHER STANFIELD;
ROADRUNNER HEALTH SERVICE, LLC;
and DOES 1-50,

Defendants.

**ORDER REGARDING PLAINTIFF'S**
**MOTION ON DISCOVERY AND SERVICE**

This matter is before the Court on Plaintiff's motion to clarify (Doc. 97), in which he requests clarification regarding discovery he served on Defendants Christopher Moreno and Taber Stanfield before they appeared in the case. Because those Defendants have now appeared, the Court finds Plaintiff's motion to be moot. Also before the Court is Plaintiff's motion regarding service (Doc. 99), in which he requests that the other Defendants provide a service address for Defendant Cordova and that the Court extend the time for service. Because Plaintiff can seek Defendant Cordova's address through discovery, the Court denies his first request; however, the Court grants Plaintiff's request to extend the deadline to serve Defendant Cordova.

**BACKGROUND**

On July 21, 2025, at the start of this case, the Court issued an Initial Scheduling Order, directing the parties to meet and confer according to Federal Rule of Civil Procedure 26(f). Doc. 19; Doc. 34 (amended initial scheduling order filed August 26, 2025). The parties then filed a

Joint Status Report, Doc. 36, and the Court held a scheduling conference on October 9, 2025, Doc. 38, and entered a scheduling order, Doc. 37. Thereafter, Plaintiff filed a second amended complaint, removing several Defendants. Doc. 42.

On January 9, 2026, Plaintiff—who was still represented by counsel at that time—filed his third amended complaint, adding several Defendants. Doc. 49. Specifically, the third amended complaint named as Defendants: the Board of County Commissioners of the County of Curry d/b/a Curry County Detention Center, Curry County, Warden Mark Gallegos, Lieutenant Cordova, Captain Christopher Moreno, Lieutenant Taver Stanfield, Roadrunner Health Services, and Does 1-50. *Id.* The Board of County Commissioners of the County of Curry and Curry County ("County Defendants) filed an answer, Doc. 51, as did Roadrunner Health Services, Doc. 54. Plaintiff's counsel later moved to withdraw, which the Court granted. Docs. 52, 59. The Court also stayed discovery until April 21, 2026. Doc. 59.

On April 21, 2026, the Court held a status conference with Plaintiff, the County Defendants, and Defendant Roadrunner. Doc. 67. Given that several defendants were still missing from the case, the Court entered an order allowing limited discovery and indicated that once service issues were resolved it would set further deadlines. Doc. 68. On August 5, 2026, Plaintiff served discovery on Defendants Moreno and Stanfield. Doc. 89 (certificate of service). Counsel for the County Defendants declined to respond to discovery on behalf of Defendants Moreno and Stanfield because they had not yet appeared in the case. As such, Plaintiff filed the present "Motion for Clarification of Document 68 and to Overrule Defendants' Timing Objection, or in the Alternative, for Leave to Conduct Limited Discovery." Doc. 97; *see also* Doc. 106 (Notice Concerning Discovery Served on Defendants Stanfield and Moreno).

Meanwhile, as to the unserved Defendants (Gallegos, Cordova, Moreno, and Stanfield), the Court ordered Plaintiff to provide their service addresses by July 9, 2026.[1] Doc. 74. After Plaintiff provided addresses (three of which appear to be work addresses), Doc. 76, the Court mailed those Defendants waivers of service, Doc. 77. Defendants Gallegos, Moreno, and Stanfield returned waivers of service, Docs. 80-83 (filed July 24, 2026), and on September 11, 2026, filed an answer, Doc. 108. However, the waiver of service sent to Defendant Cordova was returned as undeliverable. Doc. 98. As such, Plaintiff filed a "Motion for Limited Assistance Effecting Service on Defendant Matthew Cordova, for Confidential Submission of Last-Known Contact Information, and to Extend the Time for Service." Doc. 99.

## DISCUSSION

### 1. Motion for Clarification

As discussed above, Defendants Moreno and Stanfield returned waivers of service on July 24, 2026, but did not appear in the case and file an answer until September 11, 2026.[2] In between that time, on August 5, 2026, Plaintiff served discovery on Defendants Moreno and Stanfield, through counsel for the County Defendants. Defendants Moreno and Stanfield did not answer the discovery. As such, Plaintiff filed the present motion, requesting that the Court "clarify that its Order Regarding Deadlines (Doc. 68) permits the limited interrogatories and requests for admission that Plaintiff served on Defendants Christopher Moreno and Taber Stanfield." Doc. 97 at 1.

---

[1] Because Plaintiff is proceeding in forma pauperis, officers of the Court must serve Defendants with process pursuant to 28 U.S.C. § 1915(d).

[2] The waivers of service were sent on July 15 and July 16, making the answers from Defendants Moreno and Stanfield due September 14, 2026. *See* Docs. 82, 83 (answer due 60 days after waiver of service sent).

Defendants Moreno and Stanfield cite Local Rule 26.4 to assert that they "do not agree to begin discovery prior to a meet and confer which will occur following the filing of Defendants' Answer to the Plaintiff's Complaint." Doc. 106 at 1. This District's Local Rules provide that "[a] party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order." D.N.M. LR-Civ. 26.4(a); *see also* Fed. R. Civ. P. 26(d)(1) (same). Federal Rule of Civil Procedure 26(f) in turn provides that "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).

As Plaintiff correctly points out, some of the parties in this case have already met and conferred according to Rule 26(f) and in advance of an initial scheduling conference. *See* Doc. 36 (September 30, 2025 joint status report, indicating a Rule 26(f) conference was held).[3] Thus, the more applicable rule to Defendants Moreno and Stanfield is that "[a] party first served or joined after the Initial Scheduling Conference must meet all established case management deadlines." D.N.M. LR-Civ. 26.4(b).

In any event, the Court agrees with Defendants Moreno and Stanfield that they did not have to respond to discovery before they had appeared in the case. And, their returned waivers of service were not an appearance in this case. *See Rike v. PHH Mortg. Servs.*, No. 3:22-CV-1530-S-BK, 2023 WL 6138549, at *1 (N.D. Tex. Aug. 23, 2023), *report and recommendation adopted*, No. 3:22-CV-1530-S-BK, 2023 WL 6299843 (N.D. Tex. Sept. 26, 2023) (a party's "waiver of service of process does not constitute an answer or appearance"); *see also* Docs. 82,

[3] Indeed, the parties that previously held a Rule 26(f) meet and confer were Plaintiff, Defendant FNU Monero, and Defendant FNU Steinfield. Doc. 36. Plaintiff later amended his complaint to correctly name Defendants Moreno and Stanfield.

32 (waivers of service, setting forth the time in which Defendants must file an answer or motion). This issue, however, is moot now that they have appeared in the case. That is, now that Defendants Moreno and Stanfield have appeared in the case, they are subject to the established case management deadlines—i.e., the Order Regarding Deadlines (Doc. 68). Thus, Plaintiff may again serve discovery on Defendants Moreno and Stanfield, subject to the limitations in the Order Regarding Deadlines. Accordingly, Plaintiff's motion for clarification is denied as moot.

**2. Motion for Service**

As discussed above, the Court mailed a waiver of service to Defendant Cordova at the address provided by Plaintiff, Doc. 77, but that mail was returned as undeliverable, Doc. 98. In his present motion, Plaintiff requests that the Court "direct the Curry County Defendants to conduct a reasonable search of Curry County's employment and personnel records and submit Defendant Matthew Cordova's last-known contact information directly to the Clerk under seal for service by the United States Marshals Service."

First, the Court notes that Plaintiff is responsible for providing the Court with a service address so that the Court can direct service. *See Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (holding that a plaintiff proceeding in forma pauperis was still required to provide "correct information required for service" for the U.S. Marshal); *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served."). Even so, the Court also recognizes that the County Defendants may have information as to Defendant Cordova's address to which Plaintiff does not have access. However, given that the Court has already entered an order allowing limited discovery, Plaintiff is welcome to seek such

information from the County Defendants in discovery. Accordingly, the Court denies Plaintiff's request to require the County Defendants to submit such information directly to the Court.

Plaintiff also requests that the Court extend the service deadline by 90 days. Given that Plaintiff will likely need to conduct discovery to obtain Defendant Cordova's address, the Court finds good cause to extend the service deadline. *See* Fed. R. Civ. P. 4(m). The deadline to serve Defendant Cordova is extended to December 28, 2026. By that deadline, Plaintiff shall provide the Court with Defendant Cordova's address for service.

**CONCLUSION**

For the reasons discuss above, the Court rules as follows:

- Plaintiff's Motion for Clarification of Document 68 and to Overrule Defendants' Timing Objection, or in the Alternative for Leave to Conduct Limited Discovery (Doc. 97) is DENIED AS MOOT. Plaintiff may re-serve discovery on Defendants Moreno and Stanfield, subject to the current Order Regarding Deadlines (Doc. 68).
- Plaintiff's Motion for Limited Assistance Effecting Service on Defendant Matthew Cordova, for Confidential Submission of Last-Known Contact Information, and to Extend Time for Service (Doc. 99) is GRANTED IN PART and DENIED IN PART. The deadline to serve Defendant Cordova is extended to **December 28, 2026**. All other requests in the motion are denied.
- By **December 28, 2026**, Plaintiff shall provide the Court with a service address for Defendant Cordova. Failure to do so may result in dismissal without prejudice of Defendant Cordova from this case.
- The Court sets a telephonic status conference for **Thursday, October 22, 2026 at 10:30 a.m.** to discuss setting additional case management deadlines and parameters. The parties

shall call the WebEx Conference line at (855) 244-8681 [Access Code 2306 150 0346] to connect to the proceedings. When prompted for an Attendee ID number, press #. There may be a short wait before you are prompted for the Attendee ID number. If you encounter technical difficulties, please hang up and redial or call Judge Yarbrough's chambers at (505) 348-2270.

- By **Friday, October 9, 2026** the parties shall file a joint status report that lists (1) their proposed discovery track (such as 150 days, 180 days); and (2) their proposal for the amount of additional discovery needed, including interrogatories, requests for admission, requests for production, and depositions. If the parties are unable to agree on deadlines or parameters, they shall file competing status reports by the October 9, 2026 deadline.

**IT IS SO ORDERED.**

Steven C. Yarbrough
United States Magistrate Judge