**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS, Plaintiff,

v. No. 1:25-cv-00166-MIS-SCY

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CURRY, d/b/a CURRY COUNTY DETENTION CENTER; CURRY COUNTY; WARDEN MARK GALLEGOS; LIEUTENANT CORDOVA; CAPTAIN CHRISTOPHER MORENO; LIEUTENANT TABER STANFIELD; ROADRUNNER HEALTH SERVICES, LLC; and DOES 1-50, Defendants.

# PLAINTIFF'S PROPOSED STATUS REPORT AND DISCOVERY PLAN

Pursuant to Document 111

## 1. Purpose, conferral, and requested discovery track

Plaintiff submits his proposed report pursuant to the Court's September 29, 2026 Order, which requires a joint report by October 9, 2026, or competing reports if agreement cannot be reached. Doc. 111 at 7. This is Plaintiff's separate proposal, not an agreed joint report.

Plaintiff emailed a proposed report to counsel for both the County Defendants and Roadrunner on October 1, 2026; sent a revised proposal on October 7; and followed up on October 8 requesting revisions and areas of agreement. As of preparation of this report on October 9, Plaintiff has not received proposed revisions or agreement in response. Plaintiff does not attribute specific positions to Defendants or treat nonresponse as agreement, and remains willing to confer.

Plaintiff requests 180 days to complete discovery, measured from entry of a new scheduling order unless the Court sets another starting date. The proposed period would permit focused written discovery, review of remaining records, prioritized fact depositions, and necessary expert discovery involving the County Defendants and Roadrunner. Plaintiff requests definite calendar deadlines in the new order.

**2. Remaining discovery and reasons for additional time**

Plaintiff has obtained medical records, incident and transport reports, correspondence, and video. Remaining discovery should resolve identified gaps, conflicting accounts, authentication, and individual responsibility without duplicating complete productions. The principal subjects are:

a. Medical care and follow-up. Receipt and handling of recommendations following the February 24, 2024 hospital visit; responsibility for referrals, follow-up, transport, and medical housing; and each relevant person's knowledge of and response to later symptoms and requests for outside care. This includes comparison of communications, custody decisions, and treatment records from February through June 2024.

b. April 25, 2024 events. Identification of personnel, camera wearers, speakers, commands, weapons and munitions, and each participant's actions and observations of Plaintiff. Related subjects include relevant communications, available recordings and report versions, decontamination, post-force medical assessment, and responses to reported symptoms. Disputed interpretations should be tested against the complete recordings, reports, and testimony rather than unverified transcript quotations.

c. June hospitalization and return to custody. Communications among County personnel, including Warden Gallegos, Roadrunner, and hospital personnel, particularly June 25-29, 2024; knowledge of Plaintiff's condition; discharge and acceptance decisions and their medical or financial considerations; and readiness and arrangements for medications, mobility assistance, wound care, transport, and follow-up. Plaintiff seeks to compare those communications with treatment orders and implementation records, not assume that a communication or improper motive is established merely because it is suspected.

d. Policies, responsibilities, and conditions. Relevant policy versions, training, contracts, and assignments of responsibility; their effective dates and application to the events; and genuinely

missing custody, housing, maintenance, and medical-response records connected to the pleaded issues. A later policy version would not automatically establish the policy in force during the events.

e. Damages and medical evidence. Necessary damages records, testimony based on personal knowledge, and appropriately supported treating-provider or retained-expert evidence. Chronology alone will not be treated as proof of medical causation.

**3. Proposed written-discovery limits and counting**

Plaintiff requests cumulative limits of 25 interrogatories, 25 requests for admission, and 25 requests for production by each party to any other party, except that Plaintiff requests a cumulative limit of 35 interrogatories to Christopher Moreno. The requested 25-request ceilings include discovery to Gallegos, Stanfield, the County, and Roadrunner. All ceilings include previously chargeable requests; interrogatory totals include discrete subparts.

The additional Moreno interrogatories would address distinct areas of his knowledge and actions concerning February medical evaluation, transport and follow-up; later medical and hospitalization communications; and participation in the April 25 incident and its aftermath. Questions would be tied to records and individual responsibilities, with redundant questions removed. The Moreno exception does not enlarge the requested admission or production limits.

Doc. 68 at 1-2 presently limits each category to 10 by each party to any other party. Plaintiff therefore requests an increase in the cumulative interrogatory ceiling from 10 to 35 for Moreno, and from 10 to 25 for the other proposed ceilings. These are not fresh allowances in addition to previously chargeable requests. If 10 interrogatories are properly charged to Plaintiff for Moreno, the proposed total of 35 would leave 25; the actual remaining balance requires reconciliation of prior requests and subparts.

Plaintiff proposes a recipient-specific count reconciliation, including the actual recipients and treatment of earlier requests directed collectively to County Defendants. He does not assume that each individual has either exhausted the same allowance or received a fresh allowance. Unless changed by the Court, Doc. 68 remains controlling.

**4. Revised Moreno and Stanfield requests**

Doc. 111 at 5 permits Plaintiff to serve discovery on Moreno and Stanfield again, subject to Doc. 68. Plaintiff proposes evidence-focused revisions to their August 5, 2026 interrogatories and admissions, with a comparison identifying retained, revised, and withdrawn questions.

Plaintiff will seek written agreement identifying the operative versions, count treatment, and response dates consistent with the orders. He proposes counting agreed replacement questions once, while counting genuinely additional questions toward the cumulative ceiling. If disputed, Plaintiff requests the Court's determination. Rewriting or renumbering a request is not assumed to restore capacity; this report itself neither withdraws earlier requests nor serves replacements, resets a response period, or expands an allowance.

**5. Electronic records and focused production**

Plaintiff proposes custodian-specific requests for responsive electronic communications, including incident-related communications on April 25 and the June hospital-to-jail transition communications described above. The parties should confer about relevant custodians, accounts and devices, preservation, and usable production retaining available sender, recipient, date, time, and attachment information.

Requests should identify a defined period and subject matter and provide sufficient context. Plaintiff does not propose general inspection or imaging of an entire personal phone. Broader periods or more intrusive methods should require a specific evidentiary need and appropriate protection for private and privileged material. Already-produced complete records should not

be requested again without a specific completeness, authentication, native-format, metadata, or custody need.

**6. Depositions and potential witnesses**

Plaintiff requests a cumulative limit of 10 depositions for Plaintiff and 10 collectively for Defendants, including prior and expert depositions. This would increase the eight-per-side limit in Doc. 37 at 2; it is not 10 depositions per defendant. Plaintiff's planning allowance is up to eight fact and two expert depositions, selected for nonduplicative testimony. He proposes the duration framework in Doc. 37 at 2: seven hours for parties and experts and four hours for other witnesses, unless properly extended.

Potential fact witnesses presently under consideration include:

a. Plaintiff, concerning his own experiences, symptoms, requests, and observations; and Gallegos, Moreno, Stanfield, Cordova, Carter, and other identified County or Roadrunner personnel concerning their respective knowledge, communications, decisions, and participation.

b. Richard Reese, Charles Jordan, Courtney Cooper, Michael Visser, and the Lopez witnesses concerning events or symptoms they personally observed. The earlier JSR lists Joey Lopez and Shawn Lopez separately; the operative complaint uses Sean Lopez. Doc. 32 at 5; Doc. 49 at 12, paragraph 41. Full identities and spelling variations remain to be reconciled; Plaintiff does not treat the Lopez names as interchangeable. Visser is identified here as a detainee witness, not an officer.

c. Hospital guards and transport personnel, including persons Plaintiff identifies as Kirven or Curvin, Gardner, and Colorado, concerning their own observations and communications personally heard. Full names, spellings, assignments, and the extent of their personal knowledge remain subject to confirmation.

d. Treating personnel, medical decision-makers, records custodians, appropriate organizational representatives, and previously identified family or other damages witnesses with relevant personal knowledge. Medical and expert testimony would be subject to the applicable disclosure requirements.

This is a potential discovery-witness list, not a final trial list, an expert designation, or a representation that statements have been obtained or that any person will provide particular testimony. Not every listed person would necessarily be deposed. Private contact information and medical authorizations are not included in this public report.

**7. Proposed sequence and expert milestones**

Plaintiff proposes staged discovery within the authorized cumulative limits, preserving some capacity for focused follow-up. Measured from entry of the new scheduling order, the requested milestones are:

Days 0-30: promptly serve priority identity, responsibility, medical-decision, and event-specific discovery. Pursue any essential amendment-related documents or testimony early enough to support a motion before Day 60, and prioritize records and testimony needed for Plaintiff's expert disclosures.

Days 31-75: review responses, pursue specific missing information, and promptly address deficiencies. Prioritized fact depositions would generally occur during Days 60-120, with any essential amendment-related depositions earlier.

Day 60: proposed outer deadline to move for leave to amend or join parties, subject to Section 8 below. Day 90: Plaintiff's expert disclosures. Day 120: Defendants' expert disclosures. Day 150: rebuttal expert disclosures. Day 180: completion of all discovery, including expert depositions. Required expert reports or summaries would depend on the witness; no retention or opinion is represented here.

Written requests would be served sufficiently early for responses before discovery closes. Plaintiff requests that related motion and pretrial deadlines be specified separately. Staging does not stay an existing request or extend a response or dispute deadline. In particular, this proposal does not change the 21-day deadline for opposed discovery-related motions in Doc. 68 at 1 n.1, absent an applicable agreed extension or further order.

**8. Fourth Amended Complaint and amendment/joinder schedule**

Plaintiff intends to seek leave to file one complete Fourth Amended Complaint based on the filed Third Amended Complaint, Doc. 49, preserving the claims he intends to pursue and identifying the proposed changes. One anticipated change is to seek to add Lieutenant James Carter, whom Plaintiff identifies as the officer previously named Lieutenant Cole, based on alleged individual involvement in the events at issue.

The earlier Cole allegations, service history, and omission from later pleadings would be addressed in the separate motion. Plaintiff does not ask that this report be treated as a clerical correction or as permission to add Carter. He will present the supporting chronology, including when the identity information was learned and the efforts made to obtain it, without treating every unresolved issue as newly discovered.

Doc. 37 at 2 and n.2 set January 7, 2026 as Plaintiff's deadline to move to amend pleadings or add parties. Plaintiff requests modification upon a supported good-cause showing under Fed. R. Civ. P. 16(b)(4), with leave to amend separately addressed under Fed. R. Civ. P. 15(a)(2). He proposes Day 60 after the new scheduling order as the outer deadline to move, or another definite date set by the Court. He intends to pursue a supported motion promptly rather than wait until discovery ends.

Before seeking leave, Plaintiff will request concurrence and submit the complete proposed pleading with the motion. D.N.M.LR-Civ. 7.1(a), 15.1. This report does not amend the complaint, add a defendant, establish service or notice to Carter, determine relation back, or

resolve limitations. Plaintiff does not assume that Doc. 111 or the October 22 conference reopened the expired deadline.

**9. Cordova service and existing proceedings**

On October 7, 2026, Plaintiff filed his notice providing a public business service address for Matthew Cordova, Doc. 114. That filing does not establish completed service. Any further service-information discovery would address a genuine remaining need and would proceed without awaiting a new discovery schedule. The December 28, 2026 requirements in Doc. 111 at 5-6 remain unchanged.

The docket report generated October 9, 2026, through Doc. 114, reflects no ruling on Roadrunner's summary-judgment motion, Doc. 55. This report does not seek further merits briefing or delay on that motion, withdraw pending discovery motions, or extend existing deadlines. The proposals are subject to subsequent rulings. Scheduling and settlement discussions do not themselves suspend litigation obligations.

Plaintiff will address the requested discovery track, amounts, sequencing, and amendment schedule at the October 22, 2026 telephonic status conference at 10:30 a.m. Doc. 111 at 6-7. He remains willing to narrow disputed proposals through conferral before that conference.

**DISCLOSURE AND CERTIFICATION REGARDING GENERATIVE AI**

OpenAI Codex, a generative artificial-intelligence tool, assisted in preparing this document. I certify that I have checked the accuracy of every portion drafted with generative AI, including all citations and legal authority. I understand that I remain responsible for this document's contents under Federal Rule of Civil Procedure 11.

Respectfully submitted,

/s/ Peter John Macias
Peter John Macias, Plaintiff pro se
910 11th Avenue Northwest
Rio Rancho, New Mexico 87144
Telephone: 575-271-7715
Email: petermacias66@gmail.com
Date: October 9, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, I am electronically filing this report through the Court's CM/ECF system, which transmits notice of the filing to registered counsel of record, including Jonlyn M. Martinez and Augustine M. Rodriguez, Jr. This certificate concerns service of this report, not service of summons and complaint on Matthew Cordova.

/s/ Peter John Macias
Peter John Macias