**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS,
Plaintiff,
v. No. 1:25-cv-00166-MIS-SCY
BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF CURRY, d/b/a CURRY COUNTY
DETENTION CENTER; CURRY COUNTY;
WARDEN MARK GALLEGOS; LIEUTENANT
CORDOVA; CAPTAIN CHRISTOPHER MORENO;
LIEUTENANT TABER STANFIELD; ROADRUNNER
HEALTH SERVICES, LLC; and DOES 1-50,
Defendants.

**PLAINTIFF'S MOTION FOR TWO-DAY EXTENSION, TO COMPEL COMPLETE, VERIFIED INTERROGATORY ANSWERS, AND TO DETERMINE THE SUFFICIENCY OF ROADRUNNER'S RESPONSES TO REQUESTS FOR ADMISSION NOS. 3, 4, AND 8**

**RELIEF REQUESTED**

1. Plaintiff requests an extension through October 10, 2026, to file this motion, as explained below. If the Court permits the late filing, Plaintiff asks for complete, verified answers to existing interrogatories under Rules 33 and 37(a), and amended responses to Requests for Admission Nos. 3, 4, and 8 under Rule 36(a)(6). Roadrunner served answers on September 17, 2026. This motion challenges specific gaps in those answers; it does not claim Roadrunner never responded. The requests and answers are attached as Exhibits A-C.

2. This motion does not request new discovery or repeat the document-production relief sought in Doc. 109. It asks Roadrunner to answer the questions already served. It does not ask the Court to decide medical causation, find liability, or require Roadrunner to agree with Plaintiff's account.

**CONFERRAL AND REQUEST TO ACCEPT THE LATE FILING**

3. On September 17, Plaintiff acknowledged receiving the seven-page answer packet, requested a signed interrogatory verification, and sent a request-by-request explanation of the remaining concerns. On September 22, Plaintiff followed up, asked which answers Roadrunner would correct, offered a telephone conference, and requested Roadrunner's position on a motion if the issues remained unresolved. Exhibit D contains the September 22 email and its quoted September 17 chain, transcribed from the preserved email file.

4. On October 7, 2026, Plaintiff again requested the verification and corrections, asked whether Roadrunner opposed the requested relief, and offered to arrange a brief telephone call that day. He explained that he calculated October 8 as his motion deadline and that his email did not extend any deadline. Ex. E at E-1. As of that October 7 follow-up, Plaintiff had not received the requested verification or corrected answers. Plaintiff does not treat the absence of a response as concurrence.

5. Doc. 68 at 1 n.1 requires opposed discovery-related motions within 21 days of the disclosure, response, answer, or objection, unless the parties agree to an extension or the Court extends the period. See also D.N.M.LR-Civ. 26.6. Calculating from the September 17 answers under Rule 6(a), the period ended October 8, 2026. Plaintiff requests that the Court extend that period through October 10 and accept this motion as timely under Doc. 68, Local Rule 26.6, and Rule 6(b)(1)(B). He does not assert an agreed extension.

6. Plaintiff waited through the close of business on October 8 for Mr. Rodriguez to respond, hoping to resolve the identified deficiencies without motion practice. He was also preparing the proposed status report required by Doc. 111 at 7 for October 9 and corresponding with both defense counsel. On October 9, Plaintiff filed his status report and continued preparing this discovery motion. He works twelve-hour shifts as an emergency-room security guard and needed rest before his overnight shift. He decided to finish review after work rather than risk errors attempting to file from his phone. He completed that overnight shift on the morning of October 10 and is completing this motion between shifts, before returning to work at 7:00 p.m. These circumstances explain the additional day; he does not claim a filing-system failure or an agreed extension. Declaration of Peter John Macias, paragraphs 3-9.

7. Rule 6(b)(1)(B) requires a showing of good cause and excusable neglect for an extension requested after expiration. In Cordova v. BNSF Railway Co., No. 1:23-cv-00113, Doc. 75, at 2-3 (D.N.M. Apr. 30, 2024) (Yarbrough, M.J.), the Court considered that standard and granted an extension in light of active discovery communications, awaited supplementation, and other discovery work. That persuasive order permits consideration of the circumstances; it does not make conferral an automatic extension. Unlike the substantive exchanges described in Cordova, Plaintiff does not assert that Roadrunner agreed to provide corrections by October 8 or agreed to extend this motion deadline.

8. Plaintiff acknowledges that his October 7 email identified the October 8 filing deadline and stated that the email did not extend it. Ex. E at E-1. Waiting for a response did not change that deadline. He asks the Court to excuse the two-day delay in light of his repeated prior efforts to obtain corrections without motion practice, continued preparation and review, overnight employment and necessary rest, the brief length of the delay, and the limited relief sought. He recognizes that his filing decisions were within his control and must be considered in assessing

his explanation. He does not contend that pro se status, employment, competing case work, or concern about filing from a phone automatically establishes excusable neglect.

9. Roadrunner had notice of these asserted deficiencies beginning September 17. Ex. D. The requested relief concerns existing answers, not new discovery or an adjudication of medical causation. Plaintiff requests no change to the October 22 status conference set in Doc. 111 at 6 or other existing case deadlines. He submits that the advance notice and short delay limit prejudice and disruption attributable to late filing. He has described his reasons candidly and seeks relief in good faith, not to delay the case. The Court must nevertheless decide whether these circumstances establish good cause and excusable neglect under Rule 6(b)(1)(B).

10. On October 9, 2026, at 10:14 a.m. Mountain Daylight Time, Plaintiff emailed Augustine Rodriguez and copied Jonlyn Martinez, requesting concurrence in a one-day extension from October 8 through October 9 and the requested discovery corrections. He requested a reply by noon, offered a brief telephone conference, and said he planned to file after that requested response time. Ex. F at F-1. Ms. Martinez replied at 2:04 p.m. about a proposed status report, not the requested extension or Roadrunner's answers. Ex. G at G-1. As of Plaintiff's October 10 review, he reports no reply from Mr. Rodriguez and no corrected answers or signed interrogatory verification. Silence is not concurrence. The October 9 inquiry did not request an extension through October 10.

10A. On October 10, 2026, Plaintiff emailed Mr. Rodriguez, to update the concurrence request to an extension through October 10 rather than October 9. He stated that the discovery relief remained unchanged, requested counsel's position, and remained available for a brief telephone conference. He stated that he would report any response or nonresponse and would

not treat silence as agreement. Plaintiff does not represent that concurrence or an agreed extension has been obtained. Declaration of Peter John Macias, paragraph 10.

11. Counsel's September 17 email identifies September 10 as the request-service date; Plaintiff's same-day reply identifies an August 5 transmission followed by September 10 reattachment. Ex. D. This motion challenges the sufficiency of the September 17 answers without asking the Court to resolve that earlier service-date dispute or deem matters admitted based on late responses.

**INTERROGATORY ANSWERS**

12. Rule 33(b)(1), (3), and (5) requires an entity to answer through an officer or agent using information available to it, with separate, full answers under oath and the answerer's signature. Counsel signs objections. Exhibit C ends with counsel's signature but contains no oath or signed verification by the person making the answers. Plaintiff requests a proper verification covering the final answers to all ten interrogatories. Rule 37(a)(3)(B)(iii) permits an order compelling interrogatory answers; Rule 37(a)(4) addresses incomplete or evasive answers.

13. Interrogatory No. 1 asks Roadrunner to identify each provider who evaluated, treated, or responded to a request for care during the defined period. The definition of "Identify" includes the person's present or last-known job title or position. Ex. A at A-1, A-3. The answer identifies David Montoya as CEO but supplies no title or position for Lisa Crane or Michaela Falis. Ex. C at C-3. Plaintiff requests those missing titles or positions, not an unsupported finding that other providers were omitted.

14. Interrogatory No. 2 asks for the factual basis for the dates on which Roadrunner contends Plaintiff received or requested a hernia belt. Ex. A at A-3. Its only response is: "Objection. This interrogatory does not make sense in what it is asking." Ex. C at C-3. The response

identifies no particular confusing term and gives no answer. Plaintiff requests the dates Roadrunner contends apply and the factual basis for them, or a specific explanation of any remaining ambiguity and an answer to the reasonably understood portion. Rule 33(b)(4) requires specific grounds for an objection.

15. Interrogatory No. 3 asks what Roadrunner did in response to the specified February 24 hospital recommendation for prompt surgical-clinic follow-up. Ex. A at A-3. The answer states only that RHS providers followed up with inguinal-hernia care. Ex. C at C-3. It does not describe the action responsive to that particular recommendation. Roadrunner should describe that action, or expressly state if it disputes the premise or took no responsive action. Plaintiff is not asking the Court to decide what the hospital recommended through this motion.

16. Interrogatory No. 4 asks for the identity of the provider responsible for reviewing outside-hospital discharge instructions. Ex. A at A-3. "RHS providers" does not identify the responsible person. Ex. C at C-4. Roadrunner should identify the responsible provider or providers, or explain why it cannot do so using the information available to it.

17. Interrogatory No. 5 asks how Roadrunner responded to reported hip, leg, or mobility complaints before the June hospitalization. Ex. A at A-3. The answer discusses hernia care, groin pain, attempted hernia reduction, Roadrunner's sepsis-causation contention, and earlier arrest and treatment history. Ex. C at C-4. Those contentions do not describe its response to the requested hip, leg, or mobility complaints. Roadrunner should describe that response or clearly state if its position is that no such complaints were received. Plaintiff does not request a concession about what caused his infection.

18. Interrogatory No. 6 asks whether Lisa Crane evaluated the specified complaints and what assessment she communicated. No. 7 asks about Michaela Falis's involvement. Ex. A at A-3.

General statements that RHS providers supplied appropriate hernia care do not answer these provider-specific questions. Ex. C at C-4-C-5. Roadrunner should answer each question directly, including a clear negative answer if that is its position.

19. Interrogatory No. 8 asks what Roadrunner communicated to facility administration about the anticipated duration of Plaintiff's hospitalization. Ex. A at A-3. Saying Roadrunner communicated the need for continuity of care does not identify any duration-related information. Ex. C at C-5. Roadrunner should state that information or state that none was communicated.

20. Interrogatory No. 9 asks about physical-therapy care or written physical-therapy instructions after Plaintiff returned from the June hospitalization. Ex. A at A-3. "Appropriate continuity of care" does not describe either. Ex. C at C-5. Roadrunner should describe the responsive therapy or instructions, or state that none was provided. Any scope objection concerning the request's express post-return timeframe should be stated specifically rather than replacing the question with a general assurance about care.

21. For Interrogatory No. 10, the answer identifies "CoreEMR System." Ex. C at C-5. Plaintiff does not ask the Court to infer without evidence that other repositories exist. The requested relief concerning No. 10 is a proper verification of the answer, not an order to identify nonexistent systems.

**ADMISSION RESPONSES**

22. Rule 36(a)(4) requires a denial that fairly addresses the substance of the matter, with qualifications when needed. Under Rule 36(a)(6), Plaintiff requests amended answers, not forced agreement with his evidence. He does not request sworn admission responses. These three challenges concern the mismatch between the requested matters and the explanations accompanying the denials, not simply the fact that Roadrunner denied them.

23. Request No. 3 concerns whether the February 24 hospital discharge instructions recommended prompt surgical-clinic follow-up. Ex. B at B-3. Roadrunner marks "DENY" and states that "the hernia repair is a selective surgical procedure." Ex. C at C-6. That explanation concerns the nature of surgery, not whether the specified instructions recommended clinic follow-up. Roadrunner should address the recommendation, identifying any genuine distinction it draws between the identified discharge instructions and other hospital records.

24. Request No. 4 concerns whether Plaintiff attended the recommended surgical-clinic follow-up before the June hospitalization. Ex. B at B-3. Roadrunner marks "DENY" and states that "follow-up was conducted by RHS provider." Ex. C at C-6. The response does not make clear whether Roadrunner asserts attendance at that clinic follow-up or relies on different provider care. Plaintiff requests an answer addressing the requested attendance, with an appropriate qualification if only part is disputed.

25. Request No. 8 concerns surgery for septic arthritis of the left hip on June 23, 2024. Ex. B at B-3. Roadrunner marks "DENY" and discusses groin pain and its contention that attempted hernia reduction caused sepsis. Ex. C at C-7. That explanation does not address whether the specified surgery occurred on the stated date, site, and diagnosis. Roadrunner should admit, deny, or appropriately qualify that matter. It remains free to dispute causation.

**CONCLUSION**

26. Plaintiff asks the Court first to extend the motion deadline through October 10, 2026, and accept this motion as timely. He then asks the Court to require, within 14 days after entry of its order: (a) a proper verification of the final answers to Interrogatories Nos. 1-10; (b) the missing titles or positions in No. 1 and complete answers to Nos. 2-9 as described above; and (c) compliant amended responses to Requests for Admission Nos. 3, 4, and 8. Fourteen days is a requested compliance period, not an assertion that an existing court-ordered cure period expired. Plaintiff requests no ruling on the ultimate medical merits through this motion.

**GOOD-FAITH CERTIFICATION**

I certify that I have in good faith conferred or attempted to confer with Roadrunner's counsel to obtain the requested discovery corrections without court action, as described in paragraphs 3-4 and 10. On October 9, I also requested concurrence in the one-day extension and asked Roadrunner's position on the requested verification and corrections. That historical request was through October 9 only. On October 10, I updated the concurrence request to seek an extension through October 10, as described in paragraph 10A. I do not represent that concurrence has been obtained. See Fed. R. Civ. P. 37(a)(1) and D.N.M.LR-Civ. 7.1(a).

**AI DISCLOSURE AND CERTIFICATION**

I used OpenAI ChatGPT through Codex to assist in preparing this document. I certify that I have checked the accuracy of all portions drafted with generative AI assistance, including all citations and legal authority.

Respectfully submitted,

/s/ Peter John Macias

Peter John Macias, Plaintiff Pro Se

910 11th Avenue Northwest

Rio Rancho, New Mexico 87144

Telephone: 575-271-7715

Email: petermacias66@gmail.com

Date: October 10, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 10, 2026, I filed this motion, my supporting declaration, and Exhibits A-G through the Court's CM/ECF system, which provided electronic notice and service to registered counsel of record, including Augustine M. Rodriguez, counsel for Roadrunner, and Jonlyn M. Martinez, counsel for the County defendants.

/s/ Peter John Macias

Peter John Macias