**EXHIBITS A-G**

**Roadrunner Interrogatory and Admission-Response Motion**

A - Plaintiff's interrogatories (A-1 through A-4).

B - Plaintiff's requests for admission (B-1 through B-3).

C - Roadrunner's September 17, 2026 answers and responses (C-1 through C-7).

D - September 22 follow-up email with quoted September 17 correspondence.

E - October 7 follow-up email.

F - October 9, 10:14 a.m. extension and discovery concurrence email.

G - October 9, 2:04 p.m. Martinez reply concerning a proposed status report (reply excerpt; unrelated attachment omitted).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF CURRY COUNTY, d/b/a CURRY COUNTY DETENTION CENTER; CURRY COUNTY; WARDEN MARK GALLEGOS; LIEUTENANT CORDOVA; CAPTAIN CHRISTOPHER MORENO; LIEUTENANT TABER STANFIELD; ROADRUNNER HEALTH SERVICES, LLC; and DOES 1-50,

Defendants.

Civ. No. 1:25-cv-00166-MIS-SCY

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ROADRUNNER HEALTH SERVICES, LLC**

Plaintiff Peter John Macias serves the following Set Of Interrogatories To Defendant Roadrunner Health Services, Llc pursuant to Federal Rule of Civil Procedure 33.

**DEFINITIONS**

1. "Plaintiff" means Peter John Macias.
2. "CCADC" means the Curry County Adult Detention Center.
3. "April 25 Incident" means the April 25, 2024 S.O.R.T. deployment in D Pod described in CCADC Incident Report No. 240000084.
4. "Identify" means when used as to a person, state the person's full name and present or last-known job title or position.
5. "Roadrunner" means Defendant Roadrunner Health Services, LLC and its officers, employees, contractors, and agents acting at CCADC.
6. "Relevant Period" means February 24 through June 28, 2024.

## INSTRUCTIONS

1. Answer each interrogatory separately and fully in writing under oath within thirty (30) days after service, as required by Federal Rule of Civil Procedure 33(b).
2. If you object, state the specific ground and answer any portion that is not objectionable.
3. Answer from information reasonably available to you, including information held by your attorneys, agents, employees, and representatives, subject to valid privilege or protection.
4. Supplement any materially incomplete or incorrect response as required by Federal Rule of Civil Procedure 26(e).

INTERROGATORIES

**INTERROGATORY NO. 1: Identify each Roadrunner healthcare provider who evaluated, treated, or responded to a request for care from Plaintiff during the Relevant Period.**

**INTERROGATORY NO. 2: State the factual basis for the dates on which Roadrunner contends Plaintiff received or requested a hernia belt during the Relevant Period.**

**INTERROGATORY NO. 3: Describe the action Roadrunner took in response to the February 24, 2024 hospital recommendation that Plaintiff obtain prompt surgical-clinic follow-up for his inguinal hernia.**

**INTERROGATORY NO. 4: Identify the Roadrunner provider responsible for reviewing outside-hospital discharge instructions received for Plaintiff during the Relevant Period.**

**INTERROGATORY NO. 5: Describe Roadrunner's response to Plaintiff's reported hip, leg, or mobility complaints before his June 2024 hospitalization.**

**INTERROGATORY NO. 6: State whether Lisa Crane evaluated Plaintiff for complaints he believed were sciatica and, if so, state the assessment she communicated to him.**

**INTERROGATORY NO. 7: Describe Michaela Fallis's involvement in Plaintiff's medical care during the Relevant Period.**

**INTERROGATORY NO. 8: State what information Roadrunner communicated to CCADC administration concerning the anticipated duration of Plaintiff's hospitalization following his June 23, 2024 surgery.**

**INTERROGATORY NO. 9: Describe the physical-therapy care or written physical-therapy instructions Roadrunner provided after Plaintiff returned to CCADC following his June 2024 hospitalization.**

**INTERROGATORY NO. 10: Identify the electronic systems and paper repositories in which Roadrunner maintained Plaintiff's medical requests, treatment records, medication-administration records, and communications with CCADC during the Relevant Period.**

[Excerpt ends. Signature and certificate-of-service portions omitted. Complete original preserved.]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF CURRY COUNTY, d/b/a CURRY COUNTY DETENTION CENTER; CURRY COUNTY; WARDEN MARK GALLEGOS; LIEUTENANT CORDOVA; CAPTAIN CHRISTOPHER MORENO; LIEUTENANT TABER STANFIELD; ROADRUNNER HEALTH SERVICES, LLC; and DOES 1-50,

Defendants.

Civ. No. 1:25-cv-00166-MIS-SCY

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT ROADRUNNER HEALTH SERVICES, LLC**

Plaintiff Peter John Macias serves the following Requests For Admission To Defendant Roadrunner Health Services, Llc pursuant to Federal Rule of Civil Procedure 36.

**DEFINITIONS**

1. "Plaintiff" means Peter John Macias.

2. "CCADC" means the Curry County Adult Detention Center.

3. "April 25 Incident" means the April 25, 2024 S.O.R.T. deployment in D Pod described in CCADC Incident Report No. 240000084.

4. "Identify" means when used as to a person, state the person's full name and present or last-known job title or position.

5. "Roadrunner" means Defendant Roadrunner Health Services, LLC and its employees, contractors, and agents acting at CCADC.

## INSTRUCTIONS

1. Within thirty (30) days after service, separately admit or deny each matter in writing as required by Federal Rule of Civil Procedure 36(a).

2. If you cannot truthfully admit or deny a matter in full, admit the portion that is true and deny or qualify the remainder.

3. A denial must fairly respond to the substance of the request. Lack of knowledge may be asserted only after a reasonable inquiry and when the information known or readily obtainable remains insufficient.

REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1: Admit that Roadrunner provided contracted healthcare services to inmates at CCADC during February through June 2024.**

**REQUEST FOR ADMISSION NO. 2: Admit that Roadrunner personnel knew by February 24, 2024 that Plaintiff had been diagnosed with a left inguinal hernia.**

**REQUEST FOR ADMISSION NO. 3: Admit that the February 24, 2024 hospital discharge instructions recommended prompt surgical-clinic follow-up for Plaintiff's hernia.**

**REQUEST FOR ADMISSION NO. 4: Admit that Plaintiff did not attend the recommended surgical-clinic follow-up before his June 2024 hospitalization.**

**REQUEST FOR ADMISSION NO. 5: Admit that Roadrunner personnel provided Plaintiff a hernia belt during March 2024.**

**REQUEST FOR ADMISSION NO. 6: Admit that Roadrunner personnel received complaints from Plaintiff concerning hip, leg, or mobility symptoms before his June 2024 hospitalization.**

**REQUEST FOR ADMISSION NO. 7: Admit that Plaintiff was transported from CCADC to a hospital on June 22, 2024.**

**REQUEST FOR ADMISSION NO. 8: Admit that Plaintiff underwent surgery for septic arthritis of his left hip on June 23, 2024.**

**REQUEST FOR ADMISSION NO. 9: Admit that Roadrunner communicated information concerning Plaintiff's anticipated hospitalization to CCADC administration on or before June 26, 2024.**

**REQUEST FOR ADMISSION NO. 10: Admit that Roadrunner provided healthcare services to Plaintiff at CCADC after he returned from the June 2024 hospitalization.**

Respectfully submitted,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS,

Plaintiff,

-vs- Civ. No. 1:25-CV-00166 MIS/SCY

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF CURRY, d/b/a
CURRY COUNTY DETENTION CENTER, &
CURRY COUNTY, &
WARDEN MARK GALLEGOS, &
LIEUTENANT CORDOVA, &
CAPTAIN CHRISTOPHER MORENO, &
LIEUTENANT TABER STANFIELD, &
ROADRUNNER HEALTH SERVICES, LLC., &
DOES 1-50,

Defendants.

**DEFENDANT ROADRUNNER HEALTH SERVICES, LLC.'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT**

**TO:** **Peter Macias**
910 11th Ave., NW
Rio Rancho, NM 87144
<petermacias@gmail.com>

**COMES NOW**, Defendant Roadrunner Health Services, LLC., by and through counsel, Law Office of Augustine M. Rodriguez, L.L.C., (Augustine M. Rodriguez, Esq.), and pursuant to Rule 1-036, NMRA, and LR2-122, and provides its responses to the First Set of Requests for Production, separately and fully in writing, and serve such answers and responses, as provided by Rule 1-026, et seq., as follows:

**PRELIMINARY STATEMENT:** All answers contained herein are based solely upon such information and documents as are both presently available and specifically known to Defendant.

**<u>GENERAL OBJECTIONS:</u>** In addition to its specific answers and responses stated herein, Defendant incorporates and adopts by reference the following general statements and objections into each of his specific answers to responses to Requests for Production and Requests for Admissions:

A. Defendant does not interpret Plaintiff's Requests as seeking privileged documents or information. To the extent necessary, Defendant invokes the attorney-client and/or attorney work product privileges.

B. Defendant submits its answers without conceding the relevancy, materiality, or admissibility of any information, documents, or other information produced, and without prejudice to his right to object to further discovery, or to the admissibility of any evidence.

C. Defendant has made a reasonable effort to respond to each Request as he understands and interprets those requests. If Plaitniff later asserts an interpretation of any Request that differs from Defendant, Defendant reserves the right to supplement or amend its objections and answers thereto.

D. Defendant answers the discovery requests by applying the plain, common sense meaning to the words and phrases. Defendant objects to any terms or definitions that are inconsistent with plain language or ordinary meaning.

E. Plaintiff shall supplement these answers and responses as required.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Roadrunner healthcare provider who evaluated, treated, or responded to a request for care from Plaintiff during the Relevant Period.

**ANSWER:**

David Montoya, CEO
Roadrunner Health Services, LLC
3841 Midway PL NE, Suite A
Albuquerque, New Mexico 87109
Office: 505-808-3754

Lisa Crane
Roadrunner Health Services, LLC
3841 Midway PL NE, Suite A
Albuquerque, New Mexico 87109
Office: 505-808-3754

Michaela Falis
Roadrunner Health Services, LLC
3841 Midway PL NE, Suite A
Albuquerque, New Mexico 87109
Office: 505-808-3754

**INTERROGATORY NO. 2:** State the factual basis for the dates on which Roadrunner contends Plaintiff received or requested a hernia belt during the Relevant Period.

**ANSWER:**

Objection. This interrogatory does not make sense in what it is asking.

**INTERROGATORY NO. 3:** Describe the action Roadrunner took in response to the February 24, 2024 hospital recommendation that Plaintiff obtain prompt surgical-clinic follow-up for his inguinal hernia.

**ANSWER:**

RHS providers followed-up with Plaintiff with inguinal hernia care.

**INTERROGATORY NO. 4:** Identify the Roadrunner provider responsible for reviewing outside-hospital discharge instructions received for Plaintiff during the Relevant Period.

**ANSWER:**

RHS providers reviewed the instructions and followed-up with Plaintiff with inguinal hernia care.

**INTERROGATORY NO. 5:** Describe Roadrunner's response to Plaintiff's reported hip, leg, or mobility complaints before his June 2024 hospitalization.

**ANSWER:**

RHS providers followed-up with Plaintiff with inguinal hernia care and provided appropriate care. The chief complaint was groin pain, RHS medical notes indicate that Plaintiff stated that groin pain had increased in the last few days after Plaintiff attempted to reduce the hernia himself, but was unsuccessful. Plaintiff's attempts at reducing the hernia contributed in causing the onset of sepsis. Hernia repair is an elective procedure that Plaintiff did not elect when he was not incarcerated and suffering from the hernia. Plaintiff was first arrested on June 12, 2020 and absconded until he was arrested on his second court warrant for failure to appear on February 21, 2024. At the time of his arrest Plaintiff already had a hernia for years, for which he had failed to have the elective surgery to treat the hernia. Plaintiff was sent to be evaluated at the High Plains Regional Medical Center to determine if he was fit for incarceration, and returned to the jail.

**INTERROGATORY NO. 6:** State whether Lisa Crane evaluated Plaintiff for complaints he believed were sciatica and, if so, state the assessment she communicated to him.

**ANSWER:**

RHS providers followed-up with Plaintiff with inguinal hernia care and provided appropriate care.

**INTERROGATORY NO. 7:** Describe Michaela Falis's involvement in Plaintiff's medical care during the Relevant Period.

**ANSWER:**

RHS providers followed-up with Plaintiff with inguinal hernia care and provided appropriate care.

**INTERROGATORY NO. 8:** State what information Roadrunner communicated to CCADC administration concerning the anticipated duration of Plaintiff's hospitalization following his June 23, 2024 surgery.

**ANSWER:**

RHS communicated the need for continuity of care.

**INTERROGATORY NO. 9:** Describe the physical-therapy care or written physical-therapy instructions Roadrunner provided after Plaintiff returned to CCADV following his June 2024 hospitalization.

**ANSWER:**

RHS personnel provided the appropriate continuity of care.

**INTERROGATORY NO. 10:** Identify the electronic systems and paper repositories in which Roadrunner maintained Plaintiff's medical requests, treatment records, medication-administration records, and communications with CCADC during the Relevant Period.

**ANSWER:**

CoreEMR System.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that Roadrunner provided contracted healthcare services to inmates at CCADC during February through June 2024.

**ADMIT ____X____**

**REQUEST FOR ADMISSION NO. 2:** Admit that Roadrunner personnel knew by February 24, 2024 that Plaintiff had been diagnosed with left inguinal hernia.

**ADMIT ____X____**

**REQUEST FOR ADMISSION NO. 3:** Admit that the February 24, 2024 hospital discharge instruction recommended prompt surgical-clinic follow-up for Plaintiff's hernia.

**DENY _____X_____** , the hernia repair is a selective surgical procedure.

**REQUEST FOR ADMISSION NO. 4:** Admit that Plaintiff did not attend the recommended surgical-clinic follow-up before his June 2024 hospitalization.

**DENY _____X_____** , follow-up was conducted by RHS provider.

**REQUEST FOR ADMISSION NO. 5:** Admit that Roadrunner personnel provided Plaintiff with a hernia belt during March 2024.

**ADMIT ____X____** , the hernia belt was part of the follow-up that was conducted by RHS provider.

**REQUEST FOR ADMISSION NO. 6:** Admit that Roadrunner personnel received complaints from Plaintiff concerning hip, leg or mobility symptoms before his June 2024 hospitalization.

**DENY _____X_____**

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was transported from CCADC to a hospital on June 22, 2024.

**ADMIT ____X____**

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff underwent surgery for septic arthritis of his left hip on June 23, 2024.

**DENY ______X_____** , the chief complaint was groin pain, RHS medical notes indicate that Plaintiff stated that groin pain had increased in the last few days after Plaintiff attempted to reduce the hernia himself, but was unsuccessful and caused the sepsis.

**REQUEST FOR ADMISSION NO. 9:** Admit that Roadrunner communicated information concerning Plaintiff's anticipated hospitalization to CCADC administration on or before June 26, 2024.

**DENY ______X_____**

**REQUEST FOR ADMISSION NO. 10:** Admit that Roadrunner provided healthcare services to Plaintiff at CCADC after he returned from the June 2024 hospitalization.

**ADMIT _____X_____**

DATED: September 17, 2026.

Respectfully submitted,

LAW OFFICE OF
AUGUSTINE M. RODRIGUEZ, L.LC.,

*/s/ Augustine M. Rodriguez*
AUGUSTINE M. RODRIGUEZ, ESQ.
P.O. Box 27178
Albuquerque, New Mexico 87125
Telephone: (505) 332-3173
Email: rodriguezlaw@yahoo.com

# EXHIBIT D

**September 22, 2026 email and quoted September 17 correspondence**

Text transcription from the preserved original .eml. Line wrapping, excess whitespace, and email quote-prefix marks are normalized for readability; message wording is retained. This is not a Gmail screenshot. The original .eml is preserved. The correspondence is offered to show receipt and conferral, not to prove the medical assertions in the messages.

Date: Tue, 22 Sep 2026 05:45:42 -0600

From: peter macias <petermacias66@gmail.com>

To: Augustine Rodriguez <rodriguezlaw@yahoo.com>

Subject: Re: Macias v. Curry County et al.; 25-cv-00166: Discovery Responses

Mr. Rodriguez:

I am following up on my September 17, 3:10 p.m. email concerning Roadrunner's interrogatory answers and admission responses.

I prefer to confer initially by email. Please address the missing interrogatory verification and the specific response deficiencies identified in that email, particularly Interrogatory 5 and Requests for Admission 3, 4, and 8. Please distinguish the care provided and surgical-clinic follow-up and hip-operation questions from Roadrunner's separate infection-causation contention.

Please identify any corrections Roadrunner will make, the remaining disagreements, and a proposed completion date. If a brief telephone conference would help, please propose a time on Tuesday, Wednesday, or Thursday for me to confirm; my overnight work schedule limits availability on other days.

Please respond by noon Mountain Time on September 24 with your position or a proposed conference time and date for a substantive response. If these issues cannot be resolved, please state whether Roadrunner opposes a motion seeking verified and complete interrogatory answers and appropriate relief concerning the admissions.

The production dispute is separately before the Court in Doc. 109. This request does not extend any court or motion-filing deadline or change either party's position on service.

Respectfully, Peter John Macias Plaintiff, Pro Se

On Thu, Sep 17, 2026 at 3:10 PM peter macias <petermacias66@gmail.com> wrote:

Mr. Rodriguez:

Following my acknowledgment earlier today, these are the specific concerns I identified in Roadrunner's September 17 responses. I am requesting clarification or supplementation so we can resolve or narrow the dispute.

For the interrogatories:

1.

*No. 1:* Please provide the requested job titles and clarify whether the provider list is complete. Roadrunner's chart also identifies care by Alyssa Ellison, Wakenda Jake, and Ritchi Garcia during the defined period. 2.

*No. 2:* Please identify the dates Roadrunner contends I requested or received a hernia belt and the factual basis for those dates. If wording is unclear, please identify the ambiguity and answer the reasonably understood portion. 3.

*No. 3:* Please describe what Roadrunner did concerning the February 24 surgical-clinic follow-up recommendation, distinguishing that recommendation from general jail-based hernia care. 4.

*No. 4:* Please identify the provider responsible for reviewing the outside-hospital instructions rather than referring generally to "RHS providers." 5.

*No. 5:* Please describe Roadrunner's response to the reported hip, leg, or mobility complaints. Roadrunner's Exhibit F contains my May 20 request triaged May 23; I acknowledge that document was produced. The County-produced May request also records these complaints. 6.

*No. 6:* Please state whether Ms. Crane evaluated the symptoms described in the question and, if so, what assessment she communicated. 7.

*No. 7:* Please describe Ms. Falis's involvement during the defined period, or state that she had none. 8.

*No. 8:* Please identify what information about anticipated hospitalization duration was communicated to facility administration, or state that no duration-related information was communicated. 9.

*No. 9:* Please describe any physical therapy or written physical-therapy instructions supplied after my return from hospitalization, or state that none was supplied. Please identify any scope objection concerning the question's express post-return language. 10.

*No. 10:* Please clarify whether CoreEMR is the complete list of responsive electronic systems and paper repositories, including communications records.

Please also supply the interrogatory verification requested in my earlier email, or identify where it appears.

For the requests for admission:

-

*Nos. 3 and 4:* Please address the clinic-follow-up recommendation and attendance separately from whether surgery was elective or an RHS provider supplied other care. The February 24 ED provider note describes clinic review that week. Please clarify any distinction Roadrunner draws between that note and a separate discharge instruction. -

*No. 6:* Please review the May 20 request triaged May 23 and the County-produced May request concerning hip, leg, and mobility complaints, and advise whether Roadrunner maintains its denial. -

*No. 8:* Please address the operation, date, site, and diagnosis separately from Roadrunner's causation contention, considering its June 23 and June 24 chart entries concerning left-hip surgery.

I am not requesting sworn admission responses or asking Roadrunner to concede medical causation.

The previously identified Doc. 94 production issues remain separate. Please identify any supplemental production or corrected production responses that resolve those concerns, and state Roadrunner's position on the previously circulated motions, recognizing that the interrogatory/admission motion will be revised to account for the September 17 responses.

Please respond promptly and propose a time for a brief substantive telephone conference. If Roadrunner will supplement, please identify the responses it will correct and propose a definite completion date. If it disagrees, please identify the disputed issues.

This request does not agree to a changed service date or extend any court or motion-filing deadline.

Respectfully, Peter John Macias Plaintiff, Pro Se

On Thu, Sep 17, 2026 at 2:12 PM peter macias <petermacias66@gmail.com> wrote:

Mr. Rodriguez:

I acknowledge receipt of your September 17 email and seven-page attachment containing interrogatory answers and responses to requests for admission.

For accuracy, these requests were originally transmitted on August 5, 2026, and reattached to my September 10 email. That email expressly preserved the parties' positions concerning the original response deadlines. Please explain any contention that September 10 was the initial effective service date.

I did not locate a signed verification under oath for the interrogatory answers. Please provide it or identify where it appears.

I am reviewing the substantive responses and will identify the specific remaining concerns. I did not locate supplemental responses or document production addressing the deficiencies previously identified concerning Doc. 94. Please clarify whether you contend today's attachment resolves any of those production issues.

Please also state Roadrunner’s position on the previously emailed proposed motions, recognizing that I will revise the interrogatory/admission motion to account for today’s responses.

Respectfully, Peter John Macias Plaintiff, Pro Se

On Thu, Sep 17, 2026 at 11:59 AM Augustine Rodriguez < rodriguezlaw@yahoo.com> wrote:

Mr. Macias,

Please find attached the answers to the Interrogatories and Requests for Admissions that were served on September 10, 2026. Thank you.

Augustine M. Rodriguez, Esq. P.O. Box 27178 Albuquerque, NM 87125 (505) 332-3173

5931 Jefferson St., NE <https://www.google.com/maps/search/5931+Jefferson+St.,+NE+Albuquerque,+NM+87109?entry=gmail&source=g> Albuquerque, NM 87109 <https://www.google.com/maps/search/5931+Jefferson+St.,+NE+Albuquerque,+NM+87109?entry=gmail&source=g>

rodriguezlaw@yahoo.com www.lawofficeofaugustinerodriguez.com

CONFIDENTIALITY NOTICE:

This E-Mail and any files accompanying its transmission is intended only for the recipient to whom it is addressed. This transmission may contain information that is legally privileged, confidential attorney client communication, or both. If you have received this E-Mail in error, please immediately notify the Sender by E-Mail or telephone to arrange for return of the E-Mail and attachments to us. You are hereby notified that you must delete from your system the original E-Mail. You are further notified that any disclosure, copying, forwarding, or other distribution of this E-Mail, including its attachments, or the taking of any action in reliance upon the information contained in this E-Mail or attachments, is strictly prohibited.

If any of the information you receive in the E-Mail or its attachments appears corrupt or missing, please contact the Sender immediately.

# EXHIBIT E

**October 7, 2026 sent follow-up email**

Excerpt transcribed from the downloaded original .eml. The newly sent message is reproduced in full; the quoted older correspondence is omitted. Line wrapping is normalized. The original is preserved. This email is offered to show the further conferral effort.

Date: Wed, 07 Oct 2026 16:12:38 -0600

From: peter macias <petermacias66@gmail.com>

To: Augustine Rodriguez <rodriguezlaw@yahoo.com>

Subject: Re: Macias v. Curry County et al.; 25-cv-00166: Discovery Responses

Mr. Rodriguez:

I am following up on my September 17 and September 22 emails. I have not received the requested interrogatory verification or corrected answers.

Please let me know today whether Roadrunner will provide the verification and correct the specific deficiencies identified in those emails. My proposed motion will address complete interrogatory answers and the sufficiency of responses to Admissions 3, 4, and 8.

I calculate tomorrow, October 8, as my deadline to file that motion. Unless the issues are resolved or an applicable extension is agreed upon, I intend to file by that deadline. Please state whether Roadrunner opposes the requested relief. I remain available to arrange a brief call today.

This email does not extend any deadline. The production-enforcement issues in Doc. 109 remain separate.

Thank you, Peter John Macias

# EXHIBIT F

## October 9, 2026 - Extension and Discovery Concurrence Email

Readable reproduction from the preserved original .eml message. Selected headers and the complete plain-text body follow; layout and line wrapping only are reformatted.

Date: Fri, 09 Oct 2026 11:14:58 -0500

From: peter macias <petermacias66@gmail.com>

To: rodriguezlaw@yahoo.com

Cc: jonlyn@jmartinezlaw.net

Subject: Re: Macias v. Curry County et al.; 25-cv-00166: Discovery Responses

Time clarification: the original Date header is 11:14:58 a.m. at UTC-05:00, equivalent to 10:14:58 a.m. Mountain Daylight Time (UTC-06:00).

Mr. Rodriguez and Ms. Martinez,

I intend to file today my motion addressing Roadrunner's September 17 interrogatory answers and responses to Requests for Admission 3, 4, and 8. I will also ask the Court for a one-day extension of my motion-filing deadline, from October 8 through October 9. I am not claiming that an extension was already agreed to.

Please let me know by noon Mountain Time today, October 9, whether you concur in the one-day extension. Mr. Rodriguez, please also confirm Roadrunner's position on providing the requested interrogatory verification and correcting the identified responses. I remain available for a brief telephone conference before then.

I plan to file today after that time and will accurately report your response or nonresponse. This requested reply time is not a court deadline, and I will not treat silence as agreement.

Thank you,<br>
Peter John Macias

**EXHIBIT G**

**October 9, 2026 - Martinez Reply (Excerpt)**

Selected headers and reply text from the preserved original email. The quoted earlier message (Exhibit F) and proposed-status-report attachment are omitted. Wording is unchanged; line wrapping is reformatted.

Date: Fri, 09 Oct 2026 20:04:10 +0000

From: Jonlyn Martinez <jonlyn@jmartinezlaw.net>

To: peter macias <petermacias66@gmail.com>, "rodriguezlaw@yahoo.com" <rodriguezlaw@yahoo.com>

Subject: Re: Macias v. Curry County et al.; 25-cv-00166: Discovery Responses

The message was received at 2:04 p.m. Mountain Daylight Time on October 9, 2026.

Dear Mr. Macias and Mr. Rodriguez,

Attached please find a proposed JSR. Mr. Macias, I copied inserts you provided in a previously filed version. Please feel free to modify the Plaintiff's sections.

Mr. Rodriguez, can you please insert your client's portions?

I will submit the attached today.

Thank you

Jonlyn M. Martinez

Law Office of Jonlyn M. Martinez, LLC

P.O. Box 7265

Albuquerque, NM 87194-7265

(505) 247-9488

(505) 247-9566 (fax)

This document and any documents attached hereto may contain privileged information. If you have received this transmission in error, please call the telephone number above and either destroy these documents or return them by U.S. mail to the mailing address above.