**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**PETER JOHN MACIAS,**

**Plaintiffs**

**v.** **1:25-cv-00166-MIS-SCY**

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF CURRY, d/b/a**
**CURRY COUNTY DETENTION CENTER**
**&**
**CURRY COUNTY**
**&**
**WARDEN MARK GALLEGOS,**
**&**
**LIEUTENANT CORDOVA,**
**&**
**CAPTAIN CHRISTOPHER MORENO,**
**&**
**LIEUTENANT TABER STANFIELD,**
**&**
**ROADRUNNER HEALTH SERVICES, LLC**
**& DOES 1-50,**

**Defendants.**

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held electronically between the parties and was attended by:

Plaintiff, *pro se*

Jonlyn M. Martinez for County Defendant(s) Board of County Commissioners of the County of Curry, Gallegos, Moreno, and Stanfield.[1]

Augustine Rodriguez for Defendant Roadrunner Health Services, LLC

[1] Lieutenant Cordova has not been served with the Plaintiff's Complaint.

## NATURE OF THE CASE

The Plaintiff brings this Complaint for the alleged violation of his rights under 42 U.S.C. § 1983.

The County Defendants deny the Plaintiff's allegations, deny any constitutional or statutory violations of Plaintiff's rights and deny that Defendants caused any injury or damages to the Plaintiff.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until November 2, 2026 to move to amend the pleadings and until November 2, 2026 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: None at this time.

Defendants(s) should be allowed until December 2, 2026 to move to amend the pleadings and until December 2, 2026 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: None at this time.

The parties further stipulate and agree that the law governing this case is: federal and New Mexico case law and statutes.

## PLAINTIFF'S CONTENTIONS:

On or about February 20th, 2024, I was booked into the Curry County Detention Center. Upon arrival when they scanned me through the. Contraband X-ray machine. There was 2 white bulges

in the left side of my hip area groin area. I had pain and upon talking to the nurse and told her about my hernia, they sent me to the hospital within a couple of days. Where The doctor gave me fentanyl and pushed the hernia back in. He then made a follow up appointment for the following week with a surgeon, which the Curry County Detention Center never took me back. For that appointment, Which is the beginning of my civil rights violation of due process for refusing to take me back to my appointment, which had grave consequences later in this report.. 2. On April 25th, there was soap inside of the food trees. And I refused to eat the tray OK. Along with others in the pod. At approximately between 4:30 and 8:00 PM, the correctional officers attacked the pod. Using. Pepper ball guns, stun grenades and rubber ball grenades. That attack made me cough violently. For a few days, but right after the attack, they took us to the recreation room. I was confused as to why they did that. So when we complained about the attack, Lieutenant Seinfeld said, And I quote," you should have ate the trays". I feel that's cruel and unusual punishment to get attacked for not eating the trays. It caused great pain to my groin area. They then took us back to the pod and we were locked down for a few days. The next day, even the commissary person came and the guard, they stated coughing
from the pepper powder that was left in my cell. After that I did a request for a tort claim and also request to go to the hospital because of the pain I was having as my hernia popped back out. They responded to the tort claim with their risk management tort claim form and also refused to take me to the hospital. Instead they took me to the nurses station and popped their hernia back in. I was taking Tylenol and ibuprofen at that time. I still have pain afterwards and requested more times to go to the hospital, which I was refused. After that I filled out the tort claim and sent it in the mail by legal mail in about two months later I got response saying that risk management don't ensure Curry County I didn't did more requests. The proper paperwork for tort claim before the 90 days was up and was told they will look into it and they said they didn't know what I was talking about. The 90 days expired in order for me to do a tort claim, which is another violation of due process. During that time. I then requested a 1983 Section 42 legal package, which I was given one. After about a week I filled that out and Lieutenant Cordova. The one that ordered the attack sent off in it and supposedly sent it out. But when I got out of the county and went to the courthouse here in Albuquerque, they said they never got it.. between April 25th. In June 22nd these requests were done and yet the tablet got blocked because they said I was doing too many requests and grievances.. 3. I knew something was wrong with me between April 25th and June 22nd and on June 22nd. I popped up screaming in pain with the worst pain I've ever felt in my life in my left groin area. The inmates went and banged on the window and told the guards I needed medical attention and the guards came in and seen that I was suffering and pain. They then got a wheelchair and took me to the hospital at the Plains Regional Medical Center. There I got examined and was told I had severe septis arthritis on my left hip and I needed emergency surgery. I consented. And they did the surgery on June the 23rd. All the time I was there, there was a guard with 24 hours and I was shackled to the bed. The surgery brought immediate relief for the severe pain, but I was still in pain due to the surgery and could not move. During the first few days, I was getting several shots in my stomach for blood clots. They were checking my blood. I was hooked up to the machine, they were giving me oxygen and within that first few days,A physical therapist came to try to help me on mild physical therapy" just to get off the bed, I didn't poop for four days. During that time.. told me that the water was trying real hard to get me back to the county. Then my public defender tried to get me a furlough to get treated at a proper facility for rehab and recovery, since i was needing from 4 to 6 weeks in the hospital to recover. Warden Gallegos pushed very hard and had the hospital believed that they're set up to treat me at the Curry County Detention Center Medical

Unit. On June 28th they were trying to force me to leave. I did not want to leave because I was scared for my life. The guards and the hospital guard said that I would be charged with trespassing if I don't cooperate. I still said I was scared for my life so they forced me to go back to the county where they put me in a medical unit. Upon arrival, the medical unit was empty. The shower was broke. They led me down, The first two days I was there, they gave me painful shots in the butt cheeks. With antibiotic for the septis. Then they finally got the proper IV antibiotic. The nurses then administered IV to give me the intravenous antibiotic. The only time I ever seen them was about 5 minutes a day to change the IV in which it infiltrated a couple of times causing more pain. I was in fear of my life, in great mental anguish during that time as( i went from a hospital getting tested, and on the vital machines, getting morphine and percocet for my pain, and necesary medications, and blootclots shots in my stomach, and leg compressions.) The phone did not work at the medical cell i was in, so they had to take me up front to the phone. I was on a Walker. During the six weeks I was in the medical unit, I got 2 phone calls and two showers. Also, I wore the same gown and paper underwear from the hospital for about at least a week. Before they brought me a clean change of clothes. I requested a razor since I look like Grizzly Adams and they didn't respond to the request. I did not have a tablet to do request or grievance, . . I got no physical therapy and when I seen the nurse to request physical therapy, they said they would just print out some papers for me, which they never did. They told me just to" walk around with my Walker "in that cell. I was locked down 24 hours a day in that isolated cell. It was like being tortured. Because of fear in my life every day since they did not check my blood to see if the infection was going down and I had no pain meds(except Tylenol and ibuprophen . When I was in the hospital I was on morphine and Percocet
every four hours and the county they only gave me Tylenol and ibuprofen. After about a week of me being in a medical unit, they did take me back to the hospital to get the stitches taken out. I believe that my medical treatment was cut short just to save the county money from the warden, And I also believe that due to no physical therapy after that major surgery in which they cut me open and they dislocated my hip, pulled the bone. And they cut out the infection and drained it.It messed up my leg in that area, where now every step i take in painfull. This caused great emotional anguish,mental stress,that i still deal with. Please inspect the medical records to see that everything I am saying is true and correct. 4. As discovery goes along, I know we will have to amend the complaint. Independence will be added to the case, especially the one responsible for blocking my lawsuit by giving me false paperwork and running out of due process time and also being blocked on the tablet. And lack of medical care and attacking for not eating the food. 2nd point: The guards involved the the attack did not act in good faith nor was justified, in that i did nothing wrong, and was laying down when attacked, I never caused any trouble, and was always respectfull with the officers, so when asked why the heck they did that to me, Lt Seindfied said and i quote " you should of ate the tray" (food), as will be proven by all the witnesses on my witness list. That violated my constitutional right to be free from cruel and unusual punishment. As it seems absurd to be attacked and punished for not eating contaminated food. The attack caused injury not only mentally and emotionally, but it made my hurnia pop out, causeing pain, and every violent cough was painfull. The plaintiff reserves the right to rely on other complaints, to ammend everything by my counsel as needed, as im pro-se, and he will be more qualified to understand what needs to be done in light of any of my mistakes, or lack of knowledge of law.

## DEFENDANT'S CONTENTIONS

Plaintiff's Complaint fails, in whole or in part, to states a claim upon which relief can be granted. Plaintiff's Complaint is barred in whole, or in part, by the Plaintiff's failure to exhaust his administrative remedies. All actions of the County Defendants were done in good faith and without malice, were justified, were objectively reasonable, lawful, and necessary under the circumstances, and were not taken with any deliberate indifference to Plaintiff's rights. The acts or omissions of persons other than the County Defendants constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff. The County Defendants' purported actions and alleged omissions do not rise to the level of any deprivation of Plaintiff's rights. The County Defendants are entitled to qualified immunity. The County Defendants reserve the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserve the right to amend their answer to include such defenses.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

Plaintiff's Witnesses

Witnesses on attack , and also will verify " you should of ate the trays" that came out of Lt. Steinfields mouth. Joey Lopez ( who also had a hurnia and was givin "risk management" tort that was denied.) Shawn Lopez Richard Reese (my cellmate)will also testify to when i woke up in extreme pain and was one of the ones to notify guards of my medical emergency Charles Jordan(my cellmate) will also testify to my medical emergency. Courdney Cooper All located at CCADC 801 mitchell, Clovis NM, 88101 ( accept Richard Reese and Charles Jordan) Charles Jordan is located on 1135 Circle dr. Clovis NM 87124 Richard Reese is located in clovis nm, and address will be provided as i get it) ALL ABOVE WILL TESTIFY ON THE ATTACK CO

Kirven-will give testimony on the hospital visit while with me there when my rights were being violated, when warden gonzales removed me from proper medical care at Plains regional medical center. 801 mitchell , clovis NM (CCADC)

CO Colorado-will testify on my screaming pain i was in while being transported to the Hospital, and my screams pre operation.

Dr. Horim Choi,MD-His notes on page 5 should be suffecient, however if needed to be subpoenad he will testify that CCADC did not bring me back for surgical assesment. Plains regional medical center 2421 W 21st st, Clovis NM 88101 575-769-7577.

County Defendants' Witnesses

1. Plaintiff Macias, *pro se*

2. Defendants Gallegos, Steinfield and Moreno
   c/o Law Office of Jonlyn M. Martinez, LLC

3. Other witnesses identified by the parties.

4. The Defendants reserve the right to supplement this list.

Defendant Roadrunner's Witnesses

Plaintiff's Exhibits

All grievances and requests from CCADC, including those destroyed or tampered with.
All communications from Warden Gonzales to an from Plains regional medical center,
All medical records from CCADC, and Plains regional medical center.
All recorded phone records as requested.
The risk management tort claim form and response from them
Any and all electronic videos that has anything to do with this case, including deleted or tampered with ( i will request a computer forensic analysis of CCADC sytems to find any lost footage or documents that were tampered with )

County Defendants' Exhibits

1. All records concerning the placement of cattleguards
2. All documents previously obtained from Plaintiffs
3. Incident Reports concerning Plaintiffs
4. Statements made by Plaintiffs
5. Lawsuits concerning the parties.
6. Records Identified by any other party
7. The Defendants reserve the right to supplement their exhibits.

Defendant Roadrunner's Witnesses

Plaintiff's Experts

County Defendant's Experts
The Defendant has yet to identify any experts it will call to testify at the trial of this matter and reserves the right to identify an expert in accordance with this Court's orders and the Rules of Civil Procedure.

Defendant Roadrunner's Experts

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

Maximum of 25 interrogatories and requests for production by each party to any other party. (Responses due 30 days after service).

Maximum of 10 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of parties and experts) limited to maximum of 4 hours unless extended by agreement of parties. Parties and expert depositions limited to 7 hours.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by January 25, 2027

from Defendant(s) by February 24, 2026

Supplementation under Rule 26(e) due within 30 days of receipt of information or materials *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by March 31, 2026. Discovery on *(issue for early discovery)* to be completed by N/A.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file:

Defendant intends to file: Motions to dismiss, motions to compel, and motions for summary judgment as necessary and appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require ________________________ days/weeks.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in _______________________.

## SETTLEMENT

The possibility of settlement in this case is considered cannot be evaluated prior to obtaining the Plaintiff's medical records.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

_________________________________________
For Plaintiff

*/s/ Jonlyn M. Martinez*
For County Defendants

___________________________
For Defendant Roadrunner