**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PETER JOHN MACIAS,

Plaintiff,

vs. Case No.: 25cv166 MIS/SCY

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CURRY, d/b/a CURRY
COUNTY DETENTION CENTER, et al.,

Defendants.

**SECOND AMENDED ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS**[1]

**THIS MATTER** came before the Court on a status conference held on October 22, 2026. The Court reviewed the attorneys' Joint Status Report and Provisional Discovery Plans (Docs. 116, 118), and after conferring with counsel, adopts the parameters and deadlines as modified in Doc. 118. The Court will permit the following discovery:[2]

---

[1] Plaintiff filed a Motion to Correct Clerical Error in Document 121 on November 16, 2026, explaining that the deadline for Plaintiff's Rule 26(a)(2) expert disclosure was incorrectly listed as January 25, 2026. Doc. 125. As Plaintiff points out, that date is incorrect because it precedes the order. The correct deadline is January 25, 2027. Accordingly, the Court grants Plaintiff's motion and corrects the deadline to January 25, 2027.

[2] Service of interrogatories, requests for production, or requests for admission shall be considered timely only if the responses are due prior to the deadline. A notice to take a deposition shall be considered timely only if the deposition takes place prior to the discovery deadline.

*All* opposed discovery-related motions—including those not covered by D.N.M.LR-Civ. 26.6, such as motions to compel related to depositions or motions for a protective order under Fed. R. Civ. P. 26(c)—must be filed within 21 days of the disclosure, response, answer, or objection that is the subject of the motion, unless the parties agree to extend this deadline or the Court extends the deadline. The Court expects the parties to liberally agree to extend this deadline when the parties are actively engaged in communication to resolve the dispute.

a) An additional maximum of 25 Interrogatories by each party to any other party (does not include the 10 Interrogatories authorized in Doc. 68[3]);

b) An additional maximum of 25 Requests for Admission by each party to any other party (does not include the 10 Requests for Admission authorized in Doc. 68[2]);

c) An additional maximum of 25 Requests for Production by each party to any other party (does not include the 10 Requests for Production authorized in Doc. 68[2]);

d) Maximum of 10 Depositions per side; and

e) Depositions, other than parties and experts, are limited to 4 hours each unless extended by agreement of the parties.

The Court has set the following case management deadlines:

| | |
|---|---|
| a) Deadline for Plaintiff to move to add additional parties and to amend pleadings[4]: | November 2, 2026 |
| b) Deadline for Defendant to move to add additional parties and to amend pleadings[3]: | December 2, 2026 |
| c) Plaintiff's Rule 26(a)(2) expert disclosure[5]: | January 25, 2027 |

[3] On April 22, 2026, the Court issued an order permitting limited discovery. Doc. 68. The Court authorized a maximum of 10 Interrogatories, 10 Requests for Admission, and 10 Requests for Production by each party to any other party. Therefore, the maximum written discovery requests by each party to any other party is a total of 35 Interrogatories, 35 Requests for Admission, and 35 Requests for Production.

[4] Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[5] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at

d) Defendant's Rule 26(a)(2) expert disclosure[4]: February 24, 2027

e) Termination date for discovery: March 31, 2027

f) Motions relating to discovery to be filed by: April 22, 2027

g) Pretrial motions other than discovery motions[6] filed by: May 3, 2027

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[6] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a motions in limine deadline in a separate order, as well as the pretrial order deadlines.